UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

**ROSIE MAGWOOD, on behalf of herself and others similarly situated,**

      **Plaintiff,**

vs.

**FAMILY DOLLAR STORES, INC.,**

      **Defendant.**

No. 1:08-cv-76-WHA

Judge W. Harold Albritton, III

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COLLECTIVE ACTION COMPLAINT

Defendant Family Dollar Stores, Inc., by and through the undersigned counsel, answer the Complaint of Plaintiff Rosie Magwood, on behalf of herself and others similarly situated ("Plaintiff"), and state as follows:

1. Defendant admits the allegation contained in paragraph 1 of Plaintiff's Complaint.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint, and therefore denies the same.

3. Defendant admits Plaintiff Magwood was employed by Family Dollar as a Store Manager from September 1999 to March 2007 in its Dothan, Alabama store. Defendant denies the remaining allegations contained in Paragraph 3.

4. Defendant admits that Plaintiff purports to bring this action pursuant to the collective action provision of 29 U.S.C. § 201 et seq., specifically 216(b), on behalf of herself

and others similarly situated. Defendant denies that this action is appropriately maintained as a collective action, and further denies all remaining allegations of paragraph 4.

5. Defendant admits that depending upon the week and other factors in their respective stores, certain Store Managers work over 40 hours per week, and as exempt employees, Store Managers are not paid overtime compensation. Defendant is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 5, and therefore denies the same.

6. Defendant admits that Plaintiff was employed by the Defendant as a Store Manager. Defendant denies the remaining allegations in Paragraph 6.

7. Defendant denies the allegations contained in Paragraph 7 of the Plaintiff's Complaint.

8. Defendant denies the allegations contained in Paragraph 8 of the Plaintiff's Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of the Plaintiff's Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendant admits that Plaintiff and other Store Managers were paid their respective weekly salaries. Defendant further admits that as exempt employees, Plaintiff and other Store Managers did not receive overtime compensation. Defendant denies the remaining allegations in paragraph 11 of Plaintiff's Complaint.

12. Defendant admits this Court has jurisdiction pursuant to 28 U.S.C. § 1331. Defendant admits that venue is appropriate in this District but further states that this case should

be transferred to the Western District of North Carolina pursuant to 28 U.S.C. § 1404(a) because it is the most convenient venue for this collective action. Additionally, the first-to-file rule compels that this action be transferred to the Western District of North Carolina to prevent duplication of effort and incompatible rulings.

13. The allegation contained in Paragraph 13 of Plaintiff's Complaint calls for a legal conclusion, and therefore no response is required. To the extent Paragraph 13 contains factual averments, Defendant denies those allegations.

14. The allegation contained in Paragraph 14 of Plaintiff's Complaint calls for a legal conclusion, and therefore no response is required. To the extent Paragraph 14 contains factual averments, Defendant denies those allegations.

15. The allegation contained in Paragraph 15 of Plaintiff's Complaint calls for a legal conclusion, and therefore no response is required. To the extent Paragraph 15 contains factual averments, Defendant denies those allegations.

16. Defendant admits that Plaintiff worked for Defendant within the United States within three years preceding the filing of this lawsuit. The remaining allegations contained in Paragraph 16 of Plaintiff's Complaint calls for a legal conclusion, and therefore no response is required.

17. The allegations contained in Paragraph 17 of Plaintiff's Complaint call for a legal conclusion, and therefore no response is required. To the extent Paragraph 17 contains factual averments, Defendant denies those allegations.

18. Defendant admits Plaintiff Magwood was employed by Defendant from September 1999 to March 2007.

19. Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendant admits that Store Managers are exempt employees not entitled to overtime compensation. Defendant denies that it violated the FLSA, and further denies any remaining allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendant admits that it is aware of, and complies with, the requirements of the FLSA. Defendant denies the remaining allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendant denies having engaged or engaging in fraudulent conduct. Defendant further denies that it is estopped from raising a statute of limitations defense as a bar to any claim. The remaining allegations contained in Paragraph 22 of Plaintiff's Complaint call for a legal conclusion, and therefore no response is required.

23. Defendant admits that it endeavors to maintain records of names and addresses of its current employees and names and last known addresses of its former employees. Defendant denies that this action is appropriately maintained as a collective action and further denies the remaining allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendant denies violating § 207 or any other provisions of the FLSA. Defendant denies the remaining allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Plaintiff's Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendant admits that it is in compliance with the FLSA. Defendant therefore denies the remaining allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Defendant denies that this action is appropriately maintained as a collective action, and further denies the remaining allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. The allegation contained in Paragraph 30 of Plaintiff's Complaint calls for a legal conclusion, and therefore no response is required. To the extent Paragraph 30 contains factual averments, Defendant denies those allegations.

