IN THE UNITED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ROSIE MAGWOOD, on behalf of herself and others similarly situated, | * * * * | |
| Plaintiff, | * * | |
| vs. | * * * | CIVIL ACTION NUMBER: 1:08-cv-076-WHA JURY DEMAND |
| FAMILY DOLLAR STORES, INC., | * * * | |
| Defendant. | * | |

**MOTION FOR STAY PENDING
DECISION ON TRANSFER**

COMES NOW the Plaintiff and, in support of the above-styled motion, states the following:

1. Plaintiff's complaint was filed on February 4, 2008. On February 20, 2008, the Defendant filed a motion with this Court seeking to transfer the case to the Western District Of North Carolina. On February 20, 2008, the Court entered an Order directing the Plaintiff to file her response to the Defendant's motion to transfer on or before March 19, 2008.

2. Plaintiff's complaint is subject to a pending §1407 Motion to Transfer now pending before the Judicial Panel on Multidistrict Litigation. (MDL Doc. #1932) The Panel has set the §1407 Motion for oral argument on March 27, 2008, in Austin, Texas. It should be noted that the *Defendant agrees that all nine cases should be transferred* to one district court. However, the Defendant disagrees with Plaintiffs as to where the cases should be transferred.

1

3. The §1407 motion is seeking to have the Panel transfer nine (9) cases which are currently pending in North Carolina, Alabama, Tennessee, Texas and Florida and two other tag-along cases, including the above-styled case, which are pending in Colorado and Alabama to one district court for consolidated pretrial proceedings.

4. Plaintiff understands that a pending §1407 Motion does not automatically stay proceedings in a district court nor does it limit a district court from acting on matters that are properly before it. However, district courts have the discretion to grant a motion to stay should it deem appropriate.

5. Two other district courts who had similar cases pending before it which were also subject to the pending §1407 motion have previously granted similar motions to stay. {*See* attached Orders entered in *Toms v. Family Dollar* (Exhibit A) and *Moody v. Family Dollar* (Exhibit B)}. Plaintiff believes that the ruling by these two district courts, while not controlling on this Court, is the proper course of action.

6. Currently, this Court has set a briefing schedule which requires the Plaintiff to submit her response to Defendant's Motion to Transfer on or before March 19, 2008, and for the Defendant to submit its reply on or before March 26, 2008.

7. As previously stated, the Panel has set the §1407 motion for hearing on March 27, 2008. Considering this fact, it makes little sense to require the parties *and this Court* to spend the time, energy and money that will be required by both Parties in responding to the Defendant's motion and the Court studying and ruling on the motion. In addition, based upon the fact that both Parties agree that transfer is warranted, there is a strong possibility that the Panel will transfer all of the cases, including this one, to one district court. This additional factor weighs in favor of granting

plaintiffs motion to stay.[1]

8.   Judicial economy and efficiency will be served, duplicative discovery will be avoided and the risk of inconsistent orders or rulings can be avoided if this case is stayed for a short time pending a decision on the §1407 motion.

WHEREFORE, the Plaintiff respectfully requests entry of an Order staying further proceedings in this case until after the Panel rules on Plaintiffs' pending §1407 motion.

Respectfully submitted on this the   21st   day of February, 2008.

   /s/Bobbie S. Crook
**BOBBIE S. CROOK (CRO-040)**
**Attorney for Plaintiff**
367 South Saint Andrews Street
Dothan, AL 36301
334-671-8062 - telephone
334-677-2872 - facsimile
bcrook100@aol.com

### CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Motion for Stay on the 21st day of February 2008, with the Clerk of the Court by using the CM/ECF system which will send electronic copies to: Terry Price, Ford & Harrison, 2100 Third Avenue North, Suite 400, Birmingham, AL 35203, tprice@fordharrison.com and upon Jeremy W. Stewart and John Ybarra, at Littler Mendlelson, 200 North LaSalle Street, Suite 2900, Chicago, IL 60601 via U.S. Mail, first class, postage prepaid on this the  21st  day of February, 2008.

**Of Counsel**

---

[1] Based upon conversations with other attorney's who have handled numerous cases before the Judicial Panel, the Panel normally rules in a rather quick manner.



Case 1:08-cv-00076-WHA-CSC   Document 11-2   Filed 02/21/2008   Page 1 of 2

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHERI TOMS, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FAMILY DOLLAR STORES, INC., FAMILY DOLLAR, INC., and FAMILY DOLLAR STORES OF TENNESSEE, INC.,<br><br>Defendants. | Civil No. 3:07-1277<br>Judge Trauger |

## ORDER

Both parties have now requested a stay of the proceedings in this case. (Docket Nos. 11, 20) A Motion to Transfer is currently pending before the Judicial Panel on Multidistrict Litigation, requesting a consolidation of this case with other similar cases pending in the Northern District of Alabama. In the interest of judicial economy, it is therefore **ORDERED** that all matters in this case are **STAYED**, pending a decision by the MDL Panel on the transfer motion.

It is so **ORDERED**.

ENTER this 5th day of February 2008.

_____
ALETA A. TRAUGER
U.S. District Judge

# B

Case 1:08-cv-00076-WHA-CSC    Document 11-3    Filed 02/21/2008    Page 1 of 3

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DORIS MOODY, on behalf of herself
and others similarly situated,

Plaintiff,

v.                                                                    CASE NO: 8:08-cv-8-T-26MSS

FAMILY DOLLAR STORES, INC.,

Defendant.
_____/

## ORDER

The Court has received notification from the United States Panel on Multidistrict Litigation (the Panel) that this case is subject to a motion to transfer pursuant to 28 U.S.C. § 1407. Although the Court is aware that its jurisdiction continues until such time as the Panel has decided the transfer issue, the Court is of the opinion that the interest of judicial economy would best be served by staying all further proceedings in this case, including ruling on the merits of Defendant's pending motion to transfer venue, until such time as the Panel has decided the issue of transfer.

Accordingly, it is ordered and adjudged as follows:

1) All proceedings in this case are stayed until further order of the Court.

2) The Clerk is directed to administratively close this case and to terminate from pending status Defendant's Motion to Transfer Venue (Dkt. 4) during the pendency of the

stay, subject to the right of any party to file a motion to reopen in the event the Panel decides not to transfer this case pursuant to § 1407.

**DONE AND ORDERED** at Tampa, Florida, on January 22, 2008.

s/Richard A. Lazzara
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record