UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

ROSIE MAGWOOD, on behalf of herself
and others similarly situated,

                                No. 1:08-cv-76-WHA

        Plaintiff,

vs.                             Judge W. Harold Albritton, III

FAMILY DOLLAR STORES, INC.,

        Defendant.

---

DEFENDANT'S RESPONSE TO PLAINTIFFS'
AMENDED MOTION FOR STAY PENDING DECISION ON TRANSFER

    In their Amended Motion to Stay Pending Decision on Transfer, Plaintiffs seek to stay this case for a "short time" pending a decision by the Judicial Panel on Multidistrict Litigation ("MDL Panel") on Plaintiffs' motion to transfer under 28 USC § 1407.[1] Plaintiffs have offered this Court no legitimate reason to halt the progress of this case. Thus, as set forth below, their motion to stay must be denied.

I.      INTRODUCTION AND STATEMENT OF FACTS

    A.      Background and Case Status

    Plaintiff Rosie Magwood brought this collective action alleging that her employer, Family Dollar, violated the Fair Labor Standards Act ("FLSA") by failing to pay overtime compensation to its Store Managers. Although Plaintiff filed her case in this district on behalf of herself and other similarly situated current and former employees, the convenience of the parties and witnesses and the interest of justice compel transfer to the Western District of North

---

[1] Plaintiffs' initial motion to stay appears to have been stricken; thus, Defendant submits its response to Plaintiffs' amended motion only.

Carolina.    Specifically, Family Dollar is headquartered within that District, voluminous documentary evidence is located within that District, and numerous key witnesses reside within that District.  Indeed, after consideration of all of the relevant factors, eleven other district courts have transferred similar FLSA collective actions against Family Dollar to the Western District of North Carolina.   Five of these cases, which involve an alleged failure to pay overtime, are currently pending before Judge Graham C. Mullen.  Thus, on February 20, 2008, Family Dollar filed a motion pursuant to 28 USC § 1404 to transfer venue of this case to the United States District Court for the Western District of North Carolina.

Plaintiffs responded to Family Dollar's motion to transfer venue with their motion to stay.  In their motion, Plaintiffs claim that this case should be stayed pending resolution of their motion to transfer under 28 USC § 1407, which is set for hearing before the MDL Panel on March 27, 2008.  Plaintiffs conveniently omit to explain, however, that they filed their MDL motion for calculated, strategic reasons -- to evade transfer of their case to the Western District of North Carolina under Section 1404 (which has been the result independently reached by all other federal judges to consider Family Dollar's motion to transfer venue) and to instead request assignment of their case to Judge U.W. Clemon in the Northern District of Alabama, a judge of their own choosing who is not presiding over any of the cases covered by their MDL motion.

Notwithstanding Plaintiffs' gamesmanship, a motion to consolidate and transfer before the MDL Panel does not serve to stay the cases that are subject to the motion, nor does such a motion limit a court from acting on matters that are properly before it.  *See* Rules of Procedure, Judicial Panel on Multidistrict Litigation, Rule 1.5.  Rather, the MDL Panel's authority under 28 U.S.C. § 1407 is limited to consolidating and transferring related cases for pre-trial matters only. Transferred cases must be remanded for trial.  *See* 28 U.S.C. § 1407(a).  Transfers made under

Section 1404(a), on the other hand, are for all purposes, including trial. *See Winters v. Comair Aircraft, Inc.*, 2007 WL 1299164 (D. Kan. May 3, 2007). Thus, there is no basis for a court to stay ruling on a pending motion under Section 1404(a) just because there is also a pending motion *or hearing date* under Section 1407, as Section 1407 does not supersede and is not inconsistent with Section 1404. If the Panel *declines* to consolidate and transfer related cases, it would not preclude this Court from deciding that the convenience of the parties and witnesses and the interest of justice favor transferring this particular case to the Western District of North Carolina, just as five other courts have done. On the other hand, if the Panel *does* consolidate and transfer this case, the question of which court will preside over this case for trial remains a matter to be decided by *this Court*. *See Lexicon, Inc. v. Milberg, Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998). Thus, Plaintiffs provide no good reason why this Court should delay its decision until after the Panel remands this case for trial rather than deciding this issue now.

### B.    Plaintiffs' MDL Motion

Plaintiffs filed a motion before the MDL Panel on January 9, 2008.[2] In their motion, Plaintiffs sought to consolidate several related FLSA cases into one action before the Northern District of Alabama. (**Exhibit 1**) Notwithstanding the fact that the Western District of North Carolina currently presides over *five* cases that are subject to Plaintiffs' MDL motion, Plaintiffs asked the MDL Panel to transfer the cases to the Northern District of Alabama, rather than to the Western District of North Carolina, which has had extensive experience with these types of claims against Family Dollar.

To support their request, the MDL Plaintiffs made misleading statements about the status and progress of cases pending before the Western District of North Carolina. (***Id.* § IV(A)**). In

---

[2] This case, along with two others, has been identified to the MDL Panel as a tag-along case.

fact, if these cases were "slowed" down at all, it was as a result of Plaintiffs' frivolous and repeated motions for "clarification" and "reconsideration".    Contrary to Plaintiffs' representations, Judge Mullen has made great progress in these cases -- most recently, on January 22, 2008, the Court ordered the parties to conduct an initial attorneys' conference and submit a discovery plan to the Court.  **(Exhibits 2-4)**  Family Dollar has complied with this Order, and, with Plaintiffs' cooperation, expects to complete discovery in the *Grace* case, as well as all other cases pending before Judge Mullen, on an efficient schedule.

Now, notwithstanding the professed concern to the MDL Panel over the alleged lack of "progress" in these cases, Plaintiffs use the MDL motion to attempt to convince this Court to stay these proceedings.  Plaintiffs also claim to this Court that Family Dollar has "agreed that all nine cases should be transferred to one district court."  This is untrue.  After considering the convenience of the parties and witnesses and the interests of justice, Family Dollar has moved to transfer venue to the Western District of North Carolina.  After independent review of the relevant facts and applicable law, all federal court judges who have considered the issue have agreed and have granted Family Dollar's motions to transfer venue under 28 USC § 1404.  Upon being transferred to the Western District of North Carolina, the court system assigned each of these actions to Judge Graham C. Mullen.  Thus, contrary to Plaintiffs' suggestion, Family Dollar "agreed" only to follow the dictates of 28 USC § 1404.

This Court should deny Plaintiffs' frivolous motion to stay.  Indeed, staying this case will prejudice Family Dollar by furthering what is an obvious scheme among the Plaintiffs to forum-shop and judge-shop, and prevent this Court from ruling on Defendant's motion to transfer venue.

## II.    ARGUMENT

Although a vehicle to stay proceedings is not expressly provided for in the Federal Rules of Civil Procedure or by statute, a district court has "the inherent discretion to recognize such a motion under its general equity powers." *JTH TAX, Inc., v. Whitaker*, No. 2:07cv170, 2007 WL 2126300 (E.D. Va. July 16, 2007).

> A party seeking to stay proceedings must justify it by clear and convincing circumstances, and these circumstances must weigh more heavily than the potential harm to the party against whom the stay applies. Accordingly, the applicant for a stay must make out a clear case of hardship or inequity in being required to go forward. Otherwise, a stay is not merited.

*Id.* Thus, a stay is not required simply because a motion to consolidate and transfer is pending *or set for hearing* before the MDL Panel.[3] In fact, the MDL Rules specifically provide that:

> The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 <u>does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court</u>.

Judicial Panel on Multidistrict Litigation, Rule 1.5. (emphasis added).

Applying the foregoing, this Court should deny Plaintiff's motion to stay. Plaintiffs simply cannot satisfy their burden to show a "clear case of hardship or inequity" if they are required to proceed with this case. The only "inequity" Plaintiffs have ever raised is the purported concern that Plaintiffs expressed to the MDL Panel that cases were not progressing quickly enough. However, the Western District of North Carolina dealt with the other plaintiffs' frivolous motions and by requiring the parties to proceed with discovery, that Court has

---

[3] Plaintiffs note that the MDL motion is set for hearing before the MDL Panel on March 27, 2008. However, as set forth above, the hearing date does not impact the progress of this case.

effectively addressed this concern. Now, it is Plaintiffs who seek to slow down the progress of this case by seeking a stay.

Leaving aside for the moment the inconsistencies in their arguments, Plaintiffs' motion also ignores the fact that eleven courts have transferred FLSA collective actions against Family Dollar to the Western District of North Carolina for the convenience of the parties and witnesses and in the interest of justice. As Family Dollar explained to the Panel in opposing the Section 1407 transfer motion, there were a spate of substantially similar FLSA collective action complaints filed within a two-week period in an apparent attempt to manufacture geographic diversity that would support consolidation and transfer out of the Western District of North Carolina. Plaintiffs' motives for trying to escape the Western District of North Carolina are clear: at the time Plaintiffs filed their Section 1407 motion, the Court, which presides over the five subject cases pending in the Western District of North Carolina, had denied conditional certification and notice in one of these cases (and has since denied it in another). (See **Exhibits 5 and 6: *Grace* and *Ward* Orders).**

Plaintiffs' attempt to file copycat cases and get them all away from the North Carolina court is an act of forum shopping and judge shopping that clearly abuses Section 1407. Plaintiffs surely hope that Judge Clemon, to whom they want all nine cases to be transferred, will issue more favorable pre-trial rulings related to certification and notice. Family Dollar will be prejudiced if Plaintiffs succeed in using Section 1407 to further this tactic.

This point was not lost on Judge L. Scott Coogler of the Northern District of Alabama. [4] Judge Coogler currently presides over *Scott v. Family Dollar Stores, Inc.*, one of the recently filed cases that is subject to the Section 1407 motion. Judge Coogler had earlier transferred *Ward v. Family Dollar Stores, Inc.*, to the Western District of North Carolina. In transferring that case, he noted that the Plaintiffs were forum-shopping by filing a new case in his district rather than opting into *Grace v. Family Dollar Stores, Inc.*, pending before the Western District of North Carolina:

> At the hearing, Plaintiffs' counsel stated on the record that "if the court in North Carolina does what we expect it to do, deny notice, we would certainly probably move this court for notice . . . ." (Tr. at 35.) This is exactly the type of forum shopping that can be prevented by transferring a case to another district under 1404(a). It would waste judicial resources to allow Plaintiffs to pursue parallel paths to class notice and certification simply because they believe that their chances for success are greater in the Eleventh Circuit than they are in the Fourth.

**(Exhibit 7:** *Ward* **Order at p. 10 n.3).**

Plaintiffs artfully evade the issues here by highlighting in their motion that other courts have stayed proceedings pending the Section 1407 ruling. However, as Plaintiffs recognize, these rulings are not controlling here. Moreover, Plaintiffs strategically failed to mention that when recently faced with yet another substantially similar collective action claim in *Scott v. Family Dollar*, followed by a motion to stay, Judge Coogler did not grant the motion to stay, but instead proceeded by setting a briefing schedule on Family Dollar's motion to transfer venue. **(Exhibits 8 and 9:** *Scott* **Motion and Order).** The same situation is present here. There is no reason to stay consideration of Family Dollar's motion to transfer venue under Section 1404.

---

[4] While Judge Coogler sits in the Northern District of Alabama, where Plaintiffs ask the MDL Panel to transfer all of the cases that are subject to their motion, they specifically requested that the cases be assigned to Judge Clemon, not Judge Coogler, though Judge Coogler is familiar with the parties and issues in these cases. This demonstrates that Plaintiffs are not only forum shopping, but are judge shopping as well.

This Court should deny Plaintiffs' motion to stay, and the parties should instead proceed to fully brief Family Dollar's motion to transfer for decision by the Court.

## III.    CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's amended motion to stay.

Dated this the 25th day of February, 2008.

Respectfully submitted,

/s/ Terry Price
Terry Price
Alabama Bar No. ASB-4658-E58T
Email:  tprice@fordharrison.com
Ford & Harrison LLP
2100 Third Avenue North, Suite 400
Birmingham, AL 35203
Telephone:  (205) 244-5900
Facsimile: (205) 244-5901

John A. Ybarra (Admitted *pro hac vice*)
LITTLER MENDELSON, P.C.
200 N. LaSalle Street, Suite 2900
Chicago, IL 60601
Telephone:  (312) 372-5520
Facsimile:  (312) 372-7880
E-mail:  jybarra@littler.com
Bar No.:  IL Bar No. 06196983

Jeremy W. Stewart (Admitted *pro hac vice*)
LITTLER MENDELSON, P.C.
200 N. LaSalle Street, Suite 2900
Chicago, IL 60601
Telephone:  (312) 372-5520
Facsimile:  (312) 372-7880
E-mail:  jwstewart@littler.com
Bar No.:  IL Bar No. 6293884

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing on the 25th day of February, 2008

with the Clerk of the Court by using the CM/ECF system, which will send electronic copies to:

Bobbie S. Crook, 367 S. St. Andrews Street, Dothan, AL 36301, BCrook100@aol.com.


/s/ Terry Price_____
Terry Price

# EXHIBIT 1



## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

In re:  Family Dollar Wage and       )
        Hour Litigation                )        MDL Docket No. _____
                                       )
                                       )

## MOTION FOR TRANSFER AND CONSOLIDATION OF RELATED ACTIONS TO THE NORTHERN DISTRICT OF ALABAMA PURSUANT TO 28 U.S.C. §1407

Movants, Irene Grace in the W.D. of North Carolina; Shawn Ward, Isaiah Wilder, Augusta Ayers

and Christopher Anderson in the W.D. of North Carolina; Melanie Blake, Lori Orwig and Kathy Collins

in the W.D. of North Carolina; Pamela Fowler, Terri Campbell, Kevin Jones, Patricia Fontenot and Aaron

Israel in the W.D. of North Carolina[1] and Luana Scott N.D. of Alabama ("Plaintiffs").[2] ("Plaintiffs") hereby

respectfully move the Judicial Panel on Mutlidistrict Litigation for an Order, pursuant to 28 U.S.C. §1407:

(1) transferring nine (9) related putative class actions, currently pending in North Carolina, Alabama, Texas,

Tennessee, Mississippi and Florida as well as any other cases that may subsequently be filed asserting

similar or related claims, to the United States District Court for the Northern District of Alabama; and (2)

---

[1] The *Grace, Ward, Fowler* and *Blake* cases were initially filed in Alabama and Ohio.

[2] The plaintiffs identified are only the named plaintiffs that appear on the complaints.

1

consolidating those actions for coordinated pretrial proceedings. A list of all pending related actions are enclosed in the accompanying Schedule of Related Actions. Movants, in support of their motion for transfer and consolidation of coordinated pretrial proceedings, avers as follows:

1.   The nine (9) actions for which transfer and consolidation are proposed arise out of the same conduct and allege virtually identical claims. Each action is brought on behalf of current and former employees of Family Dollar who are/were employed in the position of Store Manager. All nine actions allege that Family Dollar intentionally misclassified the position of Store Manager as an exempt position under the executive exemption of the Fair Labor Standards Act ("FLSA").

2.   The centralization of the nine actions in a single judicial district for consolidated pretrial proceedings will promote the just and efficient conduct of these actions, will serve the convenience of all parties and witnesses, and will promote the interest of justice. The actions listed in the Schedule of Related Actions are all premised on virtually identical factual allegations and therefore involve "one or more common questions of fact.

3.   Consolidation of the actions before a single court will conserve judicial resources, reduce the costs of litigation, prevent potentially inconsistent pretrial rulings, eliminate what would otherwise be duplicative discovery, and permit the cases to proceed to trial more efficiently.

4.   With the exception of the *Grace, et al. vs. Family Dollar Stores, Inc.* and *Fowler, et al. vs. Family Dollar Stores, Inc.* cases, wherein limited discovery has been conducted, no discovery has occurred in the remaining cases.

5.   The proposed transfer and consolidation in the Northern District of Alabama "will be for the convenience of parties and witnesses and will promote the just and efficient conduct" of these actions

because it is expected that each Plaintiff in the nine actions, will request the same documents and depose the same witnesses in order to prove their respective cases.

6.   No particular district is the center of gravity for this litigation.

7.   The Northern District of Alabama is a convenient forum for all parties and is best suited to preside over the coordinated pretrial proceedings of these actions.  While not in the center of the United States, the Northern District of Alabama is easily accessible from every state in the country.  Indeed, there are thousands of flights to and from Birmingham International Airport in Birmingham, Alabama, including non-stop flights from the states at issue here.

8.   Plaintiffs' Motion is based on the accompanying memorandum of law, the filed pleadings and papers and other materials that may be presented to the Panel before or at the time of any hearing in this matter.

**WHEREFORE,** Plaintiffs respectfully request that the Panel order that the nine actions pending in North Carolina, Alabama, Texas, Tennessee, Mississippi and Florida as well as any cases that may be subsequently filed asserting related or similar claims, be transferred to the Northern District of Alabama for consolidated and coordinated proceedings.

Respectfully submitted,

*Greg Wiggins*

Gregory O. Wiggins
ASB-1752-I68G
E-mail: gwiggins@wcqp.com

OF COUNSEL:

WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500
205/254-1500 (facsimile)

*Mark Gray (with express permission G.W.)*

Mark K. Gray

OF COUNSEL:

Gray & White
1200 PNC Plaza
500 West Jefferson Street
Louisville, Kentucky 40202
502/585-2060

*Robert DeRose II (with express permission G.W.)*

Robert E. DeRose, II
E-mail: bderose@bnhmlaw.com

OF COUNSEL:

BARKAN, NEFF, HANDELMAN & MEIZLISH, LLP
P.O. Box 1989
Columbus, Ohio 43216-1989
614/221-4221
614/744-2300 (facsimile)

4



FILED
CHARLOTTE, NC

JAN 11 2008

U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

In re:  Family Dollar Wage and
        Hour Litigation          MDL Docket No. _____

### BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR TRANSFER
### OF ACTIONS PURSUANT TO 28 U.S.C. § 1407

**I.    INTRODUCTION**

   Movants, Irene Grace in the W.D. of North Carolina; Shawn Ward, Isaiah Wilder, Augusta Ayers

and Christopher Anderson in the W.D. of North Carolina; Melanie Blake, Lori Orwig and Kathy Collins

in the W.D. of North Carolina; Pamela Fowler, Terri Campbell, Kevin Jones, Patricia Fontenot and Aaron

Israel in the W.D. of North Carolina[1] and Luana Scott N.D. of Alabama ("Plaintiffs")[2] respectfully submit

this Memorandum in support of their Motion, pursuant to 28 U.S.C. § 1407 ("§1407") and Rule 7.2 of the

Rules of Procedure of the Judicial Panel on Multi-district Litigation. Movants seek to transfer and

consolidate for pre-trial purposes **nine (9)** substantially identical cases currently pending in Alabama, North

Carolina, Texas, Florida, Mississippi and Tennessee.

---

   [1] The *Grace, Ward, Fowler, Blake* and *Slater* cases were initially filed in Alabama, Ohio and
Mississippi..

   [2] The plaintiffs identified are only the named plaintiffs that appear on the complaints. 100+ plaintiffs
have joined the *Grace* and *Ward* cases alone. (*See* Schedule of Actions for complete listing of all plaintiffs
and opt-in plaintiffs).

