IN THE UNITED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **ROSIE MAGWOOD,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NUMBER: |
| | ) | 1:08-cv-076-WHA |
| | ) | |
| **FAMILY DOLLAR STORES, INC.,** | ) | JURY DEMAND |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO AMEND COMPLAINT

**COMES NOW,** the Plaintiff, Rosie Magwood, by and through the undersigned counsel, and moves this Honorable Court to allow her to amend her complaint, and as grounds thereof states as follows:

1. The Plaintiff's initial complaint was filed on February 4, 2008;

2. The complaint contained collective action allegations;

3. Plaintiff's requests to amend her complaint to remove the collective action allegations (see Proposed Amended Complaint attached);

4. Defendant will not be prejudiced by this Honorable Court allowing the Plaintiff to amend her complaint.

WHEREFORE, Plaintiff prays this Honorable Court grant her Motion to Amend Complaint.

Respectfully submitted on this the __29th__ day of February, 2008.

                                            __/s/Bobbie S. Crook__
                                            **BOBBIE S. CROOK (CRO-040)**
                                            **Attorney for Plaintiff**

**OF COUNSEL:**
367 South Saint Andrews Street
Dothan, AL 36301
334-671-8062 - telephone
334-677-2872 - facsimile
bcrook100@aol.com

### CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing Motion for Stay on the 29th day of February 2008, with the Clerk of the Court by using the CM/ECF system which will send electronic copies to: Terry Price, Ford & Harrison, 2100 Third Avenue North, Suite 400, Birmingham, AL 35203, tprice@fordharrison.com and Jeremy W. Stewart, jwstewart@littler.com,and John Ybarra, jybarra@littler.com, Littler Mendlelson, 200 North LaSalle Street, Suite 2900, Chicago, IL 60601.

                                                       /s/Bobbie S. Crook
                                                   **Of Counsel**

IN THE UNITED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROSIE MAGWOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NUMBER: |
| ) | 1:08-cv-076-WHA |
| ) | |
| FAMILY DOLLAR STORES, ) | JURY DEMAND |
| INC., ) | |
| ) | |
| Defendant. ) | |

## AMENDED COMPLAINT

**COMES NOW** the Plaintiff, Rosie Magwood, and files this lawsuit against Defendant, Family Dollar Stores, Inc., pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA") and for this cause of action states the following:

1.  Defendant is a corporation conducting business in the State of Alabama.

2.  Plaintiff Magwood currently resides in Dothan, Alabama.

3.  At all times material to this action, Plaintiff Magwood was employed by Defendant at its Dothan, Alabama store as a Store Manager.

4.  This action is brought pursuant to the FLSA, 29 U.S.C. §201 et seq. for equitable and injunctive relief and to remedy violations of the wage provisions of the FLSA by Defendant which has deprived Plaintiff of her lawful wages.

5.  This action is brought to recover unpaid compensation, in the form of overtime compensation, owed to the Plaintiff pursuant to the FLSA. For at least three years prior to filing this complaint, Defendant has had a uniform policy and practice of consistently requiring its Store

Managers to work over 40 hours a week for a salaried amount without overtime compensation.

      6.      Plaintiff was employed with Defendant in the position of Store Manager. However, Plaintiff's managerial duties were non-existent or extremely minimal as compared to other job duties regularly performed. The Plaintiff performed minimal if any managerial duties. All, or nearly all, of her time was spent performing non-managerial functions, including, but not limited to the following: running the cash register, unloading trucks, stocking the shelves, sweeping the floors, cleaning the bathroom, sweeping the parking lot, selling parts, making deliveries, counting inventory, pulling old stock off of the shelves.

      7.      Plaintiff 's primary duty was not management of the location where she was employed.

      8.      Plaintiff did not customarily and regularly direct the work of two or more other employees.

      9.      Plaintiff did not have the authority to hire and fire assistant managers; did not have the authority to promote, give pay raises or discipline any hourly employees, nor were her suggestions or recommendation as to the hiring, firing or promotion of employees always accepted or given any weight.

