UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

ROSIE MAGWOOD, on behalf of herself
and others similarly situated,

      Plaintiff,

vs.

FAMILY DOLLAR STORES, INC.,

      Defendant.

No. 1:08-cv-76-WHA

Judge W. Harold Albritton, III

### DEFENDANT'S MOTION FOR LEAVE TO
### FILE SUPPLEMENTAL AUTHORITY

Defendant Family Dollar Stores, Inc. ("Family Dollar"), hereby submits its Motion for Leave to File Supplemental Authority. In support thereof, Family Dollar states as follows:

1. On February 20, 2008, Family Dollar filed its Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a).

2. On February 29, 2008, the Middle District of Florida granted Family Dollar's Motion to Transfer Venue to the Western District of North Carolina (filed pursuant to 28 USC § 1404), in a case involving allegations of failure to pay Company employees overtime in violation of the Fair Labor Standards Act. *See* Exhibit A, attached hereto.

3. Therefore, in addition to the authority cited in Family Dollar's Motion to Transfer Venue, Family Dollar respectfully requests this Court to also consider *Robinson v. Family Dollar Stores of Florida, Inc.*, 3:07-cv-997 (M.D. Fla, February 29, 2008).

WHEREFORE, Defendant, Family Dollar Stores, Inc., respectfully requests leave to supplement authority for the Court's consideration.

Respectfully submitted,

/s/ Terry Price
Terry Price
Alabama Bar No. ASB-4658-E58T
Email: tprice@fordharrison.com
Ford & Harrison LLP
2100 Third Avenue North, Suite 400
Birmingham, AL 35203
Telephone: (205) 244-5900
Facsimile: (205) 244-5901

John A. Ybarra
(admitted *pro hac vice*)
LITTLER MENDELSON, P.C.
200 N. LaSalle Street, Suite 2900
Chicago, IL 60601
Telephone: (312) 372-5520
Facsimile: (312) 372-7880
E-mail: jybarra@littler.com
Bar No.: IL Bar No. 06196983

Jeremy W. Stewart
(admitted *pro hac vice*)
LITTLER MENDELSON, P.C.
200 N. LaSalle Street, Suite 2900
Chicago, IL 60601
Telephone: (312) 372-5520
Facsimile: (312) 372-7880
E-mail: jwstewart@littler.com
Bar No.: IL Bar No. 6293884

3

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing on the 4th day of March, 2008 with the Clerk of the Court by using the CM/ECF system, which will send electronic copies to: Bobbie S. Crook, 367 S. St. Andrews Street, Dothan, AL 36301, BCrook100@aol.com.

/s/ Terry Price
Terry Price

Birmingham:20196.1

# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RACHEL ROBINSON, on her own
behalf and others similarly situated,

    Plaintiff,

v.                               CASE NO. 3:07-cv-997-J-25TEM

FAMILY DOLLAR STORES OF FLORIDA,
INC., a Florida corporation,

    Defendant.

---

## ORDER

**THIS CAUSE** is before the Court on Defendant's Motion to Transfer Venue (Dkt. 6); Plaintiff's response thereto (Dkt. 9): and Defendant's Motion to Stay or in the Alternative for an Extension of Time to Answer or Otherwise Plead (Dkt. 8). Upon consideration, the Court finds as follows:

**I.    BACKGROUND**

Family Dollar, Inc. ("Family Dollar") is a retail store chain with approximately 6,400 stores in forty-four (44) states and the District of Columbia. (Sullivan Decl. (Dkt. 7-2) ¶ 3). Family Dollar's headquarters and principal place of business are in Matthews, North Carolina. (*Id.* ¶ 4). Plaintiff Robinson formerly worked for Family Dollar in Duval County, Florida (Compl. ¶ 1). She alleges that Family Dollar violated the Fair Labor Standards Act, ("FLSA") 29 U.S.C. §201, *et seq.*, by failing to pay overtime for hours worked in excess of forty per week. (Compl. ¶¶ 3, 6, 7). She purports to bring this case as a collective action under 29 U.S.C. § 216(b) on behalf of "each and

-1-

every hourly paid store employee who worked for the Defendant at any time within the past three (3) years within the State of Florida." (Compl. ¶ 3). There are approximately 350 active Family Dollar retail stores in Florida. (Sullivan Decl. ¶ 5.)

Defendant seeks to transfer this action to the Charlotte Division of the Western District of North Carolina pursuant to 28 U.S.C. § 1404(a).

## II. DISCUSSION

### A. Standard for Tranfer of Venue

28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have brought." 28 U.S.C. § 1404(a);*Tingley Sys., Inc. v. Bay State HMO Mgmt., Inc.*, 833 F. Supp. 882, 885 (M.D. Fla. 1993). The purpose of Section 1404(a) is "to prevent the waste of time, energy and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). The decision to transfer a case is within the sound discretion of the district court judge on a "case-by-case consideration of convenience and fairness." *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *New England Mach., Inc. v. Conagra Pet Prods. Co.*, 827 F. Supp. 732, 734 (M.D. Fla. 1993).

