# EXHIBIT A

**FILED**

2008 Mar-04  PM 04:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| LUANA SCOTT, on behalf of herself and others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 7:08-CV-16-LSC |
| FAMILY DOLLAR STORES, INC., | ) ) ) | |
| Defendant. | ) | |

ORDER

The Court currently has two motions for consideration.  Defendant, Family Dollar Stores, Inc. ("Family Dollar"), filed a Motion for Transfer on January 17, 2008.  (Doc. 3.)  On that same day, Plaintiffs filed a Motion to Stay.  (Doc. 4.)

Plaintiffs filed the current action on January 3, 2008, alleging that Family Dollar willfully and intentionally failed to pay overtime to managerial employees who worked more than forty hours per week in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. (Doc. 1.) Defendant submits that this case should be transferred to the United States District Court for the Western District of North Carolina pursuant to 28 U.S.C. § 1404(a) ("§ 1404(a)") for the convenience of the witnesses and parties, it would serve the interests of justice,

many of the related documents and accounting records are located in North

Carolina, and because it would be in the public interest.  (Doc. 3.)  Plaintiffs

submit that this cause should stayed pending a ruling on the Motion to Transfer in:

*In re Family Dollar Stores, Inc. Wage and Hour Employment Practices Litigation,*

(MDL Doc. #1932) currently pending at the United States Judicial Panel on

Multidistrict Litigation.  *See generally* Docs. 4, 16.

When considering Defendant's motion to transfer under section 1404(a), the

Court must determine whether the actions could have originally been brought in

the proposed transferee district court; then, whether the action should be

transferred for the convenience of the parties and in the interest of justice.  *See*

*generally C.M.B. Foods, Inc. V. Corral of Middle Ga.*, 396 F. Supp. 2d 1283, 1286

(M.D. Ala. 2005).  During the last four years, eleven other collective actions

against Family Dollar alleging wrongful denial of overtime compensation in

violation of the FLSA have been transferred to Charlotte, North Carolina pursuant

to Section 1404(a), including one by this Court with almost identical factual

allegations.  *See Ward v. Family Dollar Stores of Alabama, Inc.*, 2006 U.S. LEXIS

96846 (N.D. Ala. Sept. 29, 2006); *see also Rowe v. Family Dollar, Inc.*, No. 1:03-

cv-1737-LJM-WTL (S.D. Ind. Jan. 26, 2004); *Anderson v. Family Dollar, Inc.*, No.

CIV-04-0210-F (W.D. Okla. April 30, 2004); *Medley v. Family Dollar, Inc.*, No. 1:03-

cv-00082 (M.D. Tenn. May 12, 2004); *Lucas v. Family Dollar Stores of Oklahoma,*

*Inc.*, No. Civ.-04-536-0892 (W.D. Okla. March 9, 2005); *Broussard v. Family*

*Dollar, Inc.*, 2006 U.S. Dist. LEXIS 6587 (W.D. La. Jan. 31, 2006); *Grace v. Family*

*Dollar Stores, Inc.*, No. 6:04-CV-22 (M.D. Ga. July 14, 2006); *Ingram v. Family*

*Dollar Stores of Alabama, Inc.*, No. CV-06-BE-1507-S, 2006 U.S. Dist. LEXIS 96845

(N.D. Ala. Sept. 29, 2006); *Blake, et. al. v. Family Dollar Stores, Inc. et. al.*, No.

2:07-cv-361 (S.D. Ohio June 19, 2007); *Fowler, et. al. v. Family Dollar Stores, et.*

*al.*, No. 1:07-cv-250 (S.D. Ohio July 26, 2007); *Slater, et. al. v. Family Dollar*

*Stores, Inc.*, No. 3:07cv119-JLS (S.D. Miss. Oct. 26, 2007).

