UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

**ROSIE MAGWOOD, on behalf of herself
and others similarly situated,**

      **Plaintiff,**

vs.

**FAMILY DOLLAR STORES, INC.,**

      **Defendant.**

No. 1:08-cv-76-WHA

Judge W. Harold Albritton, III

### DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO AMEND COMPLAINT

In their Motion to Amend [Doc. 20], Plaintiffs seek to amend their complaint so as to "remove the collective action allegations" contained therein. Defendant, Family Dollar Stores, Inc. ("Family Dollar") opposes Plaintiffs' motion. Indeed, Plaintiffs' motion is nothing but the latest twist in their scheme to forum-shop and judge-shop, and prevent this Court from ruling on Family Dollar's motion to transfer venue. As set forth below, Plaintiffs' motion must be denied.

**I.     Background: The Multi-District Litigation**

By way of background, on January 9, 2008, Plaintiffs filed a motion before the Multi-District Litigation ("MDL") Panel to consolidate several related FLSA cases into one action before Judge U.W. Clemon in the Northern District of Alabama. On February 6, 2008, Plaintiffs identified the *Magwood* case to the MDL Panel as a tag-along case.

In support of their MDL Motion, Plaintiffs purport to advocate judicial economy and a uniformity of results among the various collective action cases. However, notwithstanding the fact that the Western District of North Carolina (and specifically, Judge Graham C. Mullen) currently presides over *five* cases that are subject to Plaintiffs' MDL motion, Plaintiffs have asked the MDL Panel to transfer the cases to Judge Clemon. Plaintiffs' motives are clear:

because the results before Judge Mullen in the Western District of North Carolina did not suit them, they began a flurry of activity, filing redundant, copycat actions -- including the *Magwood* case -- in various states to manufacture geographic diversity that purportedly supports transferring all cases to the Northern District of Alabama.

Plaintiffs filed their MDL motion and the *Magwood* case for calculated, strategic reasons -- to reverse the rulings in all of the cases previously transferred to the Western District of North Carolina under 28 USC § 1404, and to evade transfer of the newly filed cases to that District by instead requesting assignment to Judge Clemon, a judge of their own choosing who is not presiding over *any* of the cases covered by their MDL motion. Now, after Plaintiffs have used this Court and the *Magwood* case to concoct geographic diversity for the MDL Panel, they seek to abandon their collective action allegations because they fear that this Court, after its own independent review of the relevant facts and authority, also will transfer this case to the Western District of North Carolina. Plaintiffs' gamesmanship is transparent and should not be condoned.

II.     **This Court Should Deny The Motion to Amend the *Magwood* Complaint and Should Decide Family Dollar's Motion to Transfer Venue**

On February 4, 2008, Plaintiff Rosie Magwood filed this collective action alleging that her employer, Family Dollar, violated the Fair Labor Standards Act ("FLSA") by failing to pay overtime compensation to its Store Managers. Although Magwood filed her case in this district on behalf of herself and other similarly situated current and former employees, the convenience of the parties and witnesses and the interest of justice compel transfer to the Western District of North Carolina. Specifically, Family Dollar is headquartered within that District, voluminous documentary evidence is located within that District, and numerous key witnesses reside within that District. Indeed, after consideration of all of the relevant factors, twelve other district courts have transferred similar FLSA collective actions against Family Dollar to the Western District of

North Carolina. Five of these cases, which involve an alleged failure to pay overtime, are currently pending before Judge Graham C. Mullen.

Thus, on February 20, 2008, Family Dollar filed a motion pursuant to 28 USC § 1404 to transfer venue of this case [Doc. 5] to the United States District Court for the Western District of North Carolina. Also, on February 20, this Court set a briefing schedule for the motion to transfer: under the Court's Order, Plaintiffs' response is to be filed on March 19, and Defendant's reply is to be filed on March 26 [Doc. 8].

Shortly after the Court issued its briefing schedule, on February 21, 2008, Plaintiffs filed their motion to stay this case [Doc. 12]. In their motion, Plaintiffs claimed that this case should be stayed pending resolution of their motion to transfer under 28 USC § 1407, which is set for hearing before the Multi-District Litigation ("MDL") Panel on March 27, 2008. On February 26, 2008, this Court denied Plaintiffs' amended motion to stay, and ordered the parties to comply with the briefing schedule as previously established [Doc. 16].

