IN THE UNITED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROSIE MAGWOOD, on behalf of herself and others similarly situated, ) ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) ) | CIVIL ACTION NUMBER: 1:08-cv-076-WHA JURY DEMAND |
| FAMILY DOLLAR STORES, INC., ) ) ) | |
| Defendant. ) | |

### MOTION FOR LEAVE TO FILE REPLY TO DEFENDANT'S RESPONSE

**COMES NOW** the Plaintiff, by and through the undersigned counsel, and requests this Honorable Court to allow her leave to file the attached Reply. As grounds for this Motion, the Paintiff states as follows:

1. On February 29, 2008, the Plaintiff filed a Motion to Amend her complaint taking out the collective action allegations along with a proposed Amended Complaint (Doc. #20).

2. On March 5, 2008, the Defendant filed its response to said Motion to Amend. (Doc. #26).

3. Based upon the Defendant's arguments, Plaintiff requests permission to file a reply to the Defendant's response.

**WHEREFORE**, for the foregoing reasons, the Plaintiff respectfully requests this Court allow

1

her leave to file the attached Reply to the Defendant's Response to the Plaintiff's motion to amend her complaint.

Respectfully submitted on this the  7th   day of March, 2008.

    /s/Bobbie S. Crook
**BOBBIE S. CROOK (CRO-040)**
**Attorney for Plaintiff**
367 South Saint Andrews Street
Dothan, AL 36301
334-671-8062 - telephone
334-677-2872 - facsimile
bcrook100@aol.com

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing Motion for Leave on the 7th day of March 2008, with the Clerk of the Court by using the CM/ECF system which will send electronic copies to: Terry Price, Ford & Harrison, 2100 Third Avenue North, Suite 400, Birmingham, AL 35203, tprice@fordharrison.com and Jeremy W. Stewart, jwstewart@littler.com, and John Ybarra, jybarra@littler.com, Littler Mendlelson, 200 North LaSalle Street, Suite 2900, Chicago, IL 60601.

    /s/Bobbie S. Crook
**Of Counsel**

IN THE UNITED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROSIE MAGWOOD, on behalf of herself and others similarly situated, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>FAMILY DOLLAR STORES, )<br>INC., )<br>)<br>Defendant. ) | CIVIL ACTION NUMBER:<br>1:08-cv-076-WHA<br>JURY DEMAND |

**REPLY TO DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION TO AMEND AND PLAINTIFF'S
MOTION TO WITHDRAW SAID MOTION**

On February 29, 2008, the plaintiff filed a motion to amend her complaint. (Doc. #20) Plaintiff's motion requested this Court to allow her to remove the collective action allegations contained within her complaint. In one of the most inexplicable twist of tactical legal maneuvering ever encountered by the undersigned counsel, the Defendant has opposed the Plaintiff's motion to amend her complaint and has asked this court to deny the Plaintiffs' motion.[1] Quoting, the Defendant's reply, the Defendant has informed this Court " ***Plaintiffs' motion must be denied.***" Plaintiff's counsel cannot imagine that the Defendant itself, not the Defendant's attorneys, would want this Court to allow the Plaintiff's collective action allegations to remain, thus exposing itself to potentially millions of dollars of liability as opposed to

---

[1] By opposing the plaintiff's motion to drop her collective action allegations, one could reasonably infer that the defendant believes this case should proceed as a collective action.

1

allowing this Court to dismiss the collective action allegations and thus substantially reducing its potential liability.

The Defendant opposes the Plaintiff being allowed to dismiss her collective action allegations because, based upon Defendant's misconceived and unsupportable notion, that the "plaintiff's' motion is nothing but the latest twist in their scheme to forum-shop and judge-shop." In the alternative, the Defendant argues, should the Court grant the Plaintiffs' motion then the Court should to dismiss the Plaintiff's class allegations with prejudice and should also grant Family Dollar's pending §1404 motion to transfer. Plaintiff will briefly address each of the Defendant's arguments.

### I.  Response To Defendant's Position That The Court Should Deny The Plaintiff's Motion To Amend

The Defendant argues that the Plaintiff's motion to amend should be denied and the Court should decide Family Dollar's §1404 motion because:

> "the convenience of parties and witnesses and the interest of justice compel transfer to the Western District of North Carolina. Specifically, Family Dollar is headquartered within that District, *voluminous documentary evidence is located in within that District and numerous Key witnesses reside within that District*."(*See* page 2 of Defendant's response).[2]

(emphasis added).  Considering the fact that the Plaintiff worked in at least three stores while employed with the Defendant, all which are located in Alabama, it would be hard to comprehend how there could be "*voluminous evidence and numerous witnesses*" located in the Western

---

[2]The defendant also argues that "Plaintiffs have used this Court and the *Magwood* case to concoct geographic diversity for the MDL Panel..." How this single plaintiff can be accused of "*concocting*" geographic diversity by filing her complaint in the district in which she lives is simply not fathomable.

2

District of North Carolina. There may be some documents such as Plaintiff's personnel file and Plaintiff's payroll records, which are in computer format, located in North Carolina, but to argue that there are *voluminous records* located in North Carolina is quite a stretch of reality. In addition, the overwhelming vast majority of witnesses, if not all of the witnesses, that could offer testimony on the issue of whether the Plaintiff was properly classified as an exempt employee all live and work in Alabama, not North Carolina. The Defendant's argument is totally without any merit.