31. Defendant denies that it committed any unlawful conduct and further denies the remaining allegations contained in Paragraph 31.

32. Defendant denies that Plaintiff is entitled to the relief requested in the WHEREFORE clause of Plaintiff's Complaint, including subparts (1) through (6).

Defendant denies each and every allegation set forth in Plaintiff's Complaint that has not been expressly admitted as true.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that they have failed to comply with the applicable statute of limitations period.

## THIRD AFFIRMATIVE DEFENSE

The effective date of the Complaint for Plaintiff, for purposes of determining the relevant time period of this action, is the date Notices of Consent were filed with the Court.

## FOURTH AFFIRMATIVE DEFENSE

At all material times, Defendant acted in a good faith belief it was in compliance with all applicable statutes, laws, and regulations concerning payment of wages and any other compensation owed to Plaintiff. Defendant did not willfully violate the FLSA or any other law. Plaintiff, therefore, is not entitled to liquidated damages.

## FIFTH AFFIRMATIVE DEFENSE

At all material times, Defendant acted in a good faith belief it was in compliance with all applicable statutes, laws, and regulations concerning payment of wages and any other compensation owed to Plaintiff. Defendant did not willfully violate the FLSA or any other law. Plaintiff, therefore, is limited to a two year statute of limitations at most.

## SIXTH AFFIRMATIVE DEFENSE

At no time did Defendant pay Plaintiff in a manner known or believed to violate any applicable statutory requirement, nor did Defendant compensate Plaintiff in willful disregard of any applicable statutory requirements. Defendant's actions were in good faith and made in conformity with, and reliance upon, the Administrator of the Wage and Hour Division of the Department of Labor's administrative regulations, orders, rulings or interpretations, or judicial interpretations of the law.

## SEVENTH AFFIRMATIVE DEFENSE

The doctrine of after-acquired evidence, and in particular Plaintiff's own improper conduct, bars or reduces Plaintiff's claims for relief.

## EIGHTH AFFIRMATIVE DEFENSE

At all material times, Defendant paid Plaintiff all sums of money to which Plaintiff was entitled as an employee. Plaintiff's claim fails because Family Dollar has paid Plaintiff all amounts allegedly due and owing.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff and the class she purports to represent are exempt from the minimum wage and overtime pay provisions of the FLSA.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff has not and cannot satisfy the requirements for proceeding in a collective action under the applicable law.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail to the extent they are barred by the doctrines of estoppel and waiver.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's allegations that the complaint is appropriate for certification as a collective action pursuant to 29 U.S.C. § 216(b) are without basis and should be stricken because: 1) there are no "similarly situated individuals"; and 2) consideration of the exempt status of Plaintiff and other Store Managers requires an individual fact-specific inquiry into the day to day duties of each Store Manager, making such certification inappropriate.

## THIRTEENTH AFFIRMATIVE DEFENSE

Venue in this forum is not the most convenient forum and this Court should transfer this action to the United States District Court for the Western District of North Carolina.

Defendant reserves the right to assert additional affirmative defenses in the event

additional persons become Plaintiffs in this lawsuit, and/or as may be appropriate in connection with facts obtained through discovery.

**WHEREFORE,** having fully answered Plaintiff's Complaint, Defendant requests that same be dismissed with prejudice; that Plaintiff takes nothing by way of this suit; that Defendant be awarded court costs and reasonable attorney's fees in connection with defending this action; and that Defendant be awarded such other and further relief to which it justly entitled.

Respectfully submitted,

/s/ Terry Price
Terry Price
Alabama Bar No. ASB-4658-E58T
Email: tprice@fordharrison.com
Ford & Harrison LLP
2100 Third Avenue North, Suite 400
Birmingham, AL 35203
Telephone: (205) 244-5900
Facsimile: (205) 244-5901

John A. Ybarra (*pro hac vice* application pending)
LITTLER MENDELSON, P.C.
200 N. LaSalle Street, Suite 2900
Chicago, IL 60601
Telephone: (312) 372-5520
Facsimile: (312) 372-7880
E-mail: jybarra@littler.com
Bar No.: IL Bar No. 06196983

Jeremy W. Stewart (*pro hac vice* application pending)
LITTLER MENDELSON, P.C.
200 N. LaSalle Street, Suite 2900
Chicago, IL 60601
Telephone: (312) 372-5520
Facsimile: (312) 372-7880
E-mail: jwstewart@littler.com
Bar No.: IL Bar No. 6293884

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing on the 21st day of February, 2008 with the Clerk of the Court by using the CM/ECF system, which will send electronic copies to: Bobbie S. Crook, 367 S. St. Andrews Street, Dothan, AL 36301, BCrook100@aol.com.

/s/ Terry Price
Terry Price