The plaintiffs allege that the defendant has systematically misclassified all employees employed in the position of "*Store Manager*" as exempt employees under the executive exemption of the Fair Labor Standards Act ("FLSA"), Movants request that these nine actions be consolidated for pre-trial purposes and transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. §1407.[3] These 9 actions squarely fit the statutory prerequisites for transfer and consolidation. First, each of the complaints alleges identical allegations. *See Grace, Ward, Blake, Fowler, Scott, Slater, McCarty, Moody* and *Toms* complaints. All of the named plaintiffs and opt-in plaintiffs claim that they were intentionally misclassified as exempt employees pursuant to the executive exemption of the F.L.S.A.; required to work more than 40 hours per week; and were not paid for these additional hours. Plaintiffs seek to recover overtime compensation for all hours they worked over 40 per week, liquidated damages, attorney fees and expenses. Family Dollar denies plaintiffs are entitled to overtime compensation and asserts the same similar defenses in each action which it has filed an answer to the complaint.

The 9 pending actions with over 100+ plaintiffs clearly "involve[d] one or more common questions of fact." The transfer will further "the convenience of the parties and witnesses," since each of the plaintiffs will be deposing the same witnesses and obtaining the same corporate documents from Family Dollar in order to prove their respective cases. The transfer of the 9 cases "will promote the just and efficient conduct of [the] actions" by ensuring centralized oversight of pre-trial fact development in what are identical employment collective actions. *See* 28 U.S.C. §1407(a).

Plaintiffs in each of the above referenced lawsuits suit make "*identical*" claims for unpaid overtime

---

[3]§1407 states: "[w]hen civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pre-trial proceedings. Such transfers shall be made by the judicial panel on multi-district litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. §1407(a).

under the FLSA, 29 U.S.C. §201, *et seq*. Allowing the 9 cases to remain in 5 different courts in 5 different

states not only invites chaos to occur, but will also require 5 U.S. District Court Judges and their staffs to

spend hundreds if not thousands of hours presiding over the 9 cases and repeatedly ruling on the same issues.

## II.    LITIGATION BACKGROUND

### A. Litigation Previously Filed In The Middle District of Georgia

On May 17, 2004, plaintiff Irene Grace filed a collective action lawsuit against Family Dollar in the

United States District Court for the Middle District of Georgia. Subsequently, 15 other current and former

Store Managers opted into the *Grace* lawsuit. On June 25, 2004, the defendant filed a Motion to Strike

the collective action allegations of the complaint **or** Alternatively Motion to Transfer the case to the United

States District Court for the Western District of North Carolina. On September 3, 2004, plaintiff filed her

Motion to Facilitate Notice nationwide notice to all current and/or former Store Managers employed with

the defendant within the last three years. On October 8, 2004, the court ordered the parties to conduct

"*limited*" discovery on the collective action issue. (*See* page 19, §B, "Status Of The Cases"). On July 14,

2006, the Georgia court transferred *Grace* to the Western District of North Carolina without ruling on the

plaintiff's Motion to Facilitate Notice. (N.C. case #3:06-cv-306, *See* Exhibit 1 to Movants' evidentiary

submission)) Sixty-nine (69) current and/or former Store Managers have opted into the lawsuit.

### B. Litigation Previously Filed In The Northern District Of Alabama

On June 1, 2006, Shawn Ward, Isaiah Wilder, Augusta Ayers and Christopher Anderson filed a

collective action lawsuit against the Family Dollar Stores, Inc in the Northern District of Alabama. The

allegations contained within the *Ward* complaint were identical to the allegations contained within the *Grace*

complaint. Thirty (30) current and/or former Store Managers have opted into the *Ward* case. On June 19,

2006, defendant filed a Motion to Transfer Pursuant to 28 U.S.C. §1404(a) the case to the Western

District of North Carolina. On September 29, 2006, the court granted the defendant's Motion to

Transfer.(N.C. case #3:06-cv-441, *See* Exhibit 2 to Movants' Evidentiary Submission). On March 26,

2007, plaintiffs filed a Motion to Facilitate Notice along with supporting evidentiary evidence. In lieu of

ruling on plaintiffs' Motion to Facilitate Notice, the Court, *sua sponte*, ordered the parties to conduct some

preliminary discovery.[4] The plaintiffs have filed a Motion for Reconsideration. To date, the court has not

ruled on the plaintiffs' motion.

### C. Litigation Previously Filed In The Souther District Of Ohio

1. In November, 2005, Melanie Blake, Lori Orwig and Kathy Collins on behalf of themselves and

other similarly situated Store Managers filed their own class/collective action against Family Dollar Inc.

Blake's complaint was initially filed in the Belmont County Court of Common Pleas. The defendant initially

had the case removed to pursuant to 28 U.S.C. §§1441, 1446 to the Southern District of Ohio, Eastern

Division. The same day the defendant filed a Motion to Transfer the case to the Western Division of North

Carolina. Said Motion was granted on June 19, 2007. (N.C. case #3:07-cv-244, *See* Exhibit 3 to

Movants' Evidentiary Submission). Plaintiff Blake's complaint alleges the same identical violations as the

*Grace* and *Ward* cases alleged.

2. On March 28, 2007, plaintiffs Pamela Fowler, Terri Campbell, Kevin Jones, Patricia Fontenot

and Aaron Israel on behalf of themselves and other similarly situated Store Managers filed their own

collective action against Family Dollar Inc. (*Fowler v. Family Dollar,* 1:07-cv-00250, *See* Exhibit 4)

Plaintiff Fowler's complaint alleges the same identical violations as the *Grace, Ward* and *Blake* cases

---

[4]The Court's Order was somewhat confusing. In its Order, the Court stated, "[T]he Court *anticipates* that the Plaintiffs will move for certification of the class." The plaintiffs' Motion to Facilitate Notice was the plaintiffs' motion for conditional certification.

alleged. The defendant moved to transfer the case to the Western District of North Carolina and on April 24, 2007. Said motion was granted July 26, 2007. (N.C. case #3:07-cv-316).

### D. Litigation Previously Filed In The Souther District Of Mississippi

On February 7, 2007, Yolanda Slater, Rochelle Anthony, Sharon Lewis and Melissa Reeves on behalf of themselves and other similarly situated Store Managers filed their own collective action against Family Dollar Inc. in the Southern District Court of Mississippi, Jackson Division[5]. Plaintiff's complaint alleges the same identical violations as the *Grace, Ward, Blake* and *Fowler* cases alleged.

### E. Current Litigation Pending In The Northern District Of Alabama

On January 3, 2008, Luana Scott, on behalf of herself and other similarly situated Store Managers filed her own collective action against Family Dollar Inc. (*Scott v. Family Dollar,* case# CV-08-CO-0016-W, *See* Exhibit 9, to Movants' Evidentiary Submission) Plaintiff Scott's complaint alleges the same identical violations as the *Grace, Ward, Blake, Fowler* and *Slater* cases alleged.

### F. Current Litigation Pending In Tennessee

On December 21, 2007, Sheri Toms, on behalf of herself and other similarly situated Store Managers filed her own collective action against Family Dollar Inc. in the Middle District of Tennessee, Nashville Division. (*Toms v. Family Dollar,* 3:07-cv-01277, *See* Exhibit 6 to Movants Evidentiary Submission) Plaintiff Tom's complaint alleges the same identical violations as the *Grace, Ward, Blake, Fowler, Slater* and *Scott* cases alleged.

### G. Current Litigation Pending In Texas

On December 26, 2007, Betty McCarty and Claude Carlile on behalf of themselves and other

---

[5] The case was subsequently transferred to the Western District of North Carolina on November 28, 2007. (3:07-00501-GCM, *See* Exhibit 5 to Movants' Evidentiary Submission).

similarly situated Store Managers filed their own collective action against Family Dollar Inc. in the Eastern

District of Texas, Texarkana Division. (*McCarty v. Family Dollar Stores,* 5:07-cv-194, *See* Exhibit 7

to Movants' Evidentiary Submission) Plaintiff's complaint alleges the same identical violations as the *Grace,*

*Ward, Blake, Fowler, Slater, Scott* and *Toms* cases alleged.

### H. Current Litigation Pending In Florida

On January 2, 2008, Doris Moody, on behalf of herself and other similarly situated Store Managers

filed her own collective action against Family Dollar Inc. in the Middle District of Florida, Tampa Division.

(*Moody v. Family Dollar,* 8:08-cv-00008-T26-MSS, *See* Exhibit 8 to Movants' Evidentiary Submission)

Plaintiff Moody's complaint alleges the same identical violations as the *Grace, Ward, Blake, Fowler,*

*Slater, Scott, Toms,* and *McCarty* cases alleged.

### III.   THE CONTROLLING LEGAL STANDARD UNDER 28 U.S.C. §1407

**a.**   **Transfer and Consolidation of the 9 Cases for**
**Coordinated Pre-Trial Proceedings is Appropriate.**

In relevant part, 28 U.S.C. §1407(a) specifies that the Judicial Panel on Multidistrict Litigation (the

"Panel") may transfer and consolidate two [6] or more civil cases for coordinated pre-trial proceedings upon

a determination that (1) the cases "involve[s] one or more common question of fact,: (2) the transfers would

further "the convenience of the parties and witnesses; and (3) the transfers will promote the just and efficient

conduct of [the] actions."[7]  As explained below, the 9 actions under consideration clearly meet these

criteria and should be transferred and consolidated  for pre-trial proceedings.

Pursuant to 28 U.S.C. §1407, civil actions in different districts that involve common questions of

---

[6]Currently there are at least 9 cases pending in 5 different judicial forums.

[7]The defendant moved to transfer the *Grace, Ward, Blake* and *Fowler* cases to North Carolina based upon factors two and three.

fact may be transferred to a single court for coordinated or consolidated pretrial proceedings if such a transfer "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. §1407(a). The goal of §1407 is "the avoidance of conflicting and duplicative pretrial demands on parties and witnesses in related cases." *In re Regents of the Univ. of Cal.*, 964 F.2d 1128, 1131 (Fed. Cir. 1992). Consolidation of these nine actions fulfills these requirements.

The 9 putative collective actions all assert identical claims and involve the same identical defenses. Because consolidated pretrial treatment under section 1407 would assist the parties in avoiding such repetition and conflicting decisions concerning these issues, consolidation would serve the convenience of the parties and witnesses and promote the just and efficient resolution of the litigation. One of major issues each court will face is whether to grant the sending of notice to all current and former Store Manager employed with the defendant. By consolidating the cases, the notice issue can be decided by one court and the risk of inconsistent rulings on the same issue will be precluded. Another major issue that each court will be confronted with is decertification. If the case is conditionally certified the defendant will surely later move to have the case decertified. The decertification issue can be decided by one court and the risk of inconsistent rulings on the same issue will be precluded.

### b. These Actions Involve Several Common Questions Of Fact

The threshold issue under §1407 is the existence of one or more common questions of fact. *See In re Regents of Univ. of Cal.*, 964 F.2d at 1135 (coordination and transfer pursuant to §1407 requires the presence of sufficient common questions of fact to promote the just and efficient conduct of multiple actions by eliminating the potential for conflicting pretrial rulings by coordinate courts). In situations where individual lawsuits share a "common factual core" transfer is appropriate. *See In re Stirling Home Corp. Secs. Litig.*, 442 F.Supp. *547, 549* (J.P.M.L. 1977).

Family Dollar is national retailer with over 6,400 locations in 44 states. The factual assertions in each of the instant actions are identical. The factual issues to be determined in each of the actions are clearly identical, making transfer and consolidation highly appropriate. *See, e.g., In re "Factor VIII or IX Concentrate Blood Prods." Prod. Liab. Litig.*, 853 F.Supp. 454, 455 (J.P.M.L. 1993)(common questions of fact existed regarding defendants' conduct); *In re Cuisinart Food Processor Antitrust Litig.*, 506 F.Supp. 651, 655 (J.P.M.I. 1981)("*Cuisinart Food Processor*")(noting that transferred actions "share[d] numerous questions of fact concerning the existence vel non of the alleged conspiracy and its scope, participants, means of operation and effects.") Given the virtually identical allegations and issues presented in each of these collective actions, consolidation is highly appropriate and should be granted. *See e.g., In re Alert Income Partners Sec. Litig.*, 788 F.Supp. 1230, 1231 (J.P.M.L. 1992); *In re Oil Spill by "Amoco Cadiz" Off Coast of France on March 16, 1978*, 471 F.Supp. 473, 478 (J.P.M.L. 1979)(where common questions predominate, first factor favoring consolidation met even where some differing legal theories are present); *In re Litigation Arising From Termination of Retirement Plan for Employees of Firemen's Fund Ins. Co.*, 422 F.Supp. 287, 290 (J.P.M.L. 1976).

Plaintiffs in each action are or were employed at various defendant locations throughout the United States. They all claim that Family Dollar has misclassified them as exempt employees and denied them overtime compensation for all hours worked over 40 hours per week. In every case the defendant has denied the allegations and claims that the position of Store Manager is properly designated as an exempt position. These common allegations and defenses require the resolution of similar factual issues in each action. For example, each of these actions will require inquiry into what the plaintiffs primary job duties were and do these job duties meet the requirements of the executive exemption. In addition, each of the nine cases will require an examination of the company's payroll records in order to determine whether each

of the store managers customarily and regularly supervise two or more full time employees or their equivalent as required by the exemption.[8]

Each of the 9 pending actions also presents common questions of fact concerning the collective treatment plaintiffs seek. To determine the appropriateness of collective treatment under 29 U.S.C. §216(b) each court will have to evaluate whether potential class members are similarly situated or whether individual determinations predominate. 29 U.S.C. §216(b); *see Hoffman-La Roche, Inc. v. Sperling,* 493 U.S. 165, 169-70 (1989). That will require resolving similar factual disputes including whether Store Managers' primary duty is the management of the enterprise, whether the Store Managers customarily and regularly supervise two or more employees or their equivalent or whether or not their recommendations on the hiring/firing of other store employees is given particular weight.

c.    **Consolidating The Actions Will Serve The Convenience Of The Parties and Witnesses And Will Promote The Just And Efficient Resolution Of These Actions**

1.    **Consolidation Will Further the Convenience of Parties and Witnesses**

The second prong of §1407 is also satisfied, since consolidation of the 9 cases will serve "the convenience of parties and witnesses." Indeed, the plaintiffs in each of the 9 pending actions will depose the same core set of corporate employees and officers who are believed to have knowledge of Family Dollar's policies and practices, store managers job duties and what efforts the defendant has taken to ensure that the position of store manager meets the executive exemption definition. Plaintiffs will also rely upon the same voluminous set of corporate documents, e-mails, policies, studies and analysis to prove the

---

[8]In *Morgan v. Family Dollar*, the evidence, i.e., defendant's own payroll records, revealed that 162 opt-in plaintiffs did not customarily and regularly supervise two or more employees.

nature and extent of Family Dollar's corporate wrongdoing. Without consolidation, there is a potential for

duplicative discovery demands and redundant depositions. Consolidation will solve this problem by

enabling a single judge to formulate a pretrial program that will minimize witness inconvenience and overall

expense for all the parties involved. Moreover, it is undisputed that the savings in both time and expense

resulting from consolidation of these actions will benefit the plaintiffs, defendant and more importantly the

judicial system as a whole. *See, e.g. Cuisinart Food Processor*, 506 F.Supp. at 651 (transfer would

"effectuate a significant overall savings of cost and a minimum of inconvenience to all concerned with the

pretrial activities."); *In re Stirling Homex Corp. Sec. Litig.*, 405 F.Supp. 314, 315 (J.P.M.L.

1975)("[W]e are confident that Section 1407 treatment will allow the *Fernon* plaintiffs to experience a net

savings of time, effort and expenses through pooling their resources with other plaintiffs in the transferee

district who share similar interests."). Consolidated pretrial proceedings would prevent or minimize the

duplication of discovery on common issues, avoid conflicting pretrial rulings, and resolve potential class

conflicts. *See In re Amerada Hess Corp. Antitrust Litig.*, 355 F.Supp. 1404-05 (J.P.M.L.

1975)(coordinated treatment is appropriate to avoid duplication of discovery); *In re Suess Patent Litig.*,

331 F.Supp. 549-50 (J.P.M.L. 1971)(coordinated treatment is appropriate to avoid duplication of

discovery and conflicting pretrial rulings); *In re Griesofulvin Antitrust Litig.*, 395 F.Supp. 1402-03

(J.P.M.L. 1975)(same).

### 2.     Consolidation Will Promote Just and Efficient Conduct of These Actions

Consolidation is also strongly recommended in accordance with the third factor considered by the

Panel pursuant to §1407 - whether consolidation will "promote the just and efficient conduct of [the]

actions." Without question, this factor is satisfied here. First, where as here, **meaningful discovery *has***

*not yet begun* in any of the related actions, consolidation will prevent duplicative discovery and conflicting pretrial rulings, as set out above, and it will also result in a "substantial savings of judicial time and resources." *See In re Japanese Elec. Prods. Antitrust Litig.*, 388 F.Supp. 565, 567 (J.P.M.L. 1975); *see also In re European Rail Pass Antitrust Litig.*, No. MDL 1386, 2001 WL 587855, at *1 (J.P.M.L. Feb. 7, 2001)(ordering cases transferred to a single district in order "to avoid duplicative discovery"); *In re Fine Paper Antitrust Litig.*, 453 F.Supp. 118, 121 (J.P.M.L. 1978)("Section 1407 transfer . . . is necessary in order to prevent duplicative discovery and eliminate any possibility of conflicting class and other pretrial rulings.").

Clearly, the consolidation and coordination of these similar actions will prevent the problems identified by the court in the *In re Fine Paper Antitrust Litigation* by streamlining discovery and conserving resources. *See In re Universal Serv. Fund Tel. Billing Practices Litig.*, 209 F.Supp.2d 1385, 1386 (J.P.M.L. 2002); *In re Multi-Piece Rim Prods. Liab. Litig.*, 464 F.Supp. 969, 974 (J.P.M.L. 1979). For instance, since the parties will be requesting and relying upon the same core set of corporate documents and witnesses, coordination will avoid wasteful duplicative discovery. Moreover, to the extent the parties engage in any discovery disputes and motion practice, such issues can be uniformly resolved in a single proceeding, rather than 9 separate hearings that may lead to inconsistent rulings. Clearly, the corresponding savings in time and expense will benefit both parties and the courts. *See Cuisinart Food Processor*, 506 F.Supp. 655 (transferring actions would result in "significant overall savings of cost and a minimum of inconvenience to all concerned with the pretrial activities.").

Second, consolidation will facilitate the consistent resolution of collective action issues. It is well settled that transfer and coordination is appropriate where the possibility of inconsistent rulings on class certification issues exist. *See, e.g., In re Commercial Money Center, Inc., Equipment Lease Litig.*, 229

F.Supp.2d 1279, 1380 (J.P.M.L. 2002)(finding that consolidation of numerous actions filed nationwide would prevent inconsistent rulings); *In re Roadway Express, Inc. Employment Practices, Litig.*, 384 F.Supp. 612-13 (J.P.M.L. 1974)("since conflicting and overlapping class allegations contained in the complaints raise the induitable possibility of inconsistent class determinations by courts of coordinate jurisdiction" transfer to a single district is desirable).