      10.      Plaintiff did not customarily and regularly exercise discretionary powers.

      11.      Plaintiff was paid a specified weekly salary. Plaintiff was not paid any overtime compensation despite the fact that the she always worked more than 40 hours a week and the vast majority of her hours were spent performing non-managerial job duties. Plaintiff seeks unpaid overtime compensation, an equal amount of liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. §216(b).

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331. Venue is proper in the Middle District of Alabama, Southern Division under 28 U.S.C. §1391(b).

13. Defendant is subject to personal jurisdiction in the State of Alabama for the purpose of this lawsuit.

14. At all times material to this action, Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

15. At all times relevant to this action, Defendant was the "employer" of Plaintiff as defined by §203(d) of the FLSA.

16. At all times material to this action, Plaintiff was an "employee" of Defendant as defined by §203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States within three years preceding the filing of this lawsuit.

17. At all times relevant to this action, Defendant employed Plaintiff in the capacity of Store Manager from September 1999 until 2007.

18. Defendant has intentionally failed and/or refused to pay Plaintiff salary/rates according to the provisions of the FLSA.

19. Defendant's systems and practices relating to its non-payment of overtime to the Plaintiff, which deprive the Defendant of any FLSA overtime exemptions, have existed for at least three years throughout Defendant's business.

20. For at least three years, Defendant has been aware of the requirements of the FLSA and its corresponding regulations and its own violations of the FLSA. Despite this knowledge, Defendant has failed to pay the Plaintiff the amount of pay as required.

21. As a result of the actions of Defendant, the applicable statute of limitations governing FLSA actions at 29 U.S.C. §255(a) is tolled for as long as Defendant engaged or engages in the fraudulent and misleading conduct set forth above, which is a period of at least ten (10) years. Defendant is estopped from raising such statute of limitations as a bar.

22. Defendant further has engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff in accordance with §207 of the FLSA.

23. As a result of Defendant's violations of the FLSA, Plaintiff has suffered damages by failing to receive compensation in accordance with §207 of the FLSA.

24. In addition to the amount of unpaid wages and benefits owed, the Plaintiff is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b) and prejudgment interest.

25. Defendant's actions in failing to compensate Plaintiff in violation of the FLSA, were willful.

26. Defendant has not made a good faith effort to comply with the FLSA.

27. Plaintiff is also entitled to an award of attorney's fees pursuant to 29 U.S.C. §216(b).

28. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for lost overtime and wages, back-pay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

29. Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

**WHEREFORE**, Plaintiff, pursuant to §216(b) of the FLSA, prays for the following relief:

1. Plaintiff be awarded damages in the amount of her respective unpaid compensation

    and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b), and/or prejudgment interest;

2.    Plaintiff's reasonable attorneys' fees, including the costs and expenses of this action;

3.    Such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which she may be entitled;

4.    Enter an Order requiring Defendants to make Plaintiff whole by awarding her lost wages (plus interest), liquidated damages, loss of benefits including retirement, pension, seniority and other benefits of employment; and

5.    Plaintiff further demands a jury to try the issues when joined.

## JURY DEMAND

**THE PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

Respectfully submitted,

/s /Bobbie S. Crook
**BOBBIE S. CROOK (CRO-040)**
**Attorney for Plaintiff**
367 South Saint Andrews Street
Dothan, AL 36301
334-671-8062, ext. 1 - telephone
334-677-2872 - facsimile

## CERTIFICATE OF SERVICE

    I hereby certify that I electronically filed the foregoing Motion for Stay on the 29th day of February 2008, with the Clerk of the Court by using the CM/ECF system which will send electronic copies to: Terry Price, Ford & Harrison, 2100 Third Avenue North, Suite 400, Birmingham, AL 35203, tprice@fordharrison.com and Jeremy W. Stewart, jwstewart@littler.com, and John Ybarra, jybarra@littler.com, Littler Mendlelson, 200 North LaSalle Street, Suite 2900, Chicago, IL 60601.

    /s/Bobbie S. Crook
    **Of Counsel**