Plaintiff's choice of forum is ordinarily accorded considerable deference. *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). The party moving to transfer a case under section 1404(a) bears the burden to establish that the suggested forum is more convenient. *Id.*

In considering a motion to transfer venue under Section 1404(a), the questions the Court must address are: (1) whether the action could have been brought in the proposed transferee district; (2)

whether transferring the case will be for the convenience of the parties and witnesses; and (3) whether transfer will be in the interest of justice. *Central Money Mortgage Co., Inc. v. Holman*, 122 F. Supp. 2d 1345, 1346 (M.D. Fla. 2000). In performing this analysis, the Court must "strike a balance on convenience between those elements that weigh in favor of transferring . . . and those which favor allowing plaintiff's choice of forum to stand undisturbed." *Cortez v. First City Nat'l Bank of Houston*, 735 F. Supp. 1021, 1023 (M.D. Fla. 1990).

### B. Whether Action Could Have Been Brought in Western District of North Carolina

Under Section 1404(a), the transferee court must be one in which the case originally could have been brought. 28 U.S.C. §1404(a). Plaintiff does not dispute that she could have filed this action in the Western District of North Carolina. The claims in this action arise under FLSA, so any federal district court has subject matter jurisdiction under the federal question statute. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

Therefore, this action could have been brought in any district in which Family Dollar is subject to personal jurisdiction. *See* 28 U.S.C. § 1391(c). Defendant in this case is wholly owned by Family Dollar, Inc., which is headquartered in the Western District of North Carolina. (Sullivan Decl. ¶¶ 3-4.) Thus, this action could have been brought in the Western District of North Carolina.

### C. The Convenience of the Parties and Witnesses

In this district, analysis of whether transfer is appropriate for the convenience of the parties and witnesses includes the following factors: Plaintiff's initial choice of forum, convenience of the parties and witnesses, relative ease of access to sources of proof, availability of compulsory process

for witnesses, location of relative documents, financial ability to bear the cost of change, and all other practical problems that make trial of the case easy, expeditions, and inexpensive. *American Aircraft Sales Int'l, Inc. v. Airwarsaw, Inc.*, 55 F. Supp. 2d 1347, 1351 (M.D. Fla. 1999).

Plaintiff chose the Middle District of Florida to bring this action. However, she purports to bring this case as a collective action on behalf of "each and every hourly paid store employee who worked for the Defendant at any time within the past three (3) years within the State of Florida." There are approximately 350 active Family Dollar retail stores in Florida, undoubtedly within the various judicial districts of Florida. Therefore, the Middle District of Florida may not be the home forum for other potential plaintiffs. As the United States Supreme Court has stated, "[w]here there are hundreds of potential plaintiffs, . . . all of whom could with equal show of right, go into their many home courts, the claim of any one plaintiff that a forum is appropriate merely because it is his home forum is considerably weakened." *Koster v. Am. Lumebermans Mut. Cas. Co.*, 330 U.S. 518, 524 (1947); *see Blake, et al. v. Family Dollar Stores, Inc., et al.*, No. 2:07-cv-361 (S.D. Ohio June 19, 2007) (transferring collective action brought on behalf of Ohio employees to the Western District of North Carolina), *available at* Def.'s Mot., Ex. 11; *Lucas v. Family Dollar Stores of Oklahoma, Inc.*, No. CIV-04-536-M (W.D. Okla. Mar. 9, 2005), *available at* Def.'s Mot., Ex. 6 (transferring FLSA claim to Western District of North Carolina and stating that "the fact that Lucas is suing only on behalf of Oklahoma Family Dollar Store [employees] does not entitle Lucas's choice of forum to additional deference. While many of the potential plaintiffs may reside in this district, it is also highly likely" that many potential plaintiffs live in other districts of Oklahoma or have moved to other states.); *Rowe v. Family Dollar, Inc.*, No. 1:03CV1737-LJM-WTL, slip op. at 1 (S.D. Ind. Jan. 26, 2004), *available at* Def.'s Mot., Ex. 3 ("In this opt-in class action, more than the lead plaintiff's

convenience must be considered. By choosing to pursue this matter as a class action, plaintiff's choice of forum has lost its preference."); *Balloveras v. The Purdue Pharma Co.*, No. 04-20360-CIV-MORENO, 2004 WL 1202854, *1 (S.D. Fla. May 19, 2004) (finding that plaintiff's choice of forum was entitled to less deference, in part, because he purported to sue on behalf of a class).

Plaintiff argues that this action is currently a single-plaintiff lawsuit, and she anticipates that any potential class is limited to certain stores where she was employed and stores where Plaintiff's managers were responsible for managing. Nonetheless, Plaintiff's Complaint purports to encompass every hourly-paid store employee who worked for Defendant within the state of Florida. The considerable weight ordinarily attributed to a plaintiff's choice of forum is entitled to less deference in this case.