There are two reasons that compel the Court to deny the Motion to Stay and

rule on Defendant's motion to transfer.  First, a motion to consolidate and

transfer before a Multidistrict Litigation Panel does not serve to stay the cases

that are subject to the motion, nor does such a motion limit the Court from acting

on matters properly before it.  *See* Rules of Procedure, Judicial Panel of

Multidistrict Litigation, Rule 1.5.  Second, a ruling by the Multidistrict Litigation

Panel does not affect the need or validity of Defendant's motion to transfer.  In

the event that the Panel declines to consolidate and transfer the related cases,

the Motion to Transfer would then need to be decided.  On the other hand, if the

Panel does consolidate and transfer this case, the question of which court will

preside over the trial remains a matter to be decided by this Court.  *See Lexicon,*

*Inc. V. Milberg, Weiss, Bershad, Hynes, & Lerach*, 523 U.S. 26 (1998) (holding that

the transferee court cannot permanently transfer the case to itself pursuant to Section 1407(a)).

Accordingly, guided by the same reasoning as previously stated by this Court in *Ward v. Family Dollar Stores, Inc.* (Case No. 7:06-cv-1060-LSC, Doc. 30), Defendant's motion to transfer (Doc. 3) is GRANTED and Plaintiffs motion to stay is DENIED. The Clerk of Court is hereby directed to TRANSFER this case to the United States District Court for the Western District of North Carolina.

Done this 4th day of March 2008.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
153671

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

ROSIE MAGWOOD, on behalf of herself
and others similarly situated,

                                            **No. 1:08-cv-76-WHA**

      **Plaintiff,**

**vs.**                                    **Judge W. Harold Albritton, III**

**FAMILY DOLLAR STORES, INC.,**

      **Defendant.**

---

**DEFENDANT'S MOTION FOR LEAVE TO
FILE ADDITIONAL SUPPLEMENTAL AUTHORITY**

Defendant Family Dollar Stores, Inc. ("Family Dollar"), hereby submits its Motion for Leave to File Additional Supplemental Authority.  In support thereof, Family Dollar states as follows:

1.  On February 20, 2008, Family Dollar filed its Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a).

2.  On March 4, 2008, Judge L. Scott Coogler of the Northern District of Alabama granted Family Dollar's Motion to Transfer Venue to the Western District of North Carolina (filed pursuant to 28 USC § 1404), in a case also involving nearly identical allegations of failure to pay Company employees overtime in violation of the Fair Labor Standards Act. *See* Exhibit A, attached hereto.

3.  Therefore, in addition to the authority cited in Family Dollar's Motion to Transfer Venue, Family Dollar respectfully requests this Court to also consider *Scott v. Family Dollar Stores, Inc.*, 7:08-CV-16-LSC (N.D. Ala, March 4, 2008).

WHEREFORE, Defendant, Family Dollar Stores, Inc., respectfully requests leave to supplement authority for the Court's consideration.

Respectfully submitted,

/s/ Terry Price
Terry Price
Alabama Bar No. ASB-4658-E58T
Email:  tprice@fordharrison.com
Ford & Harrison LLP
2100 Third Avenue North, Suite 400
Birmingham, AL 35203
Telephone:  (205) 244-5900
Facsimile: (205) 244-5901

John A. Ybarra
(admitted *pro hac vice*)
LITTLER MENDELSON, P.C.
200 N. LaSalle Street, Suite 2900
Chicago, IL 60601
Telephone:  (312) 372-5520
Facsimile:  (312) 372-7880
E-mail:  jybarra@littler.com
Bar No.:  IL Bar No. 06196983

Jeremy W. Stewart
(admitted *pro hac vice*)
LITTLER MENDELSON, P.C.
200 N. LaSalle Street, Suite 2900
Chicago, IL 60601
Telephone:  (312) 372-5520
Facsimile:  (312) 372-7880
E-mail:  jwstewart@littler.com
Bar No.:  IL Bar No. 6293884

3

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing on the 4th day of March, 2008

with the Clerk of the Court by using the CM/ECF system, which will send electronic copies to:

Bobbie S. Crook, 367 S. St. Andrews Street, Dothan, AL 36301, BCrook100@aol.com.


/s/ Terry Price
Terry Price


Birmingham:20200.1

3