However, this was not the result Plaintiffs had hoped for. As a result, Plaintiffs' tactical maneuvering continued, and now that this Court has denied their motion to stay, Plaintiffs resort to "Plan B" -- they now seek to "remove" the collective action allegations from the *Magwood* complaint so as to avoid briefing the pending motion to transfer venue. Plaintiffs apparently fear that, after independent analysis and review, this Court, like twelve other district courts, will transfer this case to the Western District of North Carolina. Clearly, Plaintiffs hope that by striking their collective action allegations, they will be able to avoid such a ruling.

Family Dollar opposes Plaintiffs' motion to amend at this juncture because it is sheer gamesmanship. Plaintiffs should not be permitted to initially file a collective action case in the hopes that it will strengthen their claims before MDL Panel and then retreat from that filing when it appears that they will have to prosecute their case. Indeed, courts have recognized that it

is improper to amend a complaint solely to gain a tactical advantage, such as to further judge-shopping. *See Chitimacha Tribe of Louisiana v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1164 (5th Cir. 1982). It is likewise improper to amend "for purposes of impermissible legal gamesmanship." *Oneida Indian Nation of New York State v. County of Oneida, New York*, 199 F.R.D. 61, 79 (N.D.N.Y. 2000). Plaintiffs' motion to amend suffers from both fatal flaws. Thus, Plaintiffs' motion must be denied.

**III.   If This Court Were To Grant Plaintiffs' Motion To Amend, The Collective Action Allegations Should Be Stricken With Prejudice, and The Court Should Grant Family Dollar's Motion To Transfer**.

**A.   Plaintiffs' Collective Action Allegations Must Be Dismissed, With Prejudice**

Family Dollar respectfully submits that if this Court were to grant Plaintiffs' motion to amend, Plaintiffs' collective action allegations should be dismissed, with prejudice. It is no accident that Plaintiffs' motion to amend requests that they be allowed to "remove" the collective action allegations and does not seek to strike these allegations with prejudice. If the Court were to allow less than a dismissal with prejudice, the Court would, in effect, be permitting Plaintiffs to attempt to revive these allegations at some later time, before what they perceive to be a more favorable forum. This conduct not only prejudices Family Dollar but it also amounts to a manipulation of this Court and the judicial system. Thus, if the Court chooses to permit Plaintiffs to amend their complaint, the Court also should dismiss their class allegations, with prejudice.

**B.   If The Court Were To Grant Plaintiffs' Motion To Amend, The Court Should Grant Family Dollar's Motion To Transfer**.

Additionally, if the Court were to grant Plaintiffs' motion to amend, the parties should nonetheless brief the pending motion to transfer for ruling by the Court. Indeed, regardless of the number of plaintiffs or class members at issue, the Section 1404 analysis is the same: the convenience of the parties and witnesses and the interest of justice compel transfer to the

Western District of North Carolina because Family Dollar is headquartered within that District, voluminous documentary evidence is located within that District, and numerous key witnesses reside within that District. Most importantly, Judge Mullen currently has several other cases involving similar issues and allegations as those addressed in *Magwood* – whether it be a single plaintiff or collective action case. Thus, this Court should grant Family Dollar's motion to transfer to the Western District of North Carolina regardless of whether the case proceeds as a collective action or as a single plaintiff case.

### III.   CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's motion to amend. Alternatively, if the motion to amend were to be granted, the class allegations should be dismissed, with prejudice and the Court should also grant Family Dollar's motion to transfer venue.

Dated this the 5th day of March, 2008.

                        Respectfully submitted,

/s/ Terry Price\
Terry Price\
Alabama Bar No. ASB-4658-E58T\
Email: tprice@fordharrison.com\
Ford & Harrison LLP\
2100 Third Avenue North, Suite 400\
Birmingham, AL 35203\
Telephone: (205) 244-5900\
Facsimile: (205) 244-5901

John A. Ybarra (Admitted *pro hac vice*)\
LITTLER MENDELSON, P.C.\
200 N. LaSalle Street, Suite 2900\
Chicago, IL 60601\
Telephone: (312) 372-5520\
Facsimile: (312) 372-7880\
E-mail: jybarra@littler.com\
Bar No.: IL Bar No. 06196983

Jeremy W. Stewart (Admitted *pro hac vice*)
LITTLER MENDELSON, P.C.
200 N. LaSalle Street, Suite 2900
Chicago, IL 60601
Telephone:  (312) 372-5520
Facsimile:  (312) 372-7880
E-mail:  jwstewart@littler.com
Bar No.:  IL Bar No. 6293884

- 7-

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing on the 5th day of March, 2008 with the Clerk of the Court by using the CM/ECF system, which will send electronic copies to: Bobbie S. Crook, 367 S. St. Andrews Street, Dothan, AL 36301, BCrook100@aol.com.

/s/ Terry Price
Terry Price

Birmingham:20217.1