## II.    Response To Defendant's Accusation That The Plaintiff's Motion Is Nothing More Than "Tactical Maneuvering"

The Defendant states that because this Court denied the Plaintiff's motion to stay, the Plaintiff's motion to amend is nothing more than a tactical maneuver on the part of the Plaintiff "so as to **avoid *briefing*** the pending motion to transfer" (*See* page 3)[3]  How Plaintiff's motion could possibly allow the Plaintiff to **avoid the briefing** schedule previously entered by this Court on Defendant's transfer motion is incomprehensible.  The Plaintiff fully plans on timely submitting her brief as the Court has previously ordered.  Again, the Defendant's argument is totally without merit and simply incomprehensible.

## III.    Response To Defendant's Accusation That The Plaintiff's Motion Is Nothing More Than "Sheer Gamesmanship"

The Defendant argues:

> "Plaintiffs' should not be permitted to initially file a collective action case in the hopes that it will *strengthen their claims before the MDL Panel* and then retreat from that filing when it appears that they will have to *prosecute* their case."

---

[3]Obviously, the defendant believes that if the Court grants the plaintiff's motion to amend then the defendant's motion to transfer would be moot.

(emphasis added). First, Plaintiff's counsel cannot remotely begin to understand this incoherent argument. Plaintiff plans to fully *prosecute* her case regardless if the case proceeds as a single individual case or a collective action case. Second, whether or not the case was filed as a single individual case or a collective case does not affect the current §1407 motion currently pending before the MDL Panel. The simple fact is, the case was filed and whether the case proceeds as a single plaintiff case or a collective action case, the MDL Panel will, if it grants the §1407 motion, transfer this case.

Because the Plaintiff filed her motion to amend, the Defendant somehow believes that the motion is nothing more than an effort by the Plaintiff "to gain a tactical advantage, such as to further judge-shopping." Again, the Defendant's argument is simply nonsensical. Plaintiff has not sought to transfer this case to another forum or to another the judge. Only the Defendant has sought transfer. The only party that can be accused of forum/judge shopping is the Defendant. The Defendant also accuses the Plaintiff of engaging in "impermissible legal gamesmanship." How the Defendant can rationally accuse the Plaintiff of indulging in impermissible legal gamesmanship by simply filing a motion to drop certain claims is again, incomprehensible.

### IV.    Response To Defendant's Request That Should The Court Grant Plaintiff's Motion Then It Should Be With Prejudice

The Defendant, in yet another demonstration of an imagination run amuck, believes that unless this Court dismisses the collective allegations of the complaint with prejudice the Plaintiff will attempt to revive the collective action allegations at some later time before a *more favorable forum*. First, Plaintiff does not believe that the forum she is in is unfavorable. Second, even if the Defendant had a crystal ball, and the Plaintiff had concocted this dastardly plan that the

Defendant alleges, the Defendant's reasoning is not sufficient grounds for this Court to dismiss the collective action allegations with prejudice.

### V. Be Careful What You Ask For, You Might Just Get It

If Plaintiff understands the Defendant's main argument correctly, the Defendant wants this Court to deny the Plaintiff's Motion to Amend. Defendant's counsel is a very learned attorney and extremely versed in collective action lawsuits.[4] Because of his high level of skill and knowledge, Defendant's counsel completely understood, before asking this Court to deny Plaintiff's motion to amend, that by asking this Court to deny the Plaintiff's motion to amend that his client's potential monetary exposure was multiplied exponentially because, at some later point in time, the Plaintiff can file a motion with either this Court or some other Court to facilitate notice to possibly 15,000+ current and former store managers and, if the motion were to be granted, these 15,000+ individuals could join the lawsuit and seek the same back-pay and liquidated damages that this single Plaintiff is seeking. Simply put, the Defendant's position is hard to comprehend.

Therefore, considering the Defendant's adamant and dogmatic position that the Plaintiff's motion to amend should be denied, Plaintiff will, in the spirit of compromise *only*, join in the Defendant's request for this Court to deny the Plaintiff's motion to amend.[5]

---

[4] The defendant's alternative argument that should the Court grant plaintiff's motion to amend then said dismissal should be with prejudice, would be moot should the Court either deny plaintiff's motion to amend, as the defendant has so adamantly argued, or grant plaintiff's motion to withdraw her said motion to amend.

[5] Plaintiff only joins in the defendant's request to deny Plaintiff's motion to amend in the spirit of compromise. However, as stated in Plaintiff's reply, the Plaintiff does not agree with the reasoning behind the Defendant's arguments.

WHEREFORE, PREMISES CONSIDERED, Plaintiff hereby requests this Court to deny the plaintiff's Motion to Amend and/or to grant the plaintiff's Motion to Withdraw attached hereto.

Respectfully submitted on this the  7th   day of March, 2008.

    /s/Bobbie S. Crook
**BOBBIE S. CROOK (CRO-040)**
**Attorney for Plaintiff**
367 South Saint Andrews Street
Dothan, AL 36301
334-671-8062 - telephone
334-677-2872 - facsimile
bcrook100@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Reply on the 7th day of March 2008, with the Clerk of the Court by using the CM/ECF system which will send electronic copies to: Terry Price, Ford & Harrison, 2100 Third Avenue North, Suite 400, Birmingham, AL 35203, tprice@fordharrison.com and Jeremy W. Stewart, jwstewart@littler.com, and John Ybarra, jybarra@littler.com, Littler Mendlelson, 200 North LaSalle Street, Suite 2900, Chicago, IL 60601.

    /s/Bobbie S. Crook
**Of Counsel**