### 3. Consolidation Will Prevent Duplication Of Discovery And Avoid Conflicting Rulings

This Panel has previously recognized that avoiding duplicative and potentially inconsistent pretrial rulings promotes the just and efficient conduct of related proceedings and justifies transfer under section 1407. This includes potentially inconsistent rulings on discovery motions, *see In re Ironworkers Union Employment Practices Litig.*, 424 F.Supp. 972, 974 (J.P.M.L. 1976), and dispositive motions, *see In re Temporomandibular Joint (TMJ) Implants Prods. Liability Litig.*, 844 F. Supp. 1553-54 (J.P.M.L. 1994); *In re A.H. Robbins Co., Inc. "Dalkon Shield" IUD Prods. Liab. Litig.*, 406 F.Supp. 540, 542 (J.P.M.L. 1975). This will benefit the parties and conserve overtaxed judicial resources. *See In Re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*, 884 F.Supp. 1553 (J.P.M.L. 1994)("*TMJ Implants*")(centralization "necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, . . . and conserve the resources of the parties, their counsel and the judiciary"); *In re Silicone Gel Breasts Implants Prods. Liab. Litig.*, 793 F.Supp. 998, 190 (J.P.M.L. 1992)(same). Because the parties will likely conduct similar discovery, each action has the potential for similar discovery disputes.

Litigating these pretrial motions one time before a single judge, rather than repeatedly subjecting these issues to potentially conflicting determinations by multiple courts, would serve the just and efficient

conduct of these actions. Consolidation will assure that the parties to these actions are not subject to inconsistent pretrial rulings regarding these various pivotal issues - always a critical consideration in determining whether cases should be consolidated under Section 1407. *See In re Cross - Fla. Barge Canal Litig.*, 329 F.Supp. 543-44 (J.P.M.L. 1971)("Cross-Fla. Barge Canal")(consolidation of two actions ordered because "consolidation will eliminate the likelihood of repetitive discovery in [certain] areas, serving the convenience of the parties and witnesses and furthering the just and efficient conduct of the litigation"); *In re Multi-Piece Rim Prods.*, 464 F.Supp. 974 (consolidation necessary "to prevent duplication of discovery and eliminate the possibility of conflicting pretrial rulings concerning . . . common factual issues."); *In re First Nat'l Bank, Heavener Okl. (First Mortgage Revenue Bonds) Sec. Litig.*, 451 F.Supp. 995, 997 (J.P.M.L. 1978)("*First Nat'l Bank*")(Transfer "necessary, even though only tow actions are involved, in order to prevent duplicative pretrial proceedings and eliminate the possibility of inconsistent pretrial rulings."); *Cuisinart Food Processor*, 506 F.Supp. 655 (transferring actions would result in "a significant overall savings of cost and a minimum of inconvenience to all concerned with the pretrial activities); *In re Amino Acid Lysine Antitrust Litig.*, 99 F.Supp. 696, 698 (J.P.M.L. 1995)(consolidation and coordination is appropriate to "conserve the resources of the parties, their counsel and the judiciary.").

### 4.    Transfer Will Facilitate the Uniformity of Class Action Treatment

The fact that the plaintiffs in each of these actions will seek certification of substantially similar putative classes makes these actions particularly attractive for consolidation. The Panel has "consistently held that transfer of actions under Section 1407 is appropriate, if not necessary, where the possibility of inconsistent class determination exists." *In re Sugar Indus. Antitrust Litig.*, 395 F.Supp. 1271, 1273 (J.P.M.L. 1975); *see also TMJ Implants*, 844 F.Supp. 1554 ("[C]entralization is necessary in order . .

. to prevent inconsistent pretrial rulings (especially with respect to class certifications and summary judgments)"); *In re Roadway Express*, 384 F.Supp. 613 ("[T]he existence of and the need to eliminate [the possibility of inconsistent class determination] presents a highly persuasive reason favoring transfer under Section 1407."); *In re Plumbing Fixtures Cases*, 298 F.Supp. 484, 493 (J.P.M.L. 1968)(Transfer necessary to avoid "pretrial chaos in conflicting class action determinations"); *Hawaiian Hotel Room Rate Antitrust Litig.*, 438 F.Supp. 935-36 (J.P.M.L. 1977)("Section 1407 centralization is especially important to ensure consistent treatment of the class action issues.:); *In re Mutual Fund Sales Antitrust Litig.*, 361 F.Supp. 638-40 (J.P.M.L. 1973)("[W]e have frequently held that the possibility for conflicting class determinations under [Fed.R.Civ.P. 23] is an important factor favoring transfer of all actions to a single district."); *In re Commercial Money Center*, 229 F.Supp.2d 1380 (finding that consolidation of 23 actions filed nationwide would prevent inconsistent rulings); *In re Cement and Concrete Antitrust Litig.*, 437 F.Supp. 750, 752 (J.P.M.L. 1977)("since duplicating or overlapping classes are sought in most of the actions, transfer to a single district is desirable in order to avoid the possibility of inconsistent class determinations."). *See, e.g., In re Rio Hair Naturalizer Prods. Liab. Litig.*, 904 F.Supp.1407-08(J.P.M.I.1995)("Centralization under Section 1407 is necessary in order to . . . prevent inconsistent pretrial rulings (especially with respect to overlapping class certification requests)."); *In re Corn Sweeteners Antitrust Litig.*, 99 F.Supp. 696, 699 (J.P.M.L. 1995)(same); *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 568 F.Supp. 1250, 121 (J.P.M.L. 1983)(centralization necessary where overlapping class certification sought in all relevant actions); *Cuisinart Food Processor*, 506 F.Supp. 655, *In re Resource Exploration, Inc., Sec. Litig.*, 483 F.Supp. 817, 821 (J.P.M.L. 1980).

### 5. <u>These Actions are Sufficiently Complex to Warrant Transfer</u>

Collective actions alleging employment practices, such as these 9 actions, have been frequently

consolidated because they almost always involve large numbers of litigants residing in far-flung federal districts whose common injuries are predicated on the same core of common facts. As a result, the Panel has consistently and repeatedly found employment practices litigation sufficiently complex to warrant transfer. *See, e.g., In re GMAC Insurance Management Corp. Overtime Pay Litigation*, 342 F.Supp.2d 1357 (J.P.M.L. 2004); *In re Union Pacific Railroad Co. Employment Practices Litigation*, 314 F.Supp.2d 1382 (J.P.M.L. 2004); *In re FedEx Ground Package System, Inc., Employment Practices Litigation*, (No., II), 381 F.Supp.2d 1380 (J.P.M.L. 2005).

The Panel has stated that where issues involved are sufficiently complex and where consolidation will prevent the duplication of discovery and pretrial rulings, it will not require large numbers of pending cases as a prerequisite to granting consolidation under §407. *See, e.g., First Nat'l Bank*, 451 F.Supp. 996; *New Mexico Natural Gas*, 483 F.Supp. at 336; *California Armored Car*, 476 F.Supp. 454; *Cross-Fla Barge Canal*, 329 F.Supp. 544; *In re Ryder Truck Lines, Inc., Employment Practices Litig.*, 405 F.Supp. 308 (J.P.M.L. 1975). Indeed, this Panel has consolidated as few as two cases. *See In re Clark Oil & Ref. Corp. Antitrust Litig.*, 364 F.Supp. 458 (J.P.M.L. 1973).

**6.    There Is Not Just One Convenient Forum**

The 9 actions presently pending all involve claims on behalf of a class of individuals from numerous different states against one defendant, meaning that "no single district stands out as the geographical focal point for this litigation." *In re Starlink Corn Prods. Liability Litig.*, 152 F.Supp.2d 1378, 1380 (J.P.M.L. 2001). Simply because the defendant's corporate headquarters is located in Charlotte, North Carolina does not necessarily mean that Charlotte, North Carolina is the most convenient forum.[9] [10]

_____

[9]The Mutidistrict panel recently transferred 18 cases that were pending all over the country against Tyson Foods to Columbus, Georgia. At the time there were only two cases pending in Georgia as opposed

The defendant has divided its company into Regions and District. There are approximately 16 Regions and 400 Districts. Each Region has a Regional Vice President and each District has a District Manager. The majority of the potential witnesses: current plaintiffs, majority of potential opt-in plaintiffs, Regional Vice Presidents and District Managers, do **not** reside in Charlotte, North Carolina. Discovery in the *Morgan* case revealed that the corporate employees who may be called to give testimony frequently travel.[11] Discovery further revealed that the defendant has at least 3 corporate jets that could easily provide transportation for these potential corporate witnesses if the need arose. The vast majority of potential witnesses are located all over the United and would be required to travel regardless of where the panel sends the cases.[12]

Accordingly, the fact that no District or Region has a superior nexus to this litigation leaves this Panel free to transfer this case based on considerations of convenience and judicial qualifications. *See In re Monosodium Glutamate Antitrust Litig.*, MDL No. 1328 (the Panel notes that due to the dispersed plaintiffs and defendants, "no particular district emerge[d] as the center of gravity."); *see also In Re*

---

to 16 other cases that were pending in other states. An argument was made to transfer the cases to Arkansas, the home headquarters of Tyson. The panel choose to send all 18 cases to Columbus, Georgia as opposed to Arkansas.

[10]As previously stated, the defendant has over 6400 stores in 44 states. There are far more stores located outside of Charlotte, North Carolina than there are located in Charlotte, North Carolina. According to the defendants web-site there are only 20 stores located in Charlotte, North Carolina and only approximately 290 located in the state of North Carolina. Therefore, over 95% of the company's stores are located outside of the state of North Carolina. Potential opt-in will come from all over the United States. Currently there are over 100 plaintiffs from 23 states who have filed and/or joined the pending lawsuits.

[11]The defendant called less than 9 corporate witnesses to testify at the *Morgan* trial.

[12]Another factor the panel should consider in regards to moving the case out of Charlotte, North Carolina is the potential prejudice that may exists in regards to potential jurors. Family Dollar is one of the largest employers in the Charlotte area. Being able to obtain a fair and impartial jury could present potential problems later.

*Urethane Antitrust Litig.*, 333 F.Supp.2d 1379 (J.P.M.L. 2004)(the Panel consolidated and transferred

actions pending in 7 districts based upon the convenience and resources available in the transferee district);

*In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liability Litig.*, 990 F.Supp.

834, 836 (J.P.M.L. 1998)(after noting "this is truly a nationwide litigation in which no particular district or

region emerges as the geographic center of gravity" the Panel based its decision on selecting a "transferee

judge with the ability and temperament to manage this large and growing litigation.").

## IV.    THIS PANEL SHOULD TRANSFER THE ACTIONS TO THE NORTHERN DISTRICT OF ALABAMA

The Northern District of Alabama is a particularly convenient forum for litigation after consolidation

of these actions. *Scott v. Family Dollar,* is currently pending in the Northern District of Alabama. In *In*

*re Worldcom, Inc. Sex. "ERISA" Litig.*, 226 F.Supp.2d 1352, 1355 (J.P.M.L. 2002), this Panel

consolidated several actions and transferred the consolidation action, noting, in particular, that "a litigation

of this scope will benefit from centralization in a major metropolitan center that is well served by major

airlines, provides ample hotel and office accommodations, and offers a well-developed, support system for

legal services." All of these arguments holds true for consolidation and transfer to Birmingham, Alabama.

*See In re Musha Cay Litigation*, 330 F.Supp.2d 1364 (J.P.M.L. 2004); *In re Western States Wholesale*

*Natural Gas Antitrust Litigation*, 290 F.Supp. 1376 (J.P.M.L. 2003).

In step with *Worldcom*, the Northern District of Alabama is a convenient transferee forum based

on geography and ease of access. First, Birmingham, Alabama is readily accessible by air travel from

major cities across the United States.  Approximately twenty major airlines serve this airport, with direct

flights from numerous major cities. Birmingham has ample hotel and office accommodations and offers a

well developed support system for legal services. *See Worldcom, supra*. There are several major hotels

located within 2 miles of the airport and numerous others within 15 miles. The Birmingham Airport is

located 5 miles or approximately 9 minutes from the courthouse. With numerous car rental agencies and

taxis servicing the airport, transportation to the Court is convenient. Accordingly, convenience concerns

also support transfer and consolidation.[13]

Given the similar factual issues that predominate in these actions, and the likelihood of repetitive

discovery and pretrial motions, coordination under section 1407 is appropriate. The question thus becomes

where the Panel should transfer these 9 lawsuits. Several factors are relevant in selecting a transferee forum,

including the: (1) district of the earliest filed action, *In re Regents of Univ. of Cal.*, 964 F.2d at 1136; (2)

status of the actions in the various transferor forums, *In re Four Seasons Secs. Laws Litig.*, 362 F.Supp.

574, 575-76 (J.P.M.L. 1973); and (3) familiarity of judges in the potential transferee forum with the issues

in the consolidated actions, *In re Plywood Antitrust Litig.*, 376 F.Supp. 1405, 1407 (J.P.M.L. 1974).

## A.    Earliest Filed Action And Status Of Litigation

Although the earliest filed action was filed in Georgia, and subsequently transferred to North

Carolina, neither the Georgia or North Carolina courts have ever made a final ruling on plaintiff's Motion

to Facilitate Notice. The *Grace* case has been pending since May 17, **2004**.[14] *Grace* was initially filed

in the Middle District of Georgia. Plaintiffs' filed their Motion to Facilitate Notice and evidentiary

submission in support of said motion on September 3, **2004**. The case was subsequently transferred to the

Western District of North Carolina on August 16, 2006. The case has been pending now for some **43**

---

[13]Birmingham, Alabama is more centrally located in regards to mileage to each of the cases filed in Tampa, Florida, Nashville, Tennessee and Texarkana, Texas than is Charlotte, North Carolina.

[14]Because collective action cases are not class actions and require an individual to affirmatively opt into the lawsuit before they can be considered a class member time is of the essence in regards to obtaining a ruling on the pending motion. Each day that passes could cause a potential class member to lose his/her right to join in the lawsuit.

months and neither court has made a final ruling on the plaintiffs' motion.[15]

The *Ward* case was filed on June 1, 2006. The *Ward* case was transferred from the Northern District of Alabama to the Western District of North Carolina on September 29, 2006. Plaintiffs' filed a Motion to facilitate Notice on March 26, 2007. To date, some **30** months after the case was filed and 9 months after the plaintiffs' filed their Motion to Facilitate Notice the court has not made a final ruling on the plaintiffs' motion. Consolidation of the 9 cases will allow one court to expeditiously handle the issue of notice and avoid any future unnecessary delays.

### B. Status Of The Cases Currently Pending

Only **one** of the ten pending cases, *Grace*, has had any discovery conducted and that discovery was extremely limited. i.e 5 depositions, 25 interrogatories, 25 request for admissions and 25 request for production. *(See* Doc. #31 in *Grace v. Family Dollar,* 6:04-cv-00022-WLS). Therefore, no meaningful discovery has been conducted in any of the 9 cases.[16]

### C. Familiarity Of Judges In The Transferee Forums With The Issues

#### 1. Judge U.W. Clemon of the Northern District of Alabama Is Experienced in Handling Complex and Multidistrict Cases

Finally, the experience and ability of the Honorable U.W. Clemon is another factor supporting transfer to the Northern District of Alabama. The availability of an experienced and capable judge weighs in favor of transferring MDL litigation to that district. *See, e.g., Hawaiian Hotel*, 438 F.Supp. at 936; *In re Sugar Indus. Antitrust Litig.*, 437 F.Supp. 1204, 1208 (J.P.M.L. 1977); *In re Ampicillin Antitrust*

---

[15] The fact that the *Grace* case has been pending for over three years and no final ruling has been issued in regards to notice indicates that perhaps the Charlotte docket is to crowded to handle the sending of all nine cases to the Charlotte court.

[16] The defendant did propound interrogatories to the plaintiffs in the *Fowler* litigation.

*Litig.*, 315 F.Supp. 317, 319 (J.P.M.L. 1970). The experience and knowledge of a particular judge is one of the factors that may be considered in determining the appropriate transferee forum. *See, e.g., In re "Factor VIII or IX Concentrate Blood Prod. Liab. Litig.",* 853 F.Supp. 455; *In re Silicon Gel Breast Implants Prods. Liab. Litig.*, 793 F.Supp. 191; *In re Data General Corp. Antitrust Litig.*, 470 F.Supp. 855, 859 (J.P.M.L. 1979).

Currently there are over 100 current and/or former Store Managers who have elected to join these actions. Judge U.W. Clemon of the Northern District of Alabama has previously presided over similar litigation in the *Morgan v. Family Dollar Stores Inc.,* CV-01-C-0303-W. [17] Judge Clemon is extremely familiar with all of the issues that will surely be present in the nine pending cases. Judge Clemon is eminently qualified to preside over this litigation. During his tenure, Judge Clemon has handled numerous complex matters, including class actions and collective actions. Plaintiffs respectfully propose that the Panel transfer these nine lawsuits to United States District Court Judge U.W. Clemon of the United States District Court for the Northern District Of Alabama.

## V.    CONCLUSION

For the foregoing reasons, Movants requests that the Panel transfer the nine actions listed on the attached schedule to Judge U.W Clemon of the Northern District of Alabama for coordinated or consolidated pretrial proceedings.

---

[17] The *Morgan* lawsuit was filed in 2001. Initially 2500+ current and/or former Store Managers opted into the lawsuit. Extensive discovery was conducted over a 3 year period which included hundreds of interrogatories and request for production, 260+ depositions, numerous discovery motions, motions for summary judgment, motion for decertification, two trials and numerous post trial motions. The defendant has appealed the verdict.