Next, the Court considers the factors that make the trial of the case expeditious and inexpensive, such as the relative ease of access to sources of proof, availability of compulsory process for witnesses, location of relative documents, and financial ability to bear the cost of change. Defendant's timesheets and payroll records are processed and stored at Family Dollar's headquarters, and some of the information exists only in hard copy form. (Sullivan Decl. ¶ 8.) All employee personnel files are kept only in hard copy form at the Charlotte headquarters. (*Id.*) The corporate documents and records for all Defendant's employees throughout Florida who are potential plaintiffs are extremely voluminous. (*Id.* ¶ 10.) Defendant states that the number of potential plaintiffs in this action exceeds 13,000 persons. (*Id.* ¶ 6.) To physically produce the documents and records outside of the Charlotte area for all the Florida store employees would require a major and expensive undertaking by Defendant in order to protect confidential information about the Company's employees.

Also, several key witnesses work and/or live in or near Charlotte, North Carolina. (*Id.* ¶ 12.) These witnesses are already providing similar testimony in other FLSA overtime cases currently pending against Family Dollar in the Western District of North Carolina. (*See* Def.'s Mot. at 7-8 (citing several cases that have been transferred to the Western District of North Carolina). Plaintiff states that its witnesses reside in Florida and would be required to travel great distances and incur significant expense to testify on Plaintiff's behalf. (Pl.'s Resp. at 4.) However, as a collective action, several potential witnesses may be required to travel and incur expenses, regardless of whether this action is maintained in the Jacksonville Division of the Middle District of Florida or the Charlotte Division of the Western Division of North Carolina.

Further, a court can quash a subpoena for a non-party to attend trial if it requires the non-party to travel more than 100 miles from where that person resides, is employed, or regularly transacts business. *See* Fed. R. Civ. P. 45(c)(3). In this collective action, even potential witnesses throughout Florida may seek to quash a subpoena to testify on Plaintiff's behalf, as there is a myriad of locations outside the 100-mile radius of Jacksonville even within the state of Florida. The Western District of North Carolina will be the most efficient, convenient, and practical forum for the witnesses in this case. The Court remains sensitive to the Plaintiff's initial choice of forum and the costs to Plaintiff associated with a change of venue. However, upon due consideration of the relevant factors, the Court finds that the convenience of the parties and witnesses weighs in favor of a transfer to the Western District of North Carolina.

### D. Whether Transfer Will Be in the Interest of Justice

In considering whether the interest of justice favors transfer, the Court must weigh the

considerations of cost, judicial economy, expeditious discovery, and trial processes. *Response Reward Sys., L.C. v. Meijer, Inc.*, 189 F. Supp. 2d 1332, 1339-40 (M.D. Fla. 2002). Where, as here, there are similar cases pending before the Western District of North Carolina, transfer would conserve judicial resources, promote judicial economy, and expedite litigation. *See Central Money Mortgage Co.* 122 F. Supp. 2d at 1347 (holding that it would promote judicial economy to transfer a case to Maryland because an action pending there involves the same central issues, parties, and witnesses).

According to Defendant, eleven FLSA collective actions against Family Dollar have been transferred to Charlotte, North Carolina, and five are still pending.[1] As late as June and October[2] of 2007, similar FLSA actions were transferred to the Western District of North Carolina. The Supreme Court has "made quite clear that 'to permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent.'" *Ferens v. John Deere Co.*, 494 U.S. 516, 531 (1990) (quoting *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960)).

Plaintiff's Complaint presents essentially the same legal issues as other cases which have been transferred to North Carolina, namely, whether Family Dollar improperly denied its employees overtime compensation in violation of the FLSA. Under 28 U.S.C. § 1404(a), the interest of justice

---

[1] Plaintiff does not dispute Defendant's allegation regarding the number of cases that have been transferred and are currently pending in the Western District of North Carolina.

[2] On October, 27, 2007, the Southern District of Mississippi transferred an action based on the first-to-file rule. *See Slater, et al. v. Family Dollar Stores, Inc., et al.*, No. 3:07CV119TSL-JCS (S.D. Miss. October 26, 2007), *available at* Def.'s Mot., Ex. 13. However, the plaintiff failed to respond to the defendant's rebuttal submission, and the court granted the motion to transfer without discussion. (*See id.*)

strongly favors transferring this case to the Western District of North Carolina, where there is an existing presence of other similar FLSA collective actions against Family Dollar.

## III. CONCLUSION

Upon due consideration of relevant factors in this case, the Court concludes that Defendant's motion to transfer venue under Section 1404(a) is due to be granted. Defendant also sought an extension of twenty days to file its Answer or other responsive pleading, which Plaintiff does not oppose. The Court will grant Defendant twenty (20) days to file its Answer or other responsive pleading.

Therefore, it is **ORDERED**:

1. Defendant's Motion to Stay or in the Alternative for an Extension of Time to Answer or Otherwise Plead (Dkt. 8) is **GRANTED** to the extent that Defendant shall have twenty (20) days from the entry of this Order to file its Answer or other responsive pleading.

2. Defendant's Motion to Transfer Venue (Dkt. 6) is **GRANTED**. This action is hereby **transferred** to the United States District Court for the Western District of North Carolina, Charlotte Division.

**DONE AND ORDERED** in Chambers this 29th day of February, 2008.

HENRY LEE ADAMS, JR.
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record

-8-