Respectfully submitted,

*Greg Wiggins*

Gregory O. Wiggins
ASB-1752-I68G
E-mail: gwiggins@wcqp.com

OF COUNSEL:

WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500
205/254-1500 (facsimile)

*Mark Gray (with expressed permission GW)*

Mark K. Gray

OF COUNSEL:

Gray & White
1200 PNC Plaza
500 West Jefferson Street
Louisville, Kentucky 40202
502/585-2060

*Robert DeRose II (with express permission GW)*

Robert E. DeRose, II
E-mail: bderose@bnhmlaw.com

OF COUNSEL:

BARKAN, NEFF, HANDELMAN & MEIZLISH, LLP
P.O. Box 1989
Columbus, Ohio 43216-1989
614/221-4221
614/744-2300 (facsimile)

*Peter Winebrake (with express permission) (GW)*

Peter David Winebrake
E-mail: pwinebrake@winebrakelaw.com

OF COUNSEL:

THE WINEBRAKE LAW FIRM, LLC
Twining Office Center, Suite 114
715 Twining Road
Dresher, PA 19025
215/884-2491
215/884-2492 (facsimile)

## CERTIFICATE OF SERVICE

I do hereby certify that I have mailed the above and foregoing Motion and this Certificate of Service was served by First Class Mail, on January 9, 2008, the following:

Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, NE, Room G-255, North Lobby
Washington, DC 2002-8004

Mark K. Gray
Gray & White
1200 PNC Plaza
500 West Jefferson Street
Louisville, Kentucky 40202

Clerk, Western District of North Carolina
Charlotte Division
401 W. Trade Street, Room 210
Charlotte, North Carolina 28202

Gregory Lawing Jones
GREG JONES, P.A.
3015 Market Street
Wilmington, NC 28403
One of the Plaintiffs' Attorneys in *Grace, Ward, Blake* and *Fowler* cases

J. Allen Schrieber
P. Mark Petro
2 Metroplex Drive, Suite 250
Birmingham, AL 35209
One of the Plaintiffs' Attorneys in *Grace* and *Ward* case

Robert L. Wiggins, Jr.
Robert F. Childs, Jr.
Herman N. Johnson, Jr.
Wiggins, Childs, Quinn & Pantazis, LLP
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
One of the Plaintiffs' Attorneys in *Grace* and *Ward* case

James N. Boudreau
Littler Mendelson, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102
One of the Defendant Family Dollar Stores, Inc.'s attorneys

Jerry H. Walters, Jr.
Littler Mendelson, P.C.
100 North Tryon Street, suite 4150
Charlotte, North Carolina 28202
One of the Defendant Family Dollar Stores, Inc.'s attorneys

John A. Ybarra
Littler Mendelson, P.C.
200 N. LaSalle Street
Suite 2900
Chicago, IL 60601
One of the Defendant Family Dollar Stores, Inc.'s attorneys

Stephen D. Dellinger
Littler Mendelson
Bank of America Corporate Center
100 North Tyron Street, Suite 4150
Charlotte, NC 28202
One of the Defendant Family Dollar Stores, Inc.'s attorneys

Bruce H. Meizlish
Deborah R. Grayson
Meizlish & Grayson
830 Main Street, Suite 999
Cincinnati, OH 45202
Attorneys for the *Blake* and *Fowler* plaintiffs

Edward R. Forman
John S. Marshall
Marshall & Morrow, LLC
111 West Rich Street, Suite 430
Columbus, OH 43215
Attorneys for the *Blake* and *Fowler* plaintiffs

Peter David Winebrake
THE WINEBRAKE LAW FIRM, LLC
Twining Office Center, Suite 114
715 Twining Road
Dresher, PA 19025
Attorney for the *Blake* and *Fowler* plaintiffs

Robert E. DeRose, II
Robert K. Handelman
Sanford A. Meizlish
BARKAN, NEFF, HANDELMAN & MEIZLISH, LLP
P.O. Box 1989
Columbus, Ohio 43216-1989
Attorney for the *Blake* and *Fowler* plaintiffs

Alison Day Hall
Thomas M.L. Metzger
Littler Mendelson, PC
21 E State Street, Suite 1600
Columbus, OH 43215
Attorneys for the Defendants Family Dollar Stores, Inc.
    And Family Dollar of Ohio, Inc.

Ottowa E. Carter, Jr.
Ottowa E. Carter, Jr., P.A.
P.O. Box 31
Clinton, MS 39056-0031
Attorney for the *Slater* plaintiffs

Clerk, Eastern Division of Texas
Texarkana Divisional Clerk's Office
500 N State Line Avenue
P.O. Box 2090
Texarkana, Texas 75504

John E. Collins
Burleson, Pate & Gibson
2414 N. Akard Street, Suite 700
Dallas, Texas 75201
Attorney for the *McCarty/Carlile* plaintiffs

Clerk, Middle District of Florida
Tampa Division
Sam M. Gibbons U.S. Courthouse
801 North Florida Avenue
Tampa, Florida 33602

Desmond H. Staple
Desmond H. Staple, PA
4532 West Kennedy Blvd., Suite 305
Tampa, FL 33609-2042
Attorney for *Moody* plaintiff

Clerk, US District Court of Alabama
Western Division
1729 North 5th Avenue
Birmingham, Alabama 35203

Clerk, US District Court of Tennessee
Middle District
801 Broadway, Room 800
Nashville, Tennessee 37203

David W. Garrison
Gerald E. Martin
Barrett, Johnston & Parsley
217 Second Avenue North
Nashville, TN 37201

Gregory O. Wiggins

| Before the Judicial Panel on Multidistrict Litigation<br>MDL-___ - In re John Doe Litigation | | | |
| --- | --- | --- | --- |
| Case Captions | Court | Civil Action No. | Judge |
| **Plaintiffs:**<br>Irene Grace, Kimberly Anderson, Tammy Asher, Arlene Atkins, Brian K. Backlund, Jewell Ray Bedford, Sharon Phillips Bell, Brenda Bilbrey, Alfred Blair, Ethel Braswell, Barbara G. Brown, Susan E. Brown, Tammie Brunson, Nancy Burnette, Sharon Cantrell, Sandra Carney, Judy Carver, Melvin Cathey, Mark Clark, Angela J. Cooper, Monica J. Dance, Nannie Sue Daniels, Sharron A. Daugherty, Donna G. Davis, Traci R. Davis, Catherine Dawson, Betty J. Bearmon, Mary Lou Defoor, Amanda Echols, Phillis Fancher, John E. Gersch, Jimmy Earl Gilbert, Vicki Brown Guy, Deborah J. Hales, Jodi Hare, Todd C. Hargrove, Linda Herring, Dusty G. Hylton, Tara Y. Jahateh, Tracy Kloppe, Natasha Ledyard, Jennifer K. Leonard, Erica L. Lewis, Margie Al. Little, James R. Manos, Michael M. McCoy, Cynthia D. McVeigh, Austin S. Mudenda, Gene Muse, Doris M. Ness, Robby H. Quinton, Sandra Diane Rhinehart, Brenda Endsley Romines, LaSandra B. Rose, Brenda S. Rowland, Brenda Kay Russell, Marcella SanGiorgio, Gwen K. Sinns, Eddie Mae Smith, Nancy Smith, Khiallah Solomon, Iva V. Tate, Veronica Taylor, William Tedder, Clair W. Trost, Tayna Lakisha Warren and John Widdicombe<br>**Movant:** Irene Grace<br>**Defendant:** Family Dollar Stores, Inc. | U.S. District Court Western District of North Carolina (Charlotte Division) | 3:06-cv-00306 | Graham Mullen |

| | | | |
|---|---|---|---|
| **Plaintiffs:** Shawn Eric Ward, Christopher Anderson, Augusta Ayers, Darrell D. Baker, Crestlie K. Bauman, Lydia E. Cantu, Mamie Conway, Howard G. Farmer, Ike Garza, Angela V. Giliberti, Jimmy Ray Guinn, Dorothy Harson, Timothy M. Hill, Irish Johnson Houston, Dorothy R. Hudson-Meadows, Joan G. Joyner, Lynnia Marion, Phillip Mitchell, Ester Elda Resendez, Sylvia Reyes, Chelsie Richardson, Sandra D. Roper, Rickie Rowell, Chris Shellfelt, Peggy Sue Thomas, Barbara Tucker, Sally Villanueva, Ishiah R. Wilder, Dorothy Ann Wilson<br>**Movant:** Shawn Eric Ward<br>**Defendant:** Family Dollar Stores, Inc. | U.S. District Court Western District of North Carolina (Charlotte Division) | 3:06-cv-00441 | Graham Mullen |
| **Plaintiffs:** Melanie Blake, Lori Orwig, Kathy Collins<br>**Movant:** Melanie Blake<br>**Defendants:** Family Dollar Stores, Inc. and Family Dollar Stores of Ohio, Inc. | U.S. District Court Western District of North Carolina (Charlotte Division) | 3:07-cv-244 | Graham Mullen |
| **Plaintiffs:** Pamela Fowler, Terri Campbell, Kevin Jones, Patricia Fontenot<br>**Movant:** Pamela Fowler<br>**Defendants:** Family Dollar Stores, Inc. and Family Dollar Stores of Ohio, Inc. | U.S. District Court Western District of North Carolina (Charlotte Division) | 3:07-cv-316 | Graham Mullen |
| **Plaintiffs:** Lashanda Slater, Rochelle Anthony, Sharon Lewis and McLissa Reeves<br>**Defendant:** Family Dollar Stores, Inc. d/b/a Family Dollar Stores | US District Court Western District of North Carolina (Charlotte Division) | 3:07-cv-00501-GCM | Graham Mullen |
| **Plaintiff:** Sheri Toms<br>**Defendants:** Family Dollar Stores, Inc.; Family Dollar, Inc.; Family Dollar Stores of Tennessee, Inc. | US District Court Middle District of Tennessee (Nashville Division) | 3:07-cv-01277 | Aleta A. Trauger |

| | | | |
|---|---|---|---|
| **Plaintiffs**: Betty S. McCarty and Claude Carlile <br> **Defendant**: Family Dollar Stores, Inc. | U.S. District Court Eastern District of Texas Texarkana Division | 5:07-cv-194 | David Folsom |
| **Plaintiff**: Doris Moody <br> **Defendant**: Family Dollar Stores, Inc. | U.S. District Court Middle District of Florida (Tampa) | 8:08-cv-00008-RAL-MSS | Richard A. Lazzara |
| **Plaintiff**: Luana Scott <br> **Movant**: Luana Scott <br> **Defendant**: Family Dollar Stores, Inc. | U.S. District Court Northern District of Alabama | CV-08-CO-0016-W | L. Scott Coogler |

# EXHIBIT 2

IAC

# U.S. District Court
## Western District of North Carolina (Charlotte)
## CIVIL DOCKET FOR CASE #: 3:07-cv-00244-GCM

Blake v. Family Dollar Stores, Inc. et al
Assigned to: Senior Judge Graham Mullen
Case in other court: USDC-OH-Southern, 2:07cv00361
Cause: 29:206 Collect Unpaid Wages

Date Filed: 06/22/2007
Jury Demand: Plaintiff
Nature of Suit: 710 Labor: Fair Standards
Jurisdiction: Federal Question

**Plaintiff**

**Melanie Blake**
*on behalf of herself and all others similarly situated*

represented by **Bruce Howard Meizlish**
Meizlish & Grayson -1
830 Main Street; Suite 999
Cincinnati, Oh 45202
513-345-4700
Fax: 513-345-4703
Email: brucelaw@fuse.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Deborah R. Grayson**
Meizlish & Grayson -1
Second National Building, Suite 999
830 Main Street
Cincinnati, Oh 45202
513-345-4700
Fax: 513-345-4703
Email: drgrayson@fuse.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Edward Reilley Forman**
Marshall & Morrow LLC
111 W. Rich Street
Suite 430
Columbus, OH 43215
614-463-9790
Fax: 614-463-9780
Email: eforman@ee.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory Lawing Jones**

Greg Jones, P.A.
3015 Market Street
Wilmington, NC 28403
910-251-2240
Fax: 910-251-1520
Email: greg@gregjoneslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John S. Marshall**
Marshall and Morrow, LLC
111 West Rich Street
Suite 430
Columbus, OH 43215
614-463-9790
Fax: 614-463-9780
Email: marshall@ee.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter David Winebrake**
The Winebrake Law Firm, LLC
Twining Office Center, Suite 114
715 Twining Road
Dresher, PA 19025
215-884-2491
Fax: 215-884-2492
Email: pwinebrake@winebrakelaw.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert E. DeRose, II**
Barkan Neff Handelman Meizlish, LLP
P.O. Box 1989
Columbus, OH 43216-1989
614-221-4221
Fax: 614-744-2300
Email: bderose@bnhmlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Karl Handelman**
Barkan Neff Handelman Meizlish LLP
Barkan Neff Handelman Meizlish, LLP
360 S. Grant Ave.
Columbus, OH 43215
614-221-4221
Fax: 614-744-2300
Email: rhandelman@bnhmlaw.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sanford Alan Meizlish**
Barkan Neff Handelman Meizlish LLP
360 South Grant Ave.
P. O. Box 1989
Columbus, OH 43216-1969
614-221-4221
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Family Dollar Stores, Inc.**                    represented by    **Alison Day Hall**
Littler Mendelson PC -2
21 E State Street, Suite 1600
Columbus, OH 43215
614-463-4201
Fax: 614-221-3301
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jerry Howard Walters, Jr.**
Littler Mendelson, P.C.
100 North Tryon Street, Suite 4150
Charlotte, NC 28202
704-972-7013
Fax: 704-333-4005
Email: jwalters@littler.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Anthony Ybarra**
Littler Mendleson (IL)
200 N. LaSalle Street
Suite 2900
Chicago, IL 60601
312.795.3207
Fax: 312.372.7880
Email: jybarra@littler.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen D. Dellinger**
Littler Mendelson, P.C.
Bank of America Corporate Center
100 North Tryon Street
Suite 4150

Charlotte, NC 28202
704-972-7010
Fax: 704-333-4005
Email: sdellinger@littler.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas M.L. Metzger**
Littler Medelson PC -2
21 E. State Street
Suite 1600
Columbus, OH 43215
614-463-4216
Fax: 614-573-9795
Email: tmetzger@littler.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Family Dollar of Ohio, Inc.**          represented by   **Alison Day Hall**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jerry Howard Walters, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Anthony Ybarra**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen D. Dellinger**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas M.L. Metzger**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/22/2007 | 1 | Case transferred in from District of Ohio-Southern; Case Number 2:07cv361. Original file certified copy of transfer order and docket sheet received. (Attachments: # 1 USDC-OH Case Docket# 2 Cover letter for |

| | | transfer)(bsw) Additional attachment(s) added on 6/22/2007 (Wallace, Betsy) OH docs - complt and ntc of removal. (Entered: 06/22/2007) |
|---|---|---|
| 06/22/2007 | 2 | Notice of Case assignment and for all WDNC unregistered counsel: Pursuant to Local Rule 83.1 you are required to **Register** for ECF at www.ncwd.uscourts.gov, and **File** a motion pro hac vice. (Attachments: # 1 Case Opening Packet)(bsw) (Entered: 06/22/2007) |
| 06/25/2007 | 3 | NOTICE of filing copies of documents from USDC - OH - Southern - Main Doc5 MotChgVenue (Attachments: # 1 Doc6 motion to stay# 2 Doc7-1 Notice of filing consent aff# 3 Doc7-2 Affidavit# 4 Doc8 State Court Transcript# 5 Doc10-1 Motion to Certify Class# 6 Doc10-2 Memo in suppt# 7 Doc11 Response to Motion Stay# 8 Doc12 Resp to Mot change venue# 9 Doc13 Ntc of Walter Aff# 10 Doc14 Mot to Stay# 11 Doc15 Rply to Mot chg venue)(bsw) (Entered: 06/25/2007) |
| 06/26/2007 | 4 | NOTICE of Appearance by Jerry Howard Walters, Jr on behalf of Family Dollar Stores, Inc., Family Dollar of Ohio, Inc. (Walters, Jerry) (Entered: 06/26/2007) |
| 06/26/2007 | 5 | MOTION for Leave to Appear Pro Hac Vice as to John A. Ybarra Filing fee $ 100, receipt number 366993. by Family Dollar Stores, Inc., Family Dollar of Ohio, Inc.. (Attachments: # 1 Affidavit Of John A. Ybarra) (Walters, Jerry) (Entered: 06/26/2007) |
| 06/26/2007 | 6 | MOTION for Leave to Appear Pro Hac Vice as to Thomas M.L. Metzger Filing fee $ 100, receipt number 367041. by Family Dollar Stores, Inc., Family Dollar of Ohio, Inc.. (Attachments: # 1 Affidavit of Thomas M. L. Metzger)(Walters, Jerry) (Entered: 06/26/2007) |
| 06/26/2007 | 7 | NOTICE of Appearance by Stephen D. Dellinger on behalf of Family Dollar Stores, Inc., Family Dollar of Ohio, Inc. (Dellinger, Stephen) (Entered: 06/26/2007) |
| 06/27/2007 | 8 | ORDER granting 5 Motion for Leave to Appear Pro Hac Vice added John Anthony Ybarra for Family Dollar Stores, Inc.. Signed by Judge Graham Mullen on 6/27/07. (chh) (Entered: 06/27/2007) |
| 06/27/2007 | 9 | ORDER granting 6 Motion for Leave to Appear Pro Hac Vice added Thomas M.L. Metzger for Family Dollar Stores, Inc.. Signed by Judge Graham Mullen on 6/27/07. (chh) (Entered: 06/27/2007) |
| 07/23/2007 | 10 | MOTION for Leave to Appear Pro Hac Vice as to Gregory L. Jones Filing fee $ 100, receipt number 378408. by Melanie Blake. (Attachments: # 1 Affidavit Affidavit of Robert E. DeRose)(Jones, Gregory) (Entered: 07/23/2007) |
| 07/23/2007 | 11 | NOTICE of Appearance by Gregory Lawing Jones on behalf of Melanie Blake (Jones, Gregory) (Entered: 07/23/2007) |
| 08/09/2007 | 12 | ORDER granting 10 Motion for Leave to Appear Pro Hac Vice. Signed by Judge Graham Mullen on 8/9/2007. (apb) (Entered: 08/09/2007) |
| 08/28/2007 | 13 | MOTION for Leave to Appear Pro Hac Vice as to Deborah R. Grayson |

| | | Filing fee $ 100, receipt number 393972. by Melanie Blake. (Attachments: # 1 Affidavit)(Jones, Gregory) (Entered: 08/28/2007) |
|---|---|---|
| 08/28/2007 | 14 | MOTION for Leave to Appear Pro Hac Vice as to Bruce H. Meizlish Filing fee $ 100, receipt number 393978. by Melanie Blake. (Attachments: # 1 Affidavit)(Jones, Gregory) (Entered: 08/28/2007) |
| 08/28/2007 | 15 | MOTION for Leave to Appear Pro Hac Vice as to John S. Marshall Filing fee $ 100, receipt number 393979. by Melanie Blake. (Attachments: # 1 Affidavit)(Jones, Gregory) (Entered: 08/28/2007) |
| 08/28/2007 | 16 | MOTION for Leave to Appear Pro Hac Vice as to Edward R. Forman Filing fee $ 100, receipt number 393981. by Melanie Blake. (Attachments: # 1 Affidavit)(Jones, Gregory) (Entered: 08/28/2007) |
| 08/28/2007 | 17 | ORDER granting 13 Motion for Leave to Appear Pro Hac Vice - Deborah R. Grayson. Signed by Judge Graham Mullen on 8/28/07. (com) (Entered: 08/28/2007) |
| 08/28/2007 | 18 | ORDER granting 14 Motion for Leave to Appear Pro Hac Vice - Bruce H. Meizlish. Signed by Judge Graham Mullen on 8/28/07. (com) (Entered: 08/28/2007) |
| 08/28/2007 | 19 | ORDER granting 15 Motion for Leave to Appear Pro Hac Vice - John S. Marshall. Signed by Judge Graham Mullen on 8/28/07. (com) (Entered: 08/28/2007) |
| 08/28/2007 | 20 | ORDER granting 16 Motion for Leave to Appear Pro Hac Vice - Edward R. Forman. Signed by Judge Graham Mullen on 8/28/07. (com) (Entered: 08/28/2007) |
| 08/31/2007 | 21 | MOTION for Leave to Appear Pro Hac Vice as to Robert K. Handelman Filing fee $ 100, receipt number 395907. by Melanie Blake. (Attachments: # 1 Affidavit)(Jones, Gregory) (Entered: 08/31/2007) |
| 08/31/2007 | 22 | MOTION for Leave to Appear Pro Hac Vice as to Pete Winebrake Filing fee $ 100, receipt number 395916. by Melanie Blake. (Attachments: # 1 Affidavit)(Jones, Gregory) (Entered: 08/31/2007) |
| 08/31/2007 | 23 | ORDER granting 21 Motion for Leave to Appear Pro Hac Vice - Robert K. Handelman. Signed by Judge Graham Mullen on 8/31/07. (com) (Entered: 08/31/2007) |
| 08/31/2007 | 24 | ORDER granting 22 Motion for Leave to Appear Pro Hac Vice added Peter David Winebrake for Melanie Blake. Signed by Judge Graham Mullen on 8/31/07. (com) (Entered: 08/31/2007) |
| 09/18/2007 | 25 | ORDER re class certification. Signed by Judge Graham Mullen on 9/18/07. (com) (Entered: 09/18/2007) |
| 01/11/2008 | 26 | Transfer Motion filed before the Judicial Panel MDL. Re: MDL Number unknown, MDL Title: Family Dollar Wage and Hour Litigation to transfer for coordinated or consolidated pretrial proceedings by Irene Grace, Augusta Ayers, Christopher Anderson, Shawn Eric Ward, Isaiah |

| | | Raheem Wilder, Melanie Blake, Terri Campbell, Kevin Jones, Patricia Fontenot, Aaron Israel, and Pamela Fowler. (Attachments: (1) Brief in Support)(com) (Entered: 01/15/2008) |
|---|---|---|
| 01/22/2008 | 27 | ORDER: parties to submit Certificate of Initial Attorneys Conference within 30 days. Signed by Senior Judge Graham Mullen on 1/22/08. (com) (Entered: 01/22/2008) |
| 01/29/2008 | 28 | MOTION to Stay *Pending Decision on Transfer Pursuant to 28 U.S.C. section 1407* by Melanie Blake.Responses due by 2/15/2008. (DeRose, Robert) (Entered: 01/29/2008) |
| 01/29/2008 | 29 | MEMORANDUM in Support re 28 MOTION to Stay *Pending Decision on Transfer Pursuant to 28 U.S.C. section 1407* by Melanie Blake. (Attachments: # 1 Exhibit A-Docket and Journal Entry, # 2 Exhibit B-Plaintiffs response to Stay, # 3 Exhibit C-Motion for Conditional Certification, # 4 Exhibit D-Blake v. Family Dollar 26(f) filed in Southern District of Ohio, # 5 Exhibit E-Pretrial Order, # 6 Exhibit F-Panel Service of Motion to Transfer, # 7 Exhibit G-1 Defendant's Motion for Transfer in AL, # 8 Exhibit G-2 Defendant's Motion to Transfer in CO, # 9 Exhibit G-3 Defendant's Motion to Transfer in FL, # 10 Exhibit G-4 Defendant's Motion to Transfer TN, # 11 Exhibit G-5 Defendant's Motion to Transfer in TX, # 12 Exhibit H - Defendant's Opposition to Plaintiff's Motion to Consolidate in Grace v. Family Dollar, # 13 Exhibit I-Certificate of Concurrence, # 14 Exhibit J-Moody v. Family Dollar Order, # 15 Exhibit K-Blake Proposed Order, # 16 Unreported Cases) (DeRose, Robert) (Entered: 01/29/2008) |
| 01/30/2008 | 30 | NOTICE by Melanie Blake *of the Withdrawal of Plaintiff's Motion for Class Certification* (DeRose, Robert) (Entered: 01/30/2008) |
| 01/30/2008 | 31 | NOTICE by Family Dollar Stores, Inc., Family Dollar of Ohio, Inc. re 30 Notice (Other), 28 MOTION to Stay *Pending Decision on Transfer Pursuant to 28 U.S.C. section 1407* (Dellinger, Stephen) (Entered: 01/30/2008) |
| 02/06/2008 | 32 | Supplemental Memorandum by Melanie Blake as to 28 MOTION to Stay *Pending Decision on Transfer Pursuant to 28 U.S.C. section 1407* by Melanie Blake. (Attachments: # 1 Exhibit A: 2-5-08 Toms v. Family Dollar Stores, Inc, et al - Order)(DeRose, Robert) (Entered: 02/06/2008) |
| 02/07/2008 | 33 | RESPONSE to Motion re 28 MOTION to Stay *Pending Decision on Transfer Pursuant to 28 U.S.C. section 1407* by Family Dollar Stores, Inc., Family Dollar of Ohio, Inc.. Replies due by 2/22/2008. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15)(Walters, Jerry) (Entered: 02/07/2008) |
| 02/08/2008 | 34 | Miscellaneous Filing by Family Dollar Stores, Inc., Family Dollar of Ohio, Inc.. re: 30 Notice (Other) *Defendants' Response to Plaintiffs' Notice of Withdrawal* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 |

| | | Exhibit 8)(Walters, Jerry) (Entered: 02/08/2008) |
|---|---|---|
| 02/08/2008 | 35 | *Answer and Affirmative Defenses to Plaintiffs' Amended Collective Action Complaint* ANSWER to Complaint by Family Dollar Stores, Inc., Family Dollar of Ohio, Inc..(Walters, Jerry) (Entered: 02/08/2008) |
| 02/13/2008 | 36 | REPLY to Response to Motion re 28 MOTION to Stay *Pending Decision on Transfer Pursuant to 28 U.S.C. section 1407* by Melanie Blake. (Attachments: # 1 Exhibit A- 4-2-07 Defendant's Opposition in Grace, # 2 Exhibit B- 6-25-04 Defendant's Motion to Strike in Grace, # 3 Exhibit C - 7-14-06 Order in Grace, # 4 Exhibit D - 9-6-07 Order in Grace, # 5 Exhibit E - Unreported case - Home Shopping Network v. Happy Mind, Inc., # 6 Exhibit F - 1-22-08 Order in Grace, # 7 Exhibit G - 1-22-08 Order in Ward, # 8 Exhibit H - 1-18-08 MDL filing - Defendant's Opposition to Plaintiffs' Motion to Transfer, # 9 Exhibit I - 2-11-08 Colorado Order)(DeRose, Robert) (Entered: 02/13/2008) |
| 02/15/2008 | 37 | CERTIFICATION of initial attorney conference and discovery plan *(Joint Report)* by Family Dollar Stores, Inc., Family Dollar of Ohio, Inc.. (Dellinger, Stephen) (Entered: 02/15/2008) |
| 02/19/2008 | | NOTICE of ECF Filing Error re: 37 Certification of Initial Attorneys Conference and Discovery Plan filed by Family Dollar Stores, Inc., Family Dollar of Ohio, Inc. Pursuant to Administrative Procedure II.C.2. the signature block should include an e-mail address. NO ACTION REQUIRED - FOR INFORMATIONAL PURPOSES ONLY. (dtr) (Entered: 02/19/2008) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 02/25/2008 12:34:39 | | |
| PACER Login: | lm0071 | Client Code: | 054349.1089 |
| Description: | Docket Report | Search Criteria: | 3:07-cv-00244-GCM |
| Billable Pages: | 5 | Cost: | 0.40 |

# EXHIBIT 3

IAC

# U.S. District Court
## Western District of North Carolina (Charlotte)
### CIVIL DOCKET FOR CASE #: 3:07-cv-00316-GCM

Fowler et al v. Family Dollar Stores, Inc. et al
Assigned to: Senior Judge Graham Mullen
Case in other court: USDC - Southern District of Ohio,
            1:07cv00250
Cause: 29:201 Fair Labor Standards Act

Date Filed: 08/08/2007
Jury Demand: None
Nature of Suit: 710 Labor: Fair
Standards
Jurisdiction: Federal Question

**Plaintiff**

**Pamela Fowler**

represented by **Bruce Howard Meizlish**
Meizlish & Grayson -1
830 Main Street; Suite 999
Cincinnati, Oh 45202
513-345-4700
Fax: 513-345-4703
Email: brucelaw@fuse.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Deborah R. Grayson**
Meizlish & Grayson -1
Second National Building, Suite 999
830 Main Street
Cincinnati, Oh 45202
513-345-4700
Fax: 513-345-4703
Email: drgrayson@fuse.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Edward Reilley Forman**
Marshall & Morrow LLC
111 W. Rich Street
Suite 430
Columbus, OH 43215
614-463-9790
Fax: 614-463-9780
Email: eforman@ee.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory Lawing Jones**

Greg Jones, P.A.
3015 Market Street
Wilmington, NC 28403
910-251-2240
Fax: 910-251-1520
Email: greg@gregjoneslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John S. Marshall**
Marshall and Morrow, LLC
111 West Rich Street
Suite 430
Columbus, OH 43215
614-463-9790
Fax: 614-463-9780
Email: marshall@ee.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter David Winebrake**
The Winebrake Law Firm, LLC
Twining Office Center, Suite 114
715 Twining Road
Dresher, PA 19025
215-884-2491
Fax: 215-884-2492
Email: pwinebrake@winebrakelaw.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert E. DeRose, II**
Barkan Neff Handelman Meizlish, LLP
P.O. Box 1989
Columbus, OH 43216-1989
614-221-4221
Fax: 614-744-2300
Email: bderose@bnhmlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Karl Handelman**
Barkan Neff Handelman Meizlish LLP
Barkan Neff Handelman Meizlish, LLP
360 S. Grant Ave.
Columbus, OH 43215
614-221-4221
Fax: 614-744-2300
Email: rhandelman@bnhmlaw.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Terri Campbell**                     represented by   **Bruce Howard Meizlish**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Deborah R. Grayson**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Edward Reilley Forman**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Gregory Lawing Jones**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **John S. Marshall**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Peter David Winebrake**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Robert E. DeRose, II**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Robert Karl Handelman**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Kevin Jones**                        represented by   **Bruce Howard Meizlish**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Deborah R. Grayson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Edward Reilley Forman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory Lawing Jones**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John S. Marshall**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter David Winebrake**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert E. DeRose, II**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Karl Handelman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Patricia Fontenot**                    represented by **Bruce Howard Meizlish**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Deborah R. Grayson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Edward Reilley Forman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory Lawing Jones**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John S. Marshall**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter David Winebrake**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert E. DeRose, II**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Karl Handelman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Aaron Israel**                     represented by   **Bruce Howard Meizlish**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Deborah R. Grayson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Edward Reilley Forman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory Lawing Jones**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John S. Marshall**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Peter David Winebrake**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert E. DeRose, II**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Karl Handelman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Family Dollar Stores, Inc.**                    represented by    **Jerry Howard Walters, Jr.**
Littler Mendelson, P.C.
100 North Tryon Street, Suite 4150
Charlotte, NC 28202
704-972-7013
Fax: 704-333-4005
Email: jwalters@littler.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Anthony Ybarra**
Littler Mendleson (IL)
200 N. LaSalle Street
Suite 2900
Chicago, IL 60601
312.795.3207
Fax: 312.372.7880
Email: jybarra@littler.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen D. Dellinger**
Littler Mendelson, P.C.
Bank of America Corporate Center
100 North Tryon Street
Suite 4150
Charlotte, NC 28202
704-972-7010
Fax: 704-333-4005
Email: sdellinger@littler.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas M.L. Metzger**
Littler Medelson PC -2
21 E. State Street
Suite 1600
Columbus, OH 43215
614-463-4216
Fax: 614-573-9795
Email: tmetzger@littler.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Family Dollar Stores of Ohio, Inc.** | represented by | **Jerry Howard Walters, Jr.** |

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Anthony Ybarra**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen D. Dellinger**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas M.L. Metzger**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/08/2007 | 29 | Case transferred in from District of Southern Ohio; Case Number 1:07cv250. Original file with documents numbered 1-28, certified copy of transfer order and docket sheet received.. (Attachments: # 1 complaint# 2 attach 1# 3 attach 2# 4 attach 3# 5 attach 4# 6 attach 5# 7 attach 6# 8 attach 7# 9 attach 8# 10 attach 9# 11 attach 10# 12 attach 11# 13 attach 12# 14 attach 13# 15 attach 14# 16 attach 15# 17 attach 16# 18 attach 17# 19 attach 18# 20 attach 19# 21 attach 20# 22 attach 21# 23 motion to certify# 24 prop order to certifiy# 25 motion to certify part 2# 26 motion to transfer venue# 27 prop order for transfer of venue)(chh) (Entered: 08/08/2007) |
| 08/08/2007 | | Judge Carl Horn, III added. (chh) (Entered: 08/08/2007) |

| 08/15/2007 | | Case reassigned to Judge Graham Mullen. Judge Robert J. Conrad, Jr no longer assigned to the case. *This is your only notice - you will not receive a separate document.*(ssh) (Entered: 08/15/2007) |
|---|---|---|
| 08/15/2007 | 30 | NOTICE of Appearance by Jerry Howard Walters, Jr on behalf of Family Dollar Stores, Inc., Family Dollar Stores of Ohio, Inc. (Walters, Jerry) (Entered: 08/15/2007) |
| 08/15/2007 | 31 | MOTION for Leave to Appear Pro Hac Vice as to Metzger Filing fee $ 100, receipt number 388890. by Family Dollar Stores, Inc., Family Dollar Stores of Ohio, Inc.. (Attachments: # 1 Affidavit of Thomas M.L. Metzger)(Walters, Jerry). Motions referred to Carl Horn, III. (Entered: 08/15/2007) |
| 08/16/2007 | 32 | MOTION for Leave to Appear Pro Hac Vice as to John A. Ybarra Filing fee $ 100, receipt number 389416. by Family Dollar Stores, Inc., Family Dollar Stores of Ohio, Inc.. (Attachments: # 1 Affidavit of John A. Ybarra)(Walters, Jerry). Motions referred to Carl Horn, III. (Entered: 08/16/2007) |
| 08/16/2007 | 33 | NOTICE of Appearance by Stephen D. Dellinger on behalf of Family Dollar Stores, Inc., Family Dollar Stores of Ohio, Inc. (Dellinger, Stephen) (Entered: 08/16/2007) |
| 08/16/2007 | 34 | ORDER granting 31 Motion for Leave to Appear Pro Hac Vice for Thomas M.L. Metzger. Signed by Judge Graham Mullen on 8/16/2007. (apb) (Entered: 08/16/2007) |
| 08/20/2007 | | Judge Carl Horn, III no longer assigned to case as referral judge. (bsw) (Entered: 08/20/2007) |
| 08/31/2007 | 35 | NOTICE of Appearance by Gregory Lawing Jones on behalf of all plaintiffs (Jones, Gregory) (Entered: 08/31/2007) |
| 08/31/2007 | 36 | MOTION for Leave to Appear Pro Hac Vice as to Ed Forman Filing fee $ 100, receipt number 395931. by Terri Campbell, Kevin Jones, Patricia Fontenot, Aaron Israel, Pamela Fowler. (Attachments: # 1 Affidavit) (Jones, Gregory) (Entered: 08/31/2007) |
| 08/31/2007 | 37 | MOTION for Leave to Appear Pro Hac Vice as to Deborah Grayson Filing fee $ 100, receipt number 395936. by Terri Campbell, Kevin Jones, Patricia Fontenot, Aaron Israel, Pamela Fowler. (Attachments: # 1 Affidavit)(Jones, Gregory) (Entered: 08/31/2007) |
| 08/31/2007 | 38 | MOTION for Leave to Appear Pro Hac Vice as to John S. Marshall Filing fee $ 100, receipt number 395937. by Terri Campbell, Kevin Jones, Patricia Fontenot, Aaron Israel, Pamela Fowler. (Attachments: # 1 Affidavit)(Jones, Gregory) (Entered: 08/31/2007) |
| 08/31/2007 | 39 | MOTION for Leave to Appear Pro Hac Vice as to Bruce H. Meizlish Filing fee $ 100, receipt number 395939. by Terri Campbell, Kevin Jones, Patricia Fontenot, Aaron Israel, Pamela Fowler. (Attachments: # 1 Affidavit)(Jones, Gregory) (Entered: 08/31/2007) |

| 08/31/2007 | 40 | MOTION for Leave to Appear Pro Hac Vice as to Pete Winebrake Filing fee $ 100, receipt number 395944. by Terri Campbell, Kevin Jones, Patricia Fontenot, Aaron Israel, Pamela Fowler. (Attachments: # 1 Affidavit)(Jones, Gregory) (Entered: 08/31/2007) |
| --- | --- | --- |
| 08/31/2007 | 41 | MOTION for Leave to Appear Pro Hac Vice as to Robert E. DeRose Filing fee $ 100, receipt number 395948. by Terri Campbell, Kevin Jones, Patricia Fontenot, Aaron Israel, Pamela Fowler. (Attachments: # 1 Affidavit)(Jones, Gregory) (Entered: 08/31/2007) |
| 08/31/2007 | 42 | MOTION for Leave to Appear Pro Hac Vice as to Robert K. Handelman Filing fee $ 100, receipt number 395950. by Terri Campbell, Kevin Jones, Patricia Fontenot, Aaron Israel, Pamela Fowler. (Attachments: # 1 Affidavit)(Jones, Gregory) (Entered: 08/31/2007) |
| 08/31/2007 | 43 | ORDER granting 36 Motion for Leave to Appear Pro Hac Vice - Edward R. Forman. Signed by Judge Graham Mullen on 8/31/07. (com) (Entered: 08/31/2007) |
| 08/31/2007 | 44 | ORDER granting 37 Motion for Leave to Appear Pro Hac Vice - Deborah Grayson. Signed by Judge Graham Mullen on 8/31/07. (com) (Entered: 08/31/2007) |
| 08/31/2007 | 45 | ORDER granting 38 Motion for Leave to Appear Pro Hac Vice - John Marshall. Signed by Judge Graham Mullen on 8/31/07. (com) (Entered: 08/31/2007) |
| 08/31/2007 | 46 | ORDER granting 39 Motion for Leave to Appear Pro Hac Vice - Bruce Meizlish. Signed by Judge Graham Mullen on 8/31/07. (com) (Entered: 08/31/2007) |
| 08/31/2007 | 47 | ORDER granting 40 Motion for Leave to Appear Pro Hac Vice added Peter David Winebrake for plaintiffs. Signed by Judge Graham Mullen on 8/31/07. (com) (Entered: 08/31/2007) |
| 08/31/2007 | 48 | ORDER granting 41 Motion for Leave to Appear Pro Hac Vice - Robert DeRose. Signed by Judge Graham Mullen on 8/31/07. (com) (Entered: 08/31/2007) |
| 08/31/2007 | | NOTICE of ECF Filing Error re: 35 Notice of Appearance filed by Patricia Fontenot, Kevin Jones, Aaron Israel, Terri Campbell, Pamela Fowler No certificate of service. Filer shall file a certificate of service using the *Certificate of Service* event. (ejb) (Entered: 09/04/2007) |
| 08/31/2007 | | NOTICE of ECF Filing Error re: 37 MOTION for Leave to Appear Pro Hac Vice as to Deborah Grayson, 40 MOTION for Leave to Appear Pro Hac Vice as to Pete Winebrake, 41 MOTION for Leave to Appear Pro Hac Vice as to Robert E. DeRose, 39 MOTION for Leave to Appear Pro Hac Vice as to Bruce H. Meizlish, 36 MOTION for Leave to Appear Pro Hac Vice as to Ed Forman, 42 MOTION for Leave to Appear Pro Hac Vice as to Robert K. Handelman, 38 MOTION for Leave to Appear Pro Hac Vice as to John S. Marshall ***** if opposing counsel is receiving service of filing via CM/ECF system, Certificate of Service should show |

| | | opposing counsels' e-mail address - NO ACTION REQUIRED - FOR INFORMATIONAL PURPOSES ONLY. (ejb) (Entered: 09/04/2007) |
|---|---|---|
| 09/04/2007 | 49 | ORDER granting 42 Motion for Leave to Appear Pro Hac Vice for Robert K. Handelman. Signed by Judge Graham Mullen on 9/4/07. (bsw) (Entered: 09/04/2007) |
| 09/11/2007 | 50 | NOTICE of Appearance by Gregory Lawing Jones on behalf of all plaintiffs (Attachments: # 1 Certificate of Service)(Jones, Gregory) (Entered: 09/11/2007) |
| 09/11/2007 | | NOTICE of ECF Filing Error re: 50 Notice of Appearance filed by Patricia Fontenot, Kevin Jones, Aaron Israel, Terri Campbell, Pamela Fowler Certificate of service is incomplete because if opposing counsel receives service via CM/ECF system it should show opposing counsel's e-mail address. NO ACTION REQUIRED - FOR INFORMATIONAL PURPOSES ONLY. (ejb) (Entered: 09/12/2007) |
| 09/18/2007 | 51 | ORDER re class certification. Signed by Judge Graham Mullen on 9/18/07. (com) (Entered: 09/18/2007) |
| 01/11/2008 | 52 | Transfer Motion filed before the Judicial Panel MDL. Re: MDL Number unknown, MDL Title: Family Dollar Wage and Hour Litigation to transfer for coordinated or consolidated pretrial proceedings by Irene Grace, Augusta Ayers, Christopher Anderson, Shawn Eric Ward, Isaiah Raheem Wilder, Melanie Blake, Terri Campbell, Kevin Jones, Patricia Fontenot, Aaron Israel, and Pamela Fowler. (Attachments: (1) Brief in Support)(com) (Entered: 01/15/2008) |
| 01/22/2008 | 53 | ORDER: parties to file Certification of Report of Initial Attorneys Conference within 30 days. Signed by Senior Judge Graham Mullen on 1/22/08. (com) (Entered: 01/22/2008) |
| 01/29/2008 | 54 | MOTION to Stay *Pending Decision on Transfer Pursuant to 28 U.S.C. section 1407* by Terri Campbell, Kevin Jones, Patricia Fontenot, Aaron Israel, Pamela Fowler.Responses due by 2/15/2008. (DeRose, Robert) (Entered: 01/29/2008) |
| 01/29/2008 | 55 | MEMORANDUM in Support re 54 MOTION to Stay *Pending Decision on Transfer Pursuant to 28 U.S.C. section 1407* by Terri Campbell, Kevin Jones, Patricia Fontenot, Aaron Israel, Pamela Fowler. (Attachments: # 1 Exhibit A-Motion for Conditional Certification filed in Southern District of Ohio, # 2 Exhibit B-Defendant's Motion to Stay, # 3 Exhibit C-MDL Notice of the filing of Plaintiffs Motion dated 1-14-08, # 4 Exhibit D-1 Defendant's Motion to Transfer in AL, # 5 Exhibit D-2 Defendant's Motion to Transfer in CO, # 6 Exhibit D-3 Defendant's Motion to Transfer in FL, # 7 Exhibit D-4 Defendant's Motion to Transfer-TN, # 8 Exhibit D-5 Defendant's Motion to Transfer in TX, # 9 Exhibit E-Defendan't Opposition to Plaintiff's motion to consolidate, # 10 Exhibit F-Certificate of Concurrence, # 11 Exhibit G-Moody v. Family Dollar Order, # 12 Exhibit H-Fowler Proposed Order)(DeRose, Robert) (Entered: 01/29/2008) |

| 01/30/2008 | 56 | NOTICE by Terri Campbell, Kevin Jones, Patricia Fontenot, Aaron Israel, Pamela Fowler *of the Withdrawal of Plaintiffs' Motion for Class Certification* (DeRose, Robert) (Entered: 01/30/2008) |
|---|---|---|
| 01/30/2008 | 57 | NOTICE by Family Dollar Stores, Inc., Family Dollar Stores of Ohio, Inc. re 56 Notice (Other), 54 MOTION to Stay *Pending Decision on Transfer Pursuant to 28 U.S.C. section 1407* (Dellinger, Stephen) (Entered: 01/30/2008) |
| 02/06/2008 | 58 | Supplemental Memorandum by Terri Campbell, Kevin Jones, Patricia Fontenot, Aaron Israel, Pamela Fowler as to 54 MOTION to Stay *Pending Decision on Transfer Pursuant to 28 U.S.C. section 1407* by Terri Campbell, Kevin Jones, Patricia Fontenot, Aaron Israel, Pamela Fowler. (Attachments: # 1 Exhibit A: 2-5-08 Toms v. Family Dollar Stores, Inc., et al Order)(DeRose, Robert) (Entered: 02/06/2008) |
| 02/07/2008 | 59 | RESPONSE to Motion re 54 MOTION to Stay *Pending Decision on Transfer Pursuant to 28 U.S.C. section 1407* by Family Dollar Stores, Inc., Family Dollar Stores of Ohio, Inc.. Replies due by 2/22/2008. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15)(Walters, Jerry) (Entered: 02/07/2008) |
| 02/08/2008 | 60 | Miscellaneous Filing by Family Dollar Stores, Inc., Family Dollar Stores of Ohio, Inc.. re: 56 Notice (Other) *Defendants' Response to Plaintiffs' Notice of Withdrawal* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8)(Walters, Jerry) (Entered: 02/08/2008) |
| 02/08/2008 | 61 | *Answer and Affirmative Defenses to Plaintiffs' Class and Collective Action Complaint* ANSWER to Complaint by Family Dollar Stores, Inc., Family Dollar Stores of Ohio, Inc..(Walters, Jerry) (Entered: 02/08/2008) |
| 02/11/2008 | | NOTICE of ECF Filing Error re: 60 Miscellaneous Filing, filed by Family Dollar Stores, Inc., Family Dollar Stores of Ohio, Inc. Filer used the wrong event. Filer should have used *Response located under other answers*. NO ACTION REQUIRED - FOR INFORMATIONAL PURPOSES ONLY. (apb) (Entered: 02/11/2008) |
| 02/13/2008 | 62 | REPLY to Response to Motion re 54 MOTION to Stay *Pending Decision on Transfer Pursuant to 28 U.S.C. section 1407* by Terri Campbell, Kevin Jones, Patricia Fontenot, Aaron Israel, Pamela Fowler. (Attachments: # 1 Exhibit A: 4-2-07 Defendant's Opposition in Grace, # 2 Exhibit B: 6-25-04 Defendant's Motion to Strike in Grace, # 3 Exhibit C: 7-14-06 Order in Grace, # 4 Exhibit D - 9-6-07 Order in Grace, # 5 Exhibit E - Unreported case - Home Shopping Network v. Happy Mind, Inc., # 6 Exhibit F - 1-22-08 Order in Grace, # 7 Exhibit G - 1-22-08 Order in Ward, # 8 Exhibit H - 1-18-08 MDL filing - Defendant's Opposition to Plaintiffs Motion to Transfer, # 9 Exhibit I - 2-11-08 Colorado Order)(DeRose, Robert) (Entered: 02/13/2008) |
| 02/15/2008 | 63 | CERTIFICATION of initial attorney conference and discovery plan |

*(Joint Report)* by Family Dollar Stores, Inc., Family Dollar Stores of Ohio, Inc..(Dellinger, Stephen) (Entered: 02/15/2008)

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 02/25/2008 12:42:02 | | | |
| **PACER Login:** | lm0071 | **Client Code:** | 054349.1089 |
| **Description:** | Docket Report | **Search Criteria:** | 3:07-cv-00316-GCM |
| **Billable Pages:** | 7 | **Cost:** | 0.56 |

# EXHIBIT 4

IAC

# U.S. District Court
## Western District of North Carolina (Charlotte)
## CIVIL DOCKET FOR CASE #: 3:07-cv-00501-GCM

| | |
|---|---|
| Slater et al v. Family Dollar Stores, Inc. et al | Date Filed: 11/28/2007 |
| Assigned to: Senior Judge Graham Mullen | Jury Demand: Plaintiff |
| Case in other court: Mississippi Southern, 3:07-cv-00119 | Nature of Suit: 710 Labor: Fair Standards |
| Cause: 29:201 Fair Labor Standards Act | Jurisdiction: Federal Question |

**Plaintiff**

**Lashanda Slater**                 represented by   **Gregory O'Dell Wiggins**
                                                     The Kress Building
                                                     301 19th Street North
                                                     Birmingham, AL 35203
                                                     205-314-0542
                                                     Fax: 205-254-1500
                                                     Email: gwiggins@wcqp.com
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Ottowa E. Carter, Jr.**
                                                     OTTOWA E. CARTER, JR. PA
                                                     P. O. Box 31
                                                     Clinton, MS 39056-0031
                                                     601/910-5100
                                                     Fax: 601/910-5002
                                                     Email: oec@ottowacarterlaw.com
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Rochelle Anthony**                 represented by   **Ottowa E. Carter, Jr.**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Sharon Lewis**                 represented by   **Ottowa E. Carter, Jr.**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**McLissa Reeves**                  represented by   **Ottowa E. Carter, Jr.**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*


V.

**Defendant**

**Family Dollar Stores, Inc.**      represented by   **Jerry Howard Walters, Jr.**
*doing business as*                                  Littler Mendelson, P.C.
Family Dollar Stores                                 100 North Tryon Street, Suite 4150
                                                     Charlotte, NC 28202
                                                     704-972-7013
                                                     Fax: 704-333-4005
                                                     Email: jwalters@littler.com
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Stephen D. Dellinger**
                                                     Littler Mendelson, P.C.
                                                     Bank of America Corporate Center
                                                     100 North Tryon Street
                                                     Suite 4150
                                                     Charlotte, NC 28202
                                                     704-972-7010
                                                     Fax: 704-333-4005
                                                     Email: sdellinger@littler.com
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **J. William Manuel**
                                                     BRADLEY, ARANT, ROSE &
                                                     WHITE, LLP
                                                     P.O. Box 1789
                                                     Jackson, MS 39215-1789
                                                     601/948-8000
                                                     Email: wmanuel@bradleyarant.com
                                                     *TERMINATED: 12/07/2007*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Melody McAnally**
                                                     BRADLEY, ARANT, ROSE &
                                                     WHITE, LLP
                                                     P.O. Box 1789
                                                     Jackson, MS 39215-1789
                                                     601/948-8000
                                                     Fax: 601-948-3000
                                                     Email: mmcanally@bradleyarant.com
                                                     *TERMINATED: 12/07/2007*
                                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**John Does 1-10**

| Date Filed | # | Docket Text |
|---|---|---|
| 02/27/2007 | 1 | COMPLAINT against Family Dollar Stores, Inc., John Does 1-10 ( Filing fee $ 350 receipt number J017898.)Jury Demand filed by Lashanda Slater, Rochelle Anthony, Sharon Lewis, McLissa Reeves. (Attachments: # 1 Civil Cover Sheet)(Moore, Janet) Modified on 3/1/2007 (Moore, Janet). [Transferred from mssd on 11/28/2007.] (Entered: 02/28/2007) |
| 02/28/2007 | | Summons Issued as to Family Dollar Stores, Inc.. (Moore, Janet) [Transferred from mssd on 11/28/2007.] (Entered: 02/28/2007) |
| 06/29/2007 | 2 | MOTION to Change Venue by Family Dollar Stores, Inc. (McAnally, Melody) [Transferred from mssd on 11/28/2007.] (Entered: 06/29/2007) |
| 06/29/2007 | 3 | MEMORANDUM in Support re 2 MOTION to Change Venue filed by Family Dollar Stores, Inc. (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit # 4 Exhibit # 5 Exhibit # 6 Exhibit # 7 Exhibit # 8 Exhibit # 9 Exhibit # 10 Exhibit # 11 Exhibit # 12 Exhibit # 13 Exhibit # 14 Exhibit # 15 Exhibit)(McAnally, Melody) [Transferred from mssd on 11/28/2007.] (Entered: 06/29/2007) |
| 07/02/2007 | 4 | NOTICE of Appearance by J. William Manuel on behalf of Family Dollar Stores, Inc. (Manuel, J.) [Transferred from mssd on 11/28/2007.] (Entered: 07/02/2007) |
| 07/03/2007 | 5 | MOTION for Extension of Time to File Response/Reply *to Defendant's Motion to Transfer Venue* by Rochelle Anthony (Carter, Ottowa) [Transferred from mssd on 11/28/2007.] (Entered: 07/03/2007) |
| 07/05/2007 | | TEXT ONLY ORDER granting 5 Motion for Extension of Time to File Response/Reply re 2 MOTION to Change Venue Responses due by 8/2/2007 Replies due by 8/13/2007 Signed by Judge James C. Sumner on July 5, 2007. NO FURTHER ORDER TO BE WRITTEN. (DCL, ) [Transferred from mssd on 11/28/2007.] (Entered: 07/05/2007) |
| 07/09/2007 | 6 | MOTION for Extension of Time to File Answer re 1 Complaint, by Family Dollar Stores, Inc. (McAnally, Melody) [Transferred from mssd on 11/28/2007.] (Entered: 07/09/2007) |
| 07/09/2007 | | TEXT ONLY ORDER granting 6 Motion for Extension of Time to Answer Family Dollar Stores, Inc. answer due 8/31/2007. Plaintiff's Counsel Slater verbally confirmed agreement for extension. NO FURTHER WRITTEN ORDER WILL ISSUE. Signed by Judge James C. Sumner on 7/9/07 (YWJ, ) [Transferred from mssd on 11/28/2007.] (Entered: 07/09/2007) |
| 08/01/2007 | 7 | Second MOTION for Extension of Time to File Response/Reply *to Defendant Family Dollar Store's Motion to Transfer Venue* by Lashanda |

| | | |
|---|---|---|
| | | Slater (Carter, Ottowa) [Transferred from mssd on 11/28/2007.] (Entered: 08/01/2007) |
| 08/02/2007 | | DOCKET ANNOTATION as to #7. PDF is a blank attachment. Attorney to rescan and entered correct pdf. (JKM) [Transferred from mssd on 11/28/2007.] (Entered: 08/02/2007) |
| 08/02/2007 | 8 | ATTACHMENT re Order on Motion for Extension of Time to File Response/Reply, by Lashanda Slater (Carter, Ottowa) [Transferred from mssd on 11/28/2007.] (Entered: 08/02/2007) |
| 08/02/2007 | 9 | RESPONSE to Motion re 8 Attachment filed by Family Dollar Stores, Inc. (McAnally, Melody) [Transferred from mssd on 11/28/2007.] (Entered: 08/02/2007) |
| 08/03/2007 | | TEXT ONLY ORDER granting 7 Motion for Extension of Time to File Response/Reply re 2 MOTION to Change Venue Responses due by 8/13/2007 Replies due by 8/23/2007. It is further ordered that defendants' answers are due on or before September 27, 2007. Signed by Judge James C. Sumner on August 3, 2007. NO FURTHER WRITTEN ORDER TO ISSUE. (DCL, ) [Transferred from mssd on 11/28/2007.] (Entered: 08/03/2007) |
| 08/13/2007 | 10 | MEMORANDUM in Opposition re 2 MOTION to Change Venue filed by Lashanda Slater (Carter, Ottowa) [Transferred from mssd on 11/28/2007.] (Entered: 08/13/2007) |
| 08/23/2007 | 11 | REPLY to Response to Motion re 10 Memorandum in Opposition to Motion filed by Family Dollar Stores, Inc. (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit # 4 Exhibit # 5 Exhibit # 6 Exhibit)(McAnally, Melody) [Transferred from mssd on 11/28/2007.] (Entered: 08/23/2007) |
| 09/25/2007 | 12 | Second MOTION for Extension of Time to File Response/Reply as to 1 Complaint, by Family Dollar Stores, Inc. (Manuel, J.) [Transferred from mssd on 11/28/2007.] (Entered: 09/25/2007) |
| 09/26/2007 | | ORDER granting 12 Motion for Extension of Time to File Answer. Answer due by 10/18/2007 Signed by Judge James C. Sumner on September 26, 2007 (DCL) [Transferred from mssd on 11/28/2007.] (Entered: 09/26/2007) |
| 09/26/2007 | | Set Deadlines/Hearings: Answer due by 10/18/2007 (DCL) [Transferred from mssd on 11/28/2007.] (Entered: 09/26/2007) |
| 09/26/2007 | | DOCKET ANNOTATION as to order filed on 9/26/07- This order is TEXT ONLY. NO FURTHER WRITTEN ORDER TO ISSUE. (DCL) [Transferred from mssd on 11/28/2007.] (Entered: 09/26/2007) |
| 09/27/2007 | 13 | ORDER TO SHOW CAUSE why case should not be transferred pursuant to the first-to-file ruleShow Cause Response due by 10/8/2007 Signed by Judge James C. Sumner on September 27, 2007 (DCL) [Transferred from mssd on 11/28/2007.] (Entered: 09/27/2007) |
| 10/09/2007 | 14 | First MOTION for Extension of Time to File Response/Reply as to 13 |

| | | Order to Show Cause by Lashanda Slater (Carter, Ottowa) [Transferred from mssd on 11/28/2007.] (Entered: 10/09/2007) |
|---|---|---|
| 10/11/2007 | 15 | RESPONSE to Motion re 14 First MOTION for Extension of Time to File Response/Reply as to 13 Order to Show Cause filed by Family Dollar Stores, Inc. (McAnally, Melody) [Transferred from mssd on 11/28/2007.] (Entered: 10/11/2007) |
| 10/12/2007 | | TEXT ONLY ORDER granting 14 Motion for Extension of Time to File Response to the court's order to show cause, response due by 10/18/2007. Defendant may seek extension of time within which to answer, should the motion to transfer be denied. Signed by Judge James C. Sumner on October 12, 2007 (DCL). NO FURTHER WRITTEN ORDER TO FOLLOW. [Transferred from mssd on 11/28/2007.] (Entered: 10/12/2007) |
| 10/16/2007 | 16 | Third MOTION for Extension of Time to File Answer re 1 Complaint, by Family Dollar Stores, Inc. (Manuel, J.) [Transferred from mssd on 11/28/2007.] (Entered: 10/16/2007) |
| 10/17/2007 | 17 | ORDER granting 16 Motion for Extension of Time to Answer. Family Dollar Stores, Inc. answer due ten days after the Court rules upon the pending motion to transfer venue. Signed by Judge James C. Sumner on 10/17/07 (YWJ) [Transferred from mssd on 11/28/2007.] (Entered: 10/17/2007) |
| 10/26/2007 | 18 | ORDER granting 2 Motion to Change Venue. Case to be transferred to United States District Court for the Western District of North Carolina, Charlotte Division. Signed by Judge James C. Sumner on 10/26/07 (PKM) [Transferred from mssd on 11/28/2007.] (Entered: 10/26/2007) |
| 11/28/2007 | 19 | Case transferred in from District of Mississippi Southern; Case Number 3:07-cv-00119. Original file with documents numbered 1 - 18, certified copy of transfer order and docket sheet received. (Entered: 11/28/2007) |
| 11/28/2007 | | Case assigned to Judge Martin Karl Reidinger, presider and David Keesler, referral judge. *This is your only notice - you will not receive a separate document.*(bsw) (Entered: 11/28/2007) |
| 11/28/2007 | 20 | Notice to all out of state counsel: Pursuant to Local Rule 83.1 you are required to **Register** for ECF at www.ncwd.uscourts.gov, and **File** a motion pro hac vice. (bsw) (Entered: 11/28/2007) |
| 12/03/2007 | | Judge Graham Mullen added as presider, administrative reassignment. Judge Martin Karl Reidinger as presider and Judge Keesler as referral judge no longer assigned to case,. (bsw) (Entered: 12/03/2007) |
| 12/04/2007 | 21 | NOTICE of Appearance by Jerry Howard Walters, Jr on behalf of Family Dollar Stores, Inc. (Walters, Jerry) (Entered: 12/04/2007) |
| 12/04/2007 | 22 | NOTICE of Appearance by Stephen D. Dellinger on behalf of Family Dollar Stores, Inc. (Dellinger, Stephen) (Entered: 12/04/2007) |
| 12/05/2007 | 23 | MOTION to Withdraw as Attorney *Melody McAnally and J. William* |

|  |  | *Manuel* by Family Dollar Stores, Inc.. (Attachments: # 1 Proposed Order) (Walters, Jerry) (Entered: 12/05/2007) |
| 12/07/2007 | 24 | ORDER granting 23 Motion to Withdraw as Attorney. Attorney J. William Manuel and Melody McAnally terminated. Signed by Judge Graham Mullen on 12/7/2007. (apb) (Entered: 12/07/2007) |
| 01/11/2008 | 25 | Transfer Motion filed before the Judicial Panel MDL. Re: MDL Number unknown, MDL Title: Family Dollar Wage and Hour Litigation to transfer for coordinated or consolidated pretrial proceedings by Irene Grace, Augusta Ayers, Christopher Anderson, Shawn Eric Ward, Isaiah Raheem Wilder, Melanie Blake, Terri Campbell, Kevin Jones, Patricia Fontenot, Aaron Israel, and Pamela Fowler. (Attachments: (1) Brief in Support)(com) (Entered: 01/15/2008) |
| 01/22/2008 | 26 | ORDER: parties to file Certificate of Initial Attorneys Conference within 30 days. Signed by Senior Judge Graham Mullen on 1/22/08. (com) (Entered: 01/22/2008) |
| 01/22/2008 | 27 | ORDER: parties to submit a list of matter suitable for discovery. Signed by Senior Judge Graham Mullen on 1/22/08. (com) (Entered: 01/22/2008) |
| 02/04/2008 | 28 | MOTION to Dismiss *Counts II, III, and IV of Plaintiffs' Complaint* by Family Dollar Stores, Inc..Responses due by 2/21/2008. (Walters, Jerry) (Entered: 02/04/2008) |
| 02/04/2008 | 29 | MEMORANDUM in Support re 28 MOTION to Dismiss *Counts II, III, and IV of Plaintiffs' Complaint* by Family Dollar Stores, Inc.. (Attachments: # 1 Case Law-- Haney v. Helms, # 2 Case Law-- Evaul v. Hammonds, # 3 Case Law-- Harris v. Brush Wellman, # 4 Case Law-- Westfall v. Kendle International, # 5 Case Law-- Berger v. AXA Network, # 6 Case Law-- Spilky v. Hepland)(Walters, Jerry) (Entered: 02/04/2008) |
| 02/04/2008 | 30 | *Defendant's* ANSWER to 1 Complaint, *Answer and Affirmative Defenses to Count I of Plaintiffs' Complaint* by Family Dollar Stores, Inc..(Walters, Jerry) (Entered: 02/04/2008) |
| 02/15/2008 | 31 | NOTICE of Appearance by Gregory O'Dell Wiggins on behalf of Lashanda Slater (Wiggins, Gregory) (Entered: 02/15/2008) |
| 02/19/2008 | 32 | MOTION to Stay by Lashanda Slater.Responses due by 3/7/2008. (Attachments: # 1 Attachment A, # 2 Attachment B)(Wiggins, Gregory) (Entered: 02/19/2008) |
| 02/19/2008 | 33 | Amended MOTION to Stay by Lashanda Slater.Responses due by 3/7/2008. (Wiggins, Gregory) (Entered: 02/19/2008) |
| 02/19/2008 | 34 | MOTION for Extension of Time to File Response/Reply as to 29 Memorandum in Support of Motion, 28 MOTION to Dismiss *Counts II, III, and IV of Plaintiffs' Complaint* by Lashanda Slater.Responses due by 3/7/2008. (Wiggins, Gregory) (Entered: 02/19/2008) |

| 02/19/2008 | 35 | MOTION for Extension of Time to File Certificate of Initial Attorney Conference and Submit a List of Matters Suitable for Discovery by Lashanda Slater.Responses due by 3/7/2008. (Wiggins, Gregory) (Entered: 02/19/2008) |
|---|---|---|
| 02/21/2008 | 36 | RESPONSE in Opposition re 35 MOTION for Extension of Time to File Certificate of Initial Attorney Conference and Submit a List of Matters Suitable for Discovery by Family Dollar Stores, Inc.. Replies due by 3/6/2008. (Attachments: # 1 Exhibit 1-- January 22, 2008 Order, # 2 Exhibit 2-- January 25, 2008 letter, # 3 Exhibit 3-- February 15, 2008 email)(Walters, Jerry) (Entered: 02/21/2008) |
| 02/21/2008 | 37 | CERTIFICATION of initial attorney conference and discovery plan by Family Dollar Stores, Inc..(Dellinger, Stephen) (Entered: 02/21/2008) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 02/25/2008 12:40:30 | | |
| **PACER Login:** | lm0071 | **Client Code:** | 054349.1089 |
| **Description:** | Docket Report | **Search Criteria:** | 3:07-cv-00501-GCM |
| **Billable Pages:** | 5 | **Cost:** | 0.40 |

# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV306

| | | |
|---|---|---|
| IRENE GRACE, on behalf of herself and all others similarly situated, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER |
| FAMILY DOLLAR STORES, INC., | ) ) | |
| Defendant. | ) ) ) | |

THIS MATTER is before the Court on Defendant's Motion to Strike Collective Action

Allegations (Document #70), Plaintiffs' Motion to Facilitate Notice Pursuant to 29 U.S.C. 216(b)

(Document #71), and Plaintiffs' Motion to Expedite Ruling on Motion to Facilitate Notice

(Document #72).  For the reasons set forth below, Defendant's Motion to Strike Collective

Action Allegations is GRANTED and Plaintiffs' Motions to Facilitate Notice and Expedite the

Ruling on Motion to Facilitate Notice are MOOT.

This case was transferred from the Middle District of Georgia to the Western District of

North Carolina on July 26, 2006.


**BACKGROUND**

Defendant Family Dollar is a discount retail store with over 6,400 stores in 44 states.

Plaintiff Irene Grace, along the others who have filed consents to become party plaintiffs

("Plaintiffs"), was a store manager for Family Dollar.

Plaintiffs allege Defendant violated §207 of the Fair Labor Standards Act ("FLSA"),
which provides an employee engaged in commerce must receive one and a half time their regular
rate of pay for hours worked in excess of forty hours a week.  Employers are not required to pay
these overtime benefits to any employee in an executive, administrative, or professional capacity.

Plaintiffs assert that Family Dollar had a "uniform policy and practice of consistently
requiring its store managers to work a minimum of 48-52 hours a week," although they routinely
worked well beyond that minimum requirement.  Complaint ¶ 8. In their positions, Plaintiffs
argue that many of them were improperly characterized as "executive" employees given their job
duties.  Id.  For example, Plaintiffs state that there were a number of stores managers who did not
supervise two of more full-time employees for at least 80 hours a week, one of the tests used to
determine executive status.  Id.   Plaintiffs now seek overtime compensation, liquidated damages,
attorneys' fees, and costs pursuant to 29 U.S.C. §216(b).

Plaintiffs also ask  this Court to certify their claim as a collective action under the FLSA
and approve the issuance of notice advising current and former store managers of the opportunity
to join this lawsuit.

**DISCUSSION**

The Fair Labor Standards Act provides:

> any employer who violates [the minimum wage or maximum hours provisions
> of this title] shall be liable to the employee or employees affected in the amount
> of their unpaid minimum wages, or their unpaid overtime compensation, as the
> case may be, and in an additional equal amount as liquidated damages.  Action
> to recover such liability may be maintained in any court of competent
> jurisdiction by any one or more employees for and in behalf of himself or
> themselves and other employees similarly situated.  No employee shall be party
> plaintiff to any such action unless he gives his consent in writing to become
> such a party and such consent is filed in the court in which such action is

brought.

29 U.S.C. §216(b).

Certification of a collective action under §216(b) is a tool of judicial economy and is used to find an "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity." Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165, 170 (1989). Collective actions are only appropriate, however, when plaintiffs are "similarly situated," and a common resolution would be appropriate. See Dybach v. Florida Dept. of Corrections, 942 F.2d 1562 (11th Cir. 1991).

The Fourth Circuit has not offered a definition of "similarly situated." See Bernard v. Household International, Inc., 231 F. Supp. 2d 433, 435 (E.D. Va 2002). Without guidance from the Fourth Circuit, this Court has looked to how other circuit address this question. The Eleventh Circuit, which we find most persuasive, has determined that "a plaintiff bears the burden of establishing that he and the group he wishes to represent are similarly situated." Holt v. Rite Aid Corporation, 333 F.Supp 2d. 1265, 1269 (M.D.Ala. 2004), quoting Grayson v. K Mart Corp., 79 F.3d 1086, 1096 (11th Cir. 1996). Although the FLSA does not define "similarly situated," this Court adopts the view that a "plaintiff must make some rudimentary showing of commonality between the basis for his claims and that of the potential claims of the proposed class." Holt, 333 F.Supp.2d at 1270.

In this case, the Court must make two determinations: 1) whether the classification as exempt sufficiently establishes the element of being "similarly situated" and 2) the extent to which the plaintiffs' duties can be applied to other employees. See Id.

With regards to the first question, the Code of Federal Regulations states that an employee is classified as an executive if executive tasks either predominate or define the job or if

more than 50% of the manager's time is spend doing executive tasks.  29 C.F.R. § 541.103.  The regulations also offer a short test to determine executive status: 1) the employee is paid more than $250 a week, 2) the employee's primary duty is the management of the enterprise or a subdivision, 3) the employee regularly directs the work of two or more employees.  29 C.F.R. § 541.1(f).  Since courts can also consider whether an employee's managerial tasks predominate their position, the regulations offer four additional tests: 1) the relative importance of managerial tasks and collateral assignments, 2) the frequency with which the employee exercises discretion, 3) the freedom from supervision, and 4) the difference in wages paid to hourly associates versus executives.  29 C.F.R. § 541.103.

     Here, Plaintiffs argue that they have been improperly classified as exempt employees.  Plaintiffs assert that, individually, they performed non-managerial duties for the majority of their working hours.  But there is no allegation that the assignment of the duties was Family Dollar's policy, and therefore applicable to each Plaintiff.  The duties of a store manager, absent a guiding company policy, would vary from store to store.  This Court cannot assume that every store manager at Family Dollar spend a majority of their time doing non-managerial tasks.  Such a declaration would require an individualized evaluation of each plaintiff.  Plaintiffs' acknowledge that there is variation in the duties performed by the different managers, although they deny that those variations defeat the usefulness of a collective action.  Given the variations in duties among managers in different stores, the pleadings do not meet the standard of commonality needed for this Court to find that Plaintiffs are similarly situated.

     Moving to the second question,  the extent to which the plaintiffs' duties can be applied to other employees, this Court finds itself stymied by the same problem as in the first question.  Since each individual manager had different duties at his or her particular store, it is impossible

to apply one plaintiff's duties to another.

**CONCLUSION**

The variations in duty are the very reason why a collective action is inappropriate.  A determination of whether or not the plaintiffs are similarly situated would require an fact-specific inquiry into the daily duties of each plaintiff, a determination that defeats the point of a collective action.  A collective action is never appropriate for situations where a court must make an individual determination of each plaintiff's day-to-day activities.  In this case, the action relates to the personal circumstances of each individual employee, not a generally-applicable policy.

Therefore, Defendant's Motion to Strike Collective Action Allegations is GRANTED and Plaintiffs' Motions to Facilitate Notice and Expedite the Ruling on Motion to Facilitate Notice are hereby MOOT.

The parties are directed to conduct an initial attorneys conference and submit a discovery plan to the court within THIRTY days.

IT IS SO ORDERED.

Signed: September 6, 2007

Graham C. Mullen
United States District Judge

# EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV441

| | | |
|---|---|---|
| SHAWN ERIC WARD, | ) | |
| PHILLIP W. MITCHELL, | ) | |
| ISAIAH RAHEEM WILDER, | ) | |
| AUGUST AYERS, and | ) | |
| CHRISTOPHER ANDERSON, | ) | |
| on behalf of himself and all others | ) | |
| similarly situated, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| FAMILY DOLLAR STORES, INC., | ) | |
| Defendant. | ) | |
| | ) | |

THIS MATTER is before the Court upon Plaintiffs' Motion for Clarification (Document # 64. Plaintiffs ask for clarification in the Court's September 18, 2007 Order in which it fails to reference the fact that Plaintiffs had indeed already moved for facilitation of Notice. (Document #63). The Court acknowledges this mistake and hereby DENIES the Plaintiffs' Motion to Facilitate Notice (Document #39).

This case is identical to four other cases before this Court (Slater v. Family Dollar, 3:07cv501; Grace v. Family Dollar, 3:06cv306; Fowler v. Family Dollar, 3:07cv316; and Blake v. Family Dollar, 3:07cv244). Each case has the same defendant, defense counsel, plaintiffs' counsel, and basis for the action. In Grace, this Court has already denied Plaintiffs' Motion to Facilitate Notice.

For the exact same reasons, Plaintiffs' Motion to Facilitate Notice is hereby DENIED.

Plaintiffs' Motion for Clarification is MOOT

The parties are directed to conduct an initial attorneys conference and submit a discovery

plan to the Court within THIRTY days.


IT IS SO ORDERED.


Signed: January 22, 2008


Graham C. Mullen
United States District Judge

# EXHIBIT 7

FILED

2006 Sep-29 AM 08:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

SHAWN ERIC WARD, *et al.*,      ]
                                    ]
      Plaintiffs,            ]
                                    ]
vs.                       ]   CV-06-CO-01060-W
                                    ]
FAMILY DOLLAR STORES, INC.,  ]
                                    ]
      Defendant.          ]

OPINION & ORDER

The Court has for consideration Defendant Family Dollar Stores, Inc.'s (Family Dollar's) Motion for Transfer (Doc. 11), filed on June 19, 2006. Plaintiffs filed the current action on June 1, 2006, alleging that Family Dollar willfully and intentionally failed to pay overtime to managerial employees who worked more than forty hours per week in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* (Doc. 1, ¶ 8.) Plaintiffs submit that this case should be treated as a "collective action" under 29 U.S.C. § 216(b) on behalf of themselves and other similarly situated managers of Family Dollar stores nationwide. *Id.* at ¶ 7. Defendant submits to the Court that this case should be transferred to the United

States District Court for the Western District of North Carolina pursuant to 28 U.S.C. § 1404(a) ("§ 1404(a)") for the convenience of the witnesses and parties, it would serve the interests of justice, many of the related documents and accounting records are located in North Carolina, and because it would be in the public interest.  (Doc. 11.)

"The decision to transfer a case to another district is left to the sound discretion of the trial court."  *Brown v. Connecticut General Life Ins. Co.*, 934 F.2d 1196, 1197 (11th Cir. 1991) (quoting *Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir. 1981), *cert. denied*, 456 U.S. 918 (1982)).  Section 1404(a) governs the transfer of civil actions from one district court to another: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The purpose of 1404(a) is "to prevent avoidable waste of time, energy and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  *Lemke v. St. Margaret Hospital*, 594 F. Supp. 25, 27 (N.D. Ill. 1983).

A court's analysis of a § 1404(a) motion to transfer involves a two-step inquiry. "First, the court must determine whether the actions could 'originally have been brought in the proposed transferee district court;' then, the court must determine whether the action should be transferred 'for the convenience of the parties [and] in the interest of justice.'" *C.M.B. Foods, Inc. v. Corral of Middle Georgia*, 396 F. Supp. 2d 1283, 1286 (M.D. Ala. 2005) (quoting *Fowlkes v. Haley*, 64 F. Supp. 2d 1152, 1155 (M.D. Ala. 1999)) (internal citations omitted). Therefore, the threshold question is whether Plaintiffs could have initiated this action in the United States District Court for the Western District of North Carolina, and there does not appear to be any question that Plaintiffs could have brought this suit against Family Dollar in that court. Because the FLSA is the basis for the Court's subject matter jurisdiction in this case, Plaintiffs could have filed their lawsuit in any federal court of competent jurisdiction. For a corporation, this means "any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). Family Dollar is headquartered within the Western District of North Carolina; therefore, it "resides" there for personal jurisdiction purposes. *See also In re*

*Horseshow Entertainment,* 337 F.3d 429, 433 (5th Cir. 2003), *cert. denied,* 540 U.S. 1049 (2203) (holding that the location of a corporation's principal office is a permissible factor in establishing proper venue in a transferee court).

After determining that the case could have been brought in the United States District Court for the Western District of North Carolina, this Court "must determine whether the interests of justice would be served by a transfer of venue." *First Federal Savings & Loan v. Berger,* 672 F. Supp. 1454, 1456-57 (M.D. Ga. 1987) (citing *Dove v. Massachusetts Mutual Life Ins. Co.,* 509 F. Supp. 248, 250 (S.D. Ga. 1981)). In making this determination, courts generally consider the following factors: "(1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses, and the availability of witnesses through compulsory process; (4) the location of documents and other sources of proof; (5) the relative ability of the parties to bear the expense of changing the forum; and (6) trial efficiency and expense to the justice system." *Gould v. National Life Ins. Co.,* 990 F. Supp. 1354, 1357 (M.D. Ala. 1998). However, it is the burden of the moving party to demonstrate that the "balance of the 1404(a) interests

favors transfer." *First Federal Savings*, 672 F. Supp. at 1457; *see also Martin v. South Carolina Bank*, 811 F. Supp. 679, 683 (M.D. Ga. 1992).

While "some initial weight must be given to [Plaintiffs'] choice of forum," the Court must give equal weight if Defendant is able to show: "(1) the witnesses who would be inconvenienced are key witnesses and their testimony cannot be effectively presented by depositions; and (2) [that] other actions invoking the same or substantially similar subject matter are pending in the transferee district." *First Federal Savings*, 672 F. Supp. at 1457. Also, "[w]here there are potentially hundreds, if not thousands of plaintiffs from many different states, deference to the plaintiff's chosen forum is considerably weakened." *Dortch v. Financing Alternative,* Inc., 2002 WL 598518, at *2 (N.D. Ill. April 17, 2002) (citing *Koster v. Lumbermens Mutual Casualty*, 330 U.S. 518, 524 (1947)); *see also Barnett v. Alabama*, 171 F. Supp. 2d 1292, 1297 (S.D. Ala. 2001) ("Although a plaintiff's choice of forum generally should not be lightly disturbed, the weight accorded to [his] choice of forum is considerably reduced by virtue of the fact that he brought his challenge as a class action.").

Page 5 of  11

In the current case, Plaintiffs' proposed collective action under the FLSA covers "all employees and former employees" who were employed as store managers. (Doc. 1, ¶ 8.) Defendants contend that the class would potentially include more than 15,000 present and former Family Dollar managerial employees in approximately 6,080 stores in 44 states and the District of Columbia. (Doc. 12, p. 6.) If notice is sent out pursuant to Plaintiffs' request, the case may generate thousands of opt-in plaintiffs from across the country. *Id.* Therefore, Defendants believe that "the natural epicenter for this nationwide collective action attacking Family Dollar should be the Company's corporate headquarters in North Carolina - not Birmingham, Alabama, where only *eleven* Family Dollar Stores are located." (Doc. 12, p. 7.) Plaintiffs respond that although the management of Family Dollar stores is centralized in the Store Operations Department, the department is run through a set of managers located throughout the United States. (Doc. 19, p. 8.) Plaintiffs also focus on the nine individual plaintiffs currently in the case, eight of whom live in Alabama, and the ninth lives in Florida. *Id.* at 9. However, as stated above, due to the fact that there may be thousands of opt-in plaintiffs, the original choice of forum is not entitled

to the same level of deference as it would be if this was not an FLSA collective action. *Dortch*, 2002 WL 598518, at *2.[1]

Defendant has identified approximately thirty-seven employee witnesses that will be called to testify who currently work out of the corporate headquarters in North Carolina. "[W]hen considering the practical need to adjudicate in a forum convenient for the parties and material witnesses, courts generally examine the location of principal material witnesses, 'the relative ease of access to sources of proof,' and the ability of the parties to bear the expense of changing the forum." *A.J. Taft Coal Co., Inc. v. Barnhart*, 291 F. Supp. 2d 1290, 1311 (N.D. Ala. 2003) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). If the case is not transferred, these witnesses would be required to travel approximately three hundred and ninety miles to attend trial in Tuscaloosa, Alabama.

---

[1]Moreover, at a hearing held in Tuscaloosa, Alabama, on August 23, 2006, counsel for defendant stated on the record that his client would agree to a tolling agreement which will allow Plaintiffs to refile their individual cases in this Court using the date they filed this case for the purposes of the statute of limitations. (Tr. at 38-39, 52-53.) This Court recognized the fact that if the Western District of North Carolina does not treat this case as a collective action it would be "ridiculous" to have eight plaintiffs from Alabama litigating claims in North Carolina, but this has been cured by Defendant agreeing to toll the statute of limitations such that Plaintiffs can dismiss their action in North Carolina and refile their individual claims in this Court.

Transferring this case to the Western District of North Carolina would save a considerable amount of resources regarding travel for key corporate witnesses, the transportation of documents and other evidence, and the avoidance of the disruption of work and home schedules of the witnesses.

A "persuasive reason for transferring [an] action is that a related action involving the same issues is currently pending in the [transferee court]." *Mirasco, Inc. v. American National Fire Ins. Co.*, 2000 U.S. Dist. LEXIS 19461, at *15 (N.D. Ga. July 5, 2000). Transferring a case to a court in which a case involving substantially similar facts is currently pending "promote[s] judicial economy by preventing the duplication of judicial effort and avoiding the possibility of inconsistent results." *Id.* In *Martin*, the district court determined that although a "plaintiff's choice of forum is entitled to deference, it is not a more important factor than the presence of related proceedings in the transferee district." *Martin*, 811 F. Supp. at 686. On July 14, 2006, Judge W. Louis Sands, Chief Judge of the United States District Court for the Middle District of Georgia, transferred a case factually similar to the one at bar to the Western District of North Carolina. *Grace v. Family Dollar Stores, Inc.*, 6:04-CV-22 (WLS) (Doc. 91) (W.D. Ga.

July 14, 2006).[2]  The very same law firm represents the plaintiffs in both *Grace* and this case.  Therefore, they will have to travel to North Carolina to conduct depositions, attend hearings, examine physical evidence, and attend trial regardless of whether this case is transferred to that district. For these reasons, the Court's deference to Plaintiffs's choice of forum is "considerably weakened." *Dortch*, 2002 WL 598518, at *2.

The Court is also of the opinion that the interests of justice favor transfer to the Western District of North Carolina.  As stated above, at least one other case is currently pending before that Court which involves substantially similar facts, the same attorneys, and the very same witnesses and physical evidence.  *See Grace*, 6:04-CV-22 (WLS).  "Indeed, Section 1404(a), was 'designed to prevent' situations 'in which two cases involving precisely the same issues are simultaneously pending in different district courts.'" *Grace*, 6:04-CV-22 (WLS), at 3 (quoting *Ferens v. John Deere Co.*, 494 U.S. 516, 531 (1990)).  To proceed with simultaneous cases in two different courts "would unnecessarily lead to 'the wastefulness of time,

---

[2] Judge Sands denied Plaintiffs' motion for reconsideration on August 15, 2006. *Id.* at Doc. 96.

Page 9 of  11

energy and money.'" *Id.* Accordingly, the pendency of similar or related actions in a transferee venue will often be the most compelling reason for a court to transfer a case. *See, e.g., Martin*, 811 F. Supp. at 685-86 (". . . the most compelling reason for transfer is that there are related proceedings pending in the Northern District of Alabama."). Transferring the current case to the Western District of North Carolina "would promote uniformity of results, avoid duplicative court proceedings, and would be in the best interest of efficiency and justice." *Lucas v. Family Dollar Stores of Oklahoma, Inc.*, CIV-04-536-M, at 7 (W.D. Okla. March 14, 2005) (transferring the case to the Western District of North Carolina). Perhaps most importantly, it would prevent Plaintiffs from obtaining a "second bite" at class notice and certification if it is denied by the Western District of North Carolina.[3]

---

[3]At the hearing, Plaintiffs' counsel stated on the record that "if the court in North Carolina does what we expect it to do, deny notice, we would certainly probably move this court for notice . . . ." (Tr. at 35.) This is exactly the type of forum shopping that can be prevented by transferring a case to another district under § 1404(a). It would waste judicial resources to allow Plaintiffs to pursue parallel paths to class notice and certification simply because they believe that their chances for success are greater in the Eleventh Circuit than they are in the Fourth Circuit.

Accordingly, Defendant's motion to transfer (Doc. 11) is GRANTED.

The Clerk of Court is hereby directed to TRANSFER this case to the United

States District Court for the Western District of North Carolina.

Done this <u>29th</u> day of <u>September 2006</u>.

_____

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
143449

# EXHIBIT 8

FILED
2008 Jan-17 PM 03:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **LUANA SCOTT, on behalf of** | ) | |
| **herself and others similarly** | ) | |
| **situated,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NUMBER:** |
| | ) | **7:08-cv-16** |
| | ) | **JURY DEMAND** |
| **FAMILY DOLLAR STORES,** | ) | |
| **INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MOTION FOR STAY PENDING DECISION ON TRANSFER

Plaintiff, Luana Scott, by her undersigned counsel, moves to stay further proceedings in this action pending a ruling in the Motion to Transfer in: *In re Family Dollar Stores, Inc., Wage and Hour Employment Practices Litigation*, (MDL Doc. #1932) currently pending at the United States Judicial Panel on Multidistrict Litigation. The grounds for this Motion are set forth as follows:

1.  This case is one of many cases filed against Family Dollar Stores, Inc. in federal District Courts throughout the United States that involve claims of wage and hour violations. Nine of those cases have moved for

transfer in *In re Family Dollar Stores, Inc., Wage and Hour Employment Practices Litigation*, (MDL Doc. #1932).

2.    All parties involved in the nine cases seeking transfer, including this defendant and the Clerk of this District Court in this case, were mailed copies of the motion, brief and evidentiary submission regarding said transfer on January 11, 2008. On January 14, 2008, the United States Judicial Panel on Multidistrict Litigation docketed said Motion to Transfer and served all parties. (See Attachment "A" - letter from the Panel regarding docketing of case).[1]  Therefore, the defendant was aware of said pending MDL motion at the time it filed the present Motion to Transfer but failed to inform this Court of said Motion. (Doc. #3).

3.    Judicial economy and efficiency will be served, and duplicative discovery and motion practice, with the risk of inconsistent orders or rulings, can be avoided if this case is stayed for a short time pending a decision on the transfer of this case for coordinated or consolidated pretrial proceedings.

---

[1]All responses to the MDL are due on or before February 4, 2008; therefore, staying this case until a ruling from the Panel will not prejudiced the defendant in this case. (Attachment "A").

**WHEREFORE**, for the foregoing reasons, the plaintiff respectfully request entry of an order staying further proceedings in this case pending a decision on transfer for coordinated or consolidated pretrial proceedings as part of *In re Family Dollar Stores, Inc., Wage and Hour Employment Practices Litigation*, (MDL Doc. #1932).

Respectfully submitted,

/s/Gregory O. Wiggins
Gregory O. Wiggins
Counsel for the Plaintiff

OF COUNSEL:

WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500

3

## CERTIFICATE OF SERVICE

I do hereby certify that I have filed today, January 17, 2008, by CM/ECF the above and foregoing, with copies being served on:

Terry Price
FORD & HARRISON, LLP
2100 3rd Avenue North, Suite 400
Birmingham, Alabama 35203


/s/Gregory O. Wiggins

4

FILED

2008 Jan-17  PM 03:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge John G. Heyburn II
United States District Court
Western District of Kentucky

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**
Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone:  [202] 502-2800
Fax:        [202] 502-2888
http://www.jpml.uscourts.gov

January 14, 2008

Re:  MDL No. 1932 -- IN RE: Family Dollar Stores, Inc., Wage and Hour Employment Practices Litigation

DOCUMENT FILED:  Motion of Plaintiffs Irene Grace, Shawn Ward, Isaiah Wilder, Augusta Ayers, Christopher Anderson, Melanie Blake, Lori Orwig, Kathy Collins, Pamela Fowler, Terri Campbell, Kevin Jones, Patricia Fontenot, Aaron Israel & Luana Scott for Transfer of Actions to the Northern District of Alabama for Coordinated or Consolidated Pretrial Proceedings Pursuant to 28 U.S.C. § 1407

Dear Counsel:

Today we have filed the above-described motion.  Papers filed with the Panel and all correspondence MUST bear the **DOCKET NUMBER** and **CAPTION ASSIGNED** by the Panel as noted above.

Enclosed is a summary of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425 (2001).  Pursuant to Rule 5.2(c), you must notify this office within the next 11 days of the name and address of the attorney designated to receive service of all papers relating to practice before the Panel.  **ONLY ONE ATTORNEY SHALL BE DESIGNATED FOR EACH PARTY.**  We will prepare a Panel Attorney Service List on the basis of the appearances received and transmit it to you for your use in complying with our service requirements.  **PLEASE COOPERATE BY PROMPTLY RETURNING  THE ENCLOSED APPEARANCE FORM.**

**APPEARANCE AND RULE 5.3 CORPORATE DISCLOSURE STATEMENT
ARE DUE NO LATER THAN NOON EASTERN TIME :  January 25, 2008**

Panel Rule 5.2(a) requires that responses to motions be served on ALL parties in ALL actions.  An **ORIGINAL and FOUR** copies of all pleadings, as well as a **COMPUTER GENERATED DISK** of the pleading in Adobe Acrobat (PDF) format, are currently required for filing.

**RESPONSES DUE ON OR BEFORE:**        **February 4, 2008**

Panel Rule 7.2(i) requires any party or counsel in these actions to promptly notify this office of any potential tag-along in which that party is also named or in which that counsel appears.

You will be notified when this matter has been scheduled for a hearing session before the Panel.  You must file a response if you wish to participate in oral argument, if it is scheduled by the Panel.  Please carefully review Panel Rule 16.1 dealing with hearing sessions.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

Enclosures

JPML Form 22

# JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**TO:**  Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Bldg.
One Columbus Circle, N.E., Room G-255
Washington, D.C. 20002

**THIS FORM MUST BE RETURNED TO
THE JUDICIAL PANEL NO LATER THAN
(Noon Eastern Time)   January 25, 2008**
**Panel Fax No.: (202) 502-2888**

MDL No. **1932**-- IN RE: Family Dollar Stores, Inc., Wage and Hour Employment Practices Litigation

## NOTICE OF APPEARANCE

**PARTIES REPRESENTED (indicate plaintiff or defendant--attach list if necessary):**

**SHORT CASE CAPTION(s) (Include District(s), Civil Action No(s).-- attach list if necessary):**

**********************************************************

In compliance with Rule 5.2(c), R.P.J.P.M.L., 199 F.R.D. 425, 431 (2001), the following designated attorney is authorized to receive service of all pleadings, notices, orders, and other papers relating to practice before the Judicial Panel on Multidistrict Litigation on behalf of the plaintiff(s)/ defendant(s) indicated. I am aware that only one attorney can be designated for each party.

_____    _____
Date                       Signature of Attorney or Designee

**Name and Address of Designated Attorney:**

Telephone No.: _____    Fax No.:_____

Email Address: _____

**ORIGINAL ONLY OF APPEARANCE NEEDED BY US FOR FILING**
A CERTIFICATE OF SERVICE WILL BE REQUIRED IF THE APPEARANCE IS RECEIVED AFTER THE DUE DATE PRINTED ABOVE

JPML Form 18

## SUMMARY OF PANEL RULES – 199 F.R.D. 425 (2001)
### [Revised July 30, 2007]

Responses and replies to motions or orders to show cause are to be filed and served in conformity with Rules 5.11, 5.12, 5.13, 5.2, 7.1, 7.2 and 7.3 of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>. Please note the following:

**Address to:**

| | |
|---|---|
| Clerk of the Panel | Telephone: 202/502-2800 |
| Judicial Panel on Multidistrict Litigation | Office Hours: 9 a.m. to 4 p.m. |
| Thurgood Marshall Federal Judiciary Building | |
| One Columbus Circle, N.E. | FAX: 202/502-2888 (24 hours) |
| Room G-255, North Lobby | Website: www.jpml.uscourts.gov |
| Washington, DC 20002-8004 | |

**No papers are to be left with or mailed to a Judge of the Panel or his/her chambers for filing.**

Rule 5.12(a) identifies those documents which require an original only for filing. An original and four copies of motions, briefs, responses, etc., must be submitted for filing. Rule 5.12(d) states that papers requiring only an original may be faxed to the Panel office with prior approval. Papers requiring multiple copies will NOT be accepted via fax.

Rule 5.13 requires that whenever an original and four copies is required to be submitted for filing to the Clerk of the Panel pursuant to Rule 5.12(a), a copy of the paper must also be submitted on a computer generated disk in Adobe Acrobat (PDF) format.

Rule 5.2 requires that all papers filed with the Panel must be served on <u>all</u> parties in <u>all</u> actions involved in the litigation. If liaison counsel has been appointed by the transferee court in an existing MDL docket, this rule is satisfied by serving each party in each affected action and all liaison counsel. Recipients of a motion have ELEVEN (11) days (Rule 5.2(c)) to notify this office in writing of one attorney per party to receive service of future Panel pleadings filed in the litigation. A "Panel Service List" will be prepared and distributed by this office in compliance with Rule 5.2(d). A copy of this "Panel Service List" must be attached to the proof of service and supplemented in the event of the presence of additional parties or successor counsel.

Rule 5.3 requires any nongovernmental corporate party to file a Corporate Disclosure Statement within eleven days of the filing of a motion or order to show cause.

Rule 7.1 outlines the format for pleadings filed with the Panel and notes that the heading on the first page of each pleading shall commence not less than 3 inches from the top of the page. Each pleading shall bear the heading "Before the Judicial Panel on Multidistrict Litigation," the identification "MDL Docket No. ___" and the descriptive title designated by the Panel. For new litigations, movant should use an appropriate descriptive title. Papers may be fastened in the upper left corner without side binding or front or back covers. Each brief submitted for filing shall be <u>limited to twenty pages</u>, exclusive of exhibits. Exhibits exceeding 50 pages must be fastened separately from the accompanying pleading.

Review Rule 7.2 for identification of accompaniments to motions under 28 U.S.C. §1407. See Rule 6.2 for guidance on requesting extensions of time. Counsel are required by Rules 7.2(f) and 7.3(e) to advise the Panel of any developments in the litigation which would partially or completely moot a matter being considered by the Panel.

Rules 7.2(i), 7.3(a) and 7.5(e) require parties and counsel to notify the Panel of any potential tag-along actions in which they are involved.

← SEE OTHER SIDE FOR MORE INFORMATION →

Rule 16.1, "Hearing Sessions and Oral Argument," deals with the setting of matters for oral argument or for submission without oral argument, notices of appearance or waiver of oral argument, parties entitled to present oral argument, and time limits.

Please note in Rule 1.5 that pendency before the Panel does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court.

Copying and certification fees are charged in accordance with Rule 5.1 and are as follows: $.50 per page for copying, $9.00 per document for certification, $25.00 per diskette, and $26 for each name/item researched. Payment for copying and certification must be made by check or money order payable to the "Judicial Panel on Multidistrict Litigation." [Effective as of November 1, 2003]

---

Fasten documents in top,
left-hand corner

Start document
3" from top of page

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

In re [descriptive title used by Panel
or appropriate descriptive
title for new motion]

MDL No. _____

Identify document:          **MOTION**
    **BRIEF** (limited to 20 pages -- giving
        background of litigation; factual and legal
        contentions of movant w/citation of
        applicable authorities )
    **RESPONSE TO MOTION**
        **REPLY**
    **EXHIBITS** (fastened separately if exceed 50 pages)

    ORIGINAL PLUS FOUR OF ALL PLEADINGS
EXCEPT original only of proof of service, notice of appearance, corporate disclosure statement, notice of opposition, notice of related action, application for extension of time, hearing appearance/waiver.

---

### Schedule of Actions
[Must be attached to motions]

Include only related cases pending in FEDERAL DISTRICTS. Necessary information as follows:

    COMPLETE name of each case, listing
    full name of each party on district court's
    docket sheet [Do NOT include "et als., etc."]
    DISTRICT in which case is pending
    DIVISION (or division number)
    CASE NUMBER
    Name of assigned JUDGE

DO NOT INCLUDE terminated actions or actions pending in state courts.

Notices or letters advising of RELATED ACTIONS or of TAG-ALONG ACTIONS must include this information. **One courtesy copy of each complaint and docket sheet would be helpful.**

---

## MOTIONS FILED WITH THE PANEL:
When a motion is filed, the Panel will send a letter to all recipients of the motion as notification of the filing date, MDL docket number and caption, briefing schedule and pertinent Panel policies.

## CALENDAR – CALENDAR – CALENDAR

**Appearances**: 11 days from filing of original motion
**Corporate Disclosure Statement**: 11 days from filing of motion
**Responses** to motion: 20 days
**Reply to Responses** (by movant): 5 days
**Oppositions** to Conditional Transfer Order: 15 days
**Motions to Vacate** Conditional Transfer Order:
    15 days (after opposition is filed)

# EXHIBIT 9

FILED

2008 Jan-23  PM 01:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| LUANA SCOTT, on behalf of herself and others similarly situated, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 7:08-cv-16-LSC |
| | ) | |
| FAMILY DOLLAR STORES, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

ORDER

The Court currently has for consideration Defendant's Motion for Transfer of Venue.  (Doc. 3.)  The Court directs Plaintiff to respond to Defendant's arguments within ten (10) days from the date of entry of this Order.  On that same date, an identical paper courtesy copy shall also be mailed or delivered to the Court's chambers in Tuscaloosa, Alabama.  The text of the submission shall be limited to thirty (30) pages.

The moving party will have until ten (10) days thereafter to file reply submission and mail or deliver a courtesy copy to the Court's chambers in Tuscaloosa, Alabama.  The reply submission is limited to fifteen (15) pages.

The Court will take Defendant's motion under submission at the close

of the briefing schedule without further notice to the parties.

Done this 23rd day of January 2008.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

151277