IN THE UNITED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROSIE MAGWOOD, on behalf of herself and others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CIVIL ACTION NUMBER: ) 1:08-cv-076-WHA ) JURY DEMAND |
| FAMILY DOLLAR STORES, INC., | ) ) ) |
| Defendant. | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
28 U.S.C. § 1404(a) MOTION TO TRANSFER**

In opposition to the defendant's 28 U.S.C. § 1404(a), *single* plaintiff, Rosie Magwood, (hereinafter Magwood or plaintiff), states the following:

**I.   The Defendant's Motion Is Premature**

Currently pending before the Court is plaintiff Magwood's complaint. Magwood's complaint does allege collective action allegations but, at this point in time, no motion to facilitate notice has been filed and no one, other than Magwood, has joined this lawsuit. Notwithstanding this fact, the defendant asks this Court to transfer this single plaintiff to the Western District of North Carolina allegedly for the "convenience of the parties and witnesses and the interest of justice". Plaintiff has not yet moved, nor has she decided if she will move, this Court for notice to be sent to other potential

1

similarly situated individuals.[1]  Until such time as the plaintiff moves for notice it would be a miscarriage of justice to send this single plaintiff case some 400+ miles from her home state.  It would be *severe financial hardship* on the plaintiff if she were to be required to litigate her case in North Carolina.

### II. The Defendant's Motion Is Nothing More Than Simple Forum Shopping

The defendant's motion is really nothing more than a guise for forum shopping.[2]  It makes absolutely no logical sense to transfer this single plaintiff's case to North Carolina. The defendant's entire argument is premised on the fact that this Court may grant notice and other individuals will join the case.  The defendant knows, based on prior rulings, that the North Carolina Court will more than likely deny any motion for notice and, therefore, the defendant has a much more favorable forum in North Carolina.  The defendant should not be rewarded for its efforts.[3]  The defendant's articulated reasons for transfer are as follows: (1) Family Dollar is located in Charlotte, North Carolina; (2) relevant documents are located in North Carolina; (3) a bulk of Family Dollar's key

---

[1] The plaintiff previously filed a motion to dismiss her collective action allegations but the defendant opposed said motion. As a result of the defendant's opposition to the motion to dismiss the plaintiff filed a motion to withdraw her motion which the Court granted. Obviously, based on the defendant's opposition to plaintiff's motion to dismiss, the defendant believes this case should proceed as a collective action.

[2] In reality, the only reason the defendant opposed the plaintiff's motion to dismiss her collective action allegations was so it could continue to argue its motion to transfer. For, without the threat of the case turning into a collective action, the defendant's arguments for transfer would have even less merit.

[3] The defendant will surely argue, based upon prior arguments it has made in other courts, that the plaintiff, not the defendant, is the party guilty of forum shopping. Considering the fact that the plaintiff could have filed her cause of action in any federal court of competent jurisdiction but she chose to file in the district wherein she lived its hard to fathom how the defendant could accuse the plaintiff of forum shopping

witnesses reside in North Carolina; (3) eleven other district court's have transferred FLSA Collective action cases to North Carolina and interest of justice will be served because several similar cases are currently pending in North Carolina[4]; (5) first filed rule requires transfer; (6) the Western District of North Carolina has a less crowded docket; (7) the convenience of the parties and witnesses will be better served; (8) the cost of attendance for willing witnesses favor transfer; (9) compulsory process to secure attendance of witnesses favors transfer, and (10) ease of access to sources of proof favors transfer. The defendant's articulated reasons for wanting this court to transfer this single plaintiff case to North Carolina do not stand scrutiny once the reasons are examined.

### a. The Majority Of Defendant's Reasons For Transfer Are Not Supported By Common Sense Alone

This single plaintiff lives in and works in *only* Alabama. The District Manager(s) the plaintiff worked under *only* live in Alabama. The store employees who worked in the stores the plaintiff was to which assigned *only* live in Alabama. Common sense dictates that allowing the case to remain in Alabama would be much more convenient for these key witnesses.[5] In addition, if the case is transferred to North Carolina the defendant would surely lose whatever subpoena power it had over these **Alabama** witnesses.

---

[4] The defendant fails to inform the Court that 6 of the 11 cases that were transferred were subsequently dismissed by the plaintiffs due to the inconvenience that the transfer caused to these plaintiffs, i.e, the plaintiffs could not afford the costs they were going to incur if they were required to litigate the cases in North Carolina.

[5] The defendant has listed 32 individuals who are allegedly "*key*" witnesses. The defendant's list of witnesses is a sham. The defendant repeatedly list multiple individuals to testify about the same subject matter. These witnesses only become "*key*" witnesses if the court grants notice and additional similarly situated store managers join the case. Right now the overwhelming majority of these witnesses are totally irrelevant and could not possibly have any testimony to offer in regard to Magwood's claim.

Whereas there may be *some* documents located in North Carolina, there could not be "*voluminous"* records located in North Carolina that relate to this **one** plaintiff. The payroll records on the plaintiff and the stores she worked in are all maintained in computer format and can easily be produced. Hard copies of these records are not required. Even if there were *some* documentary evidence in North Carolina that pertained to this one plaintiff, said information is more than likely maintained in computer format and is easily accessible for re-production purposes. By downloading the needed information onto a computer disc the maintenance, copying and transporting concerns raised by the defendant vanish. This reason for transfer simply does not have any merit.

    **b.**    **The Fact Other Court's Have Transferred Cases Is Irrelevant Considering Defendant's Position On Consolidation**

The defendant cites this Court to the transfer opinion issued by Judge Coogler of the Northern District of Alabama in *Ward v. Family Dollar*. As the defendant argues at pages 8-9, the *Ward* Court held that "Perhaps most importantly, [transferring venue] would prevent Plaintiffs from obtaining a 'second bite' at class notice and certification if it is denied by the Western District of North Carolina. Clearly, the *Ward* Court felt that, if it transferred *Ward* to North Carolina, the case would then be consolidated with the other similar pending cases and the plaintiffs would not be able to pursue a second bite at class notice and certification. In transferring the *Ward* case, the Court further held that, Section 1404(a) was designed to prevent situations 'in which two cases involving precisely the same issues are **simultaneously pending** in different district courts and to allow simultaneous cases in two different courts to remain would unnecessarily lead to the wastefulness of time, energy and money and that transferring the *Ward* case would promote uniformity of results, avoid duplicative court proceedings and would be in the best interest of efficiency and justice. Little

did the Court know at the time it transferred the case that the defendant had no interest in promoting uniformity of results, avoiding duplicative court proceedings or the interest of efficiency and justice.

After the Court transferred the *Ward* case to North Carolina and plaintiff's counsel moved to consolidate the *Ward* case with the other pending case. The plaintiff based her motion for consolidation upon the same arguments now argued by the defendant in its transfer motion (judicial economy, convenience of the witnesses etc.). This same counsel, who now asks this Court to transfer this case based upon judicial economy and convenience arguments opposed plaintiff's motion for consolidation. If this Court transfers this single plaintiff case to North Carolina the defendant will surely once again oppose any effort to consolidate the pending cases. The purpose of a §1404(a) is to promote uniformity of results, avoid duplicative court proceedings and promote efficiency and justice. Transferring this case to North Carolina will not accomplish these objectives.

        **c.**      **The Size Of The Court's Docket Is Meaningless**

The statistics relied upon by the defendant appear not to be accurate. Defendant's Exhibit 14 states that there are only three (3) judgeships in Middle District of Alabama. However, the Court's website states there are ten (10) District Court Judges and Magistrate Judges in the Middle District Of Alabama. (Attachment "A"). Defendant's Exhibit 14 states there were 1,295 pending cases in this Court as of September 2007. Dividing the number of cases by the actual number of judges (10) would mean that average caseload per judgeship is **130**, not 432.

Likewise, the website for Western District of North Carolina shows that there are nine (9) district court judges and magistrate judges. (Attachment "B"). There were 1,376 cases pending cases as of September 30, 2007 in the Western District of North Carolina in 2007 as opposed to the 1,295 that were pending in the Middle District of Alabama. Dividing the number of cases pending in the

Western District of North Carolina by the number of judges and magistrate judges (9) would mean that the average case load per judgeship would be **153**, not 332. Therefore, the average caseload per judgeship is smaller in the Middle District of Alabama as compared to the Western District of North Carolina. Plaintiff's counsel would also add that, having practiced in the Middle District of Alabama for many years, counsel has always found that, regardless of the number of cases on this Court's docket, the Court has always managed its docket in an extremely efficient manner.

    **D.    The Burden Is On The Movant To Establish That A Transfer Is Warranted**

The purpose of a §1404(a) motion is "to prevent the waste of time, energy, and money, and to protect the litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1965) Transferring the above styled case will not achieve the goals of §1404(a).

A court should consider: (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) where the challenged conduct occurred; (5) the possibility of delay and prejudice if transfer is granted; and (6) the interests of justice in general, when ruling on a §1404(a) motion. *Clement v. Pehar,* 575 F.Supp. 436, 444 (N.D. Ga. 1983); *Koehring Co. v. Hyde Construction Co.*, 324 F.2d 295 (5th Cir. 1963). The burden is on the movant, to establish that the suggested forum is more convenient. *In Re Ricoh Corp.,* 870 F.2d 570, 573 (11th Cir. 1989). The relative means of the parties may also be a consideration. *Hernandez v. Graebel Van Lines*, 761 F.Supp. 983, 987 (E.D.N.Y. 1991).

The standard for transfer of venue under 28 U.S.C. §1404 (a) is a high one. A variety of courts, including the Eleventh Circuit, have held:

> Defendants moving for transfer have a **heightened** burden as they must prove with particularity the inconvenience caused by the plaintiff's choice of forum. Transfer can only be granted where the balance of convenience of the parties *strongly favors* the defendant.

(emphasis added); *Mason v. Smithlink Beecham Clinical Lab.*, 146 F.Supp.2d 1355, 1359, 1363 (S.D. Fla. 2001); *see also Gulf Oil Corporation v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843 (1947)("Unless the balance is strongly in favor of defendant, the plaintiff's choice of forum should rarely be disturbed."); *Millenco L.P. v. MEVC Advisors, Inc.*, 2002 WL 32061291 *1 (D. Del. 2002)("The burden is upon the movant to establish that the balance of the interests strongly weighs in favor of transfer, and a transfer will be denied if the factors are evenly balanced or weigh only slightly in favor of the transfer."); *Continental Cas. Co. v. American Home Assurance Co.,* 61 F.Supp.2d 128, 131 (D. Del.1999).

In the instant case the defendant has failed to meet its burden. The defendant, not this single plaintiff, has the means to defend this case in Alabama much more so than does the plaintiff have in prosecuting the case in North Carolina. The convenience of the witnesses, not the party's employee-witnesses, will be better served by allowing the case to remain in Alabama. A party's *employee-witnesses* should ***not*** be considered when ruling on the defendant's §1404(a) motion as Court's have previously held that a party's employee-witnesses are entitled to no deference.

Defendant's argument concerning the convenience of company officials who can be brought to trial in this district without need for subpoena has been rejected as a ground for transfer:

> The convenience of **non-party** witnesses is an important factor in determining whether a transfer should be granted. 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure,* §3851. However, when considering this factor, it is not so much the convenience of the witnesses but the possibility of having their testimony at the trial that is important. *Id.* Thus, transfer may be denied when the witnesses, although in another district, are

7

employees of a party and their presence can be obtained by that party. ***It may also be denied where the movant does not show that the witnesses would be unwilling to testify and that compulsory process would be necessary.*[6]**

(emphasis added)

*Mason*, 146 F.Supp.2d at 1361-1362, 1363 (emphasis added)(citing *J.I. Kislak Mortgage Corp. v. Connecticut Bank & Trust Co.,* 604 F.Supp. 346, 348 (S.D. Fla.1985)); *see also Gundle Lining Constr. Corp. v. Fireman's Fund Ins. Co.*, 844 F. Supp. 1163, 1166 (S.D. Tex. 1994)("It is the convenience of non-party witnesses, rather than that of employee witnesses, however, that is the more important factor and is accorded greater weight.")(citations omitted); *Ful Inc. v. Unified School Distr. No. 204*, 839 F.Supp. 1307, 1311-12 (N.D. Ill. 1993)("it is generally assumed that witnesses within the control of the party calling them, such as employees, will appear voluntarily")(citation omitted).

      **e.**    **Cost Of Attendance Is Immaterial**

The defendant argues that the case should be transferred because it allegedly faces the possibility of paying for the travel and expenses of countless other material witnesses who are store level employees who worked, or are working, under the supervision of managerial employees from potentially 6,400 stores in 44 different states and the District of Columbia. The defendant goes on to argue that "Family Dollar is likely to call District Managers from across the country to testify

---

[6] At pages 15-16 the defendant identifies three individuals who allegedly have "information pertinent to Plaintiff's claim". The defendant d argues that "each of these individuals *may* have information related to communications with store-level employees regarding compensation issues and the processing of store level complaints." Plaintiff never made any complaints about her compensation to any of these three individuals. What is more important however is that the defendant has not offered any evidence that any of these three individuals would be unwilling to come to Alabama if needed to testify.

regarding the *expectations* of Store Managers." [7](*See* page 15 of defendant brief). Right now the defendant does not have these concerns because there is only one plaintiff and she lives in Alabama, the store employees live in Alabama and the District Manager(s) the plaintiff worked under live in Alabama. However, if the Court transfers the case to North Carolina the defendant will incur these costs for at least all of the Alabama witnesses.

Whereas the defendant may decide to spend the money to bring store employees and District Managers from all over the country to testify, although more likely than not this argument is nothing more than puffing by the defendant, the simple fact is that the defendant will have these same expenses regardless of where the case is tried.[8] In order to alleviate the defendant's alleged concerns the plaintiff will agree that she will depose any corporate employee who lives in Charlotte, North Carolina or works in the home headquarters in Charlotte, North Carolina.

### III.   The Court Should Withhold Ruling On The Defendant's §1404(a) Motion Until The Multidistrict Judicial Panel Rules The Pending § 1407 Motion

As the defendant correctly points out to the Court the MDL Panel has before it a §1407 motion filed by plaintiffs in related actions. The MDL Panel has been informed of this "tag-along" case. The §1407 motion is set to be heard on March 27, 2008. The MDL Panel will normally rule immediately upon the conclusion of the hearing.

---

[7]What a District Manager's "*expected*" out of a Store Manager would be totally irrelevant. The issue to be decided is not what the defendant "*expected*" out of a Store Manager but rather exactly what the manager's primary duty was on a daily basis.

[8]The defendant's argument regarding the "considerable burden" its corporate employees will have to bear if they are required to travel to Montgomery, Alabama is comical considering the fact that in the other cases, where limited discovery has been conducted, the defendant has insisted that the depositions of corporate officials take place in Charlotte.

Other Court's wherein the defendant has filed the identical motion to transfer have stayed all matters until the MDL Panel rules on the pending §1407 motion. Both the Courts in *Moody v. Family Dollar* filed in Florida and *Toms v. Family Dollar* filed in Tennessee granted motions to stay filed by the plaintiffs. Plaintiff continues to believe that this Court should withhold any ruling on the defendant's § 1404(a) motion until after the MDL panel rules on the pending §1407 motion.

If the MDL Panel transfers all of the pending cases, including this one, the District Court to which the cases are transferred will handle *all* pre-trial proceeding including any and all motions for summary judgment and decertification if notice has been authorized by said court. Although, the district court may then transfer the cases back to the district courts from which they were transferred, transfer is not mandated. In fact, other courts have retained cases received from the MDL Panel all the way through final resolution. Therefore, transferring this case now serves no useful purpose except to possibly cause this single plaintiff to litigate her case in North Carolina as opposed to her home state.

**IV.    Conclusion**

Wherefore, plaintiff Magwood prays for an Order denying the defendant's §1404(a) motion.

Respectfully submitted on this the __19th__ day of March, 2008.

    /s/Bobbie S. Crook
**BOBBIE S. CROOK (CRO-040)**
**Attorney for Plaintiff**
367 South Saint Andrews Street
Dothan, AL 36301
334-671-8062 - telephone
334-677-2872 - facsimile
bcrook100@aol.com

**CERTIFICATE OF SERVICE**

      I hereby certify that I electronically filed the foregoing Opposition on the 19th day of March 2008, with the Clerk of the Court by using the CM/ECF system which will send electronic copies to: Terry Price, Ford & Harrison, 2100 Third Avenue North, Suite 400, Birmingham, AL 35203, tprice@fordharrison.com and Jeremy W. Stewart, jwstewart@littler.com, and John Ybarra, jybarra@littler.com, Littler Mendlelson, 200 North LaSalle Street, Suite 2900, Chicago, IL 60601.

                                                                    /s/Bobbie S. Crook
                                                              **Of Counsel**





**United States District Court for the Middle District of Alabama**

*Sear*

Home    Courthouse Directory    Community Outreach    FAQs    Forms, Fees & Publicatic
Links    Representing Yourself    Kids Corner    Rules & Procedures    Court Schedule    C

# Article III Judges

Supreme Court justices, court of appeals judges, and district court judges are nominated by the President and confirmed by the United States Senate, as stated in the Constitution. The names of potential nominees often are recommended by senators or sometimes members of the House who are of the President's political party. The Senate Judiciary Committee typically conducts confirmation hearings for each nominee. Article III of the Constitution states that these judicial officers are appointed for a life term. The federal Judiciary, the Judicial Conference of the United States, and the Administrative Office of the U.S. Courts play no role in the nomination and confirmation process.

The Article III Judges for the United States District Court Middle District of Alabama are as follows:

## District Judges

- Chief Judge Mark E. Fuller
- Judge Myron H. Thompson
- Judge W. Keith Watkins
- Senior Judge Truman M. Hobbs
- Senior Judge W. Harold Albritton
- Senior Judge Ira DeMent

## Judges Attendance at Privately Funded Seminars



---

*Contact information:*

**Honorable Mark E. Fuller**
*Chief Judge*

    United States District Court
    A-300 Frank M. Johnson, Jr. Federal Courthouse Annex
    One Church Street
    Montgomery, AL 36104

    *Administrative Assistant:*
    Marilyn Dewberry - 334-954-3640



**United States District Court
for the Middle District of Alabama**

Sear

Home    Courthouse Directory    Community Outreach    FAQs    Forms, Fees & Publicatio
Links    Representing Yourself    Kids Corner    Rules & Procedures    Court Schedule    C

# Magistrate Judges

A U.S. magistrate judge is a judicial officer of the district court and upon the recommendation of a merit selection committee is appointed by majority vote of the active district judges of the court to exercise jurisdiction over matters assigned by statute as well as those delegated by the district judges. The number of magistrate judge positions is determined by the Judicial Conference of the United States, based on recommendations of the respective district courts, the judicial councils of the circuits, and the Director of the Administrative Office of the U.S. Courts. A full-time magistrate judge serves a term of eight years. Duties assigned to magistrate judges by district court judges may vary considerably from court to court.

The Magistrate Judges for the United States District Court Middle District of Alabama are as follows:

## Magistrate Judges

- Chief Judge Charles S. Coody
- Judge Susan Russ Walker
- Judge Wallace Capel, Jr.
- Judge Terry F. Moorer


**Judges Attendance at Privately Funded Seminars**



*Contact information:*

**Honorable Charles S. Coody**
*Chief Magistrate Judge*

    United States District Court
    Post Office Box 158
    Montgomery, AL 36101-0158
    334-954-3700

    *Courtroom Deputy Clerk:*
    Wanda Stinson - 334-954-3971

**Honorable Susan Russ Walker**

# B



Home | ECF | Court Info | Calendars | News | Judges | Jurors | Attorneys

Judges | Court Reporters | Seminar Disclosure | Case Assignments | Orders

## Chambers Information

| | |
|---|---|
| Robert J. Conrad, Jr.<br>U.S. Chief District Judge<br>704-350-7460 | 235 Charles R. Jonas Federal Bldg<br>401 West Trade Street<br>Charlotte, NC 28202 |
| George Hodges<br>U.S. Bankruptcy Judge<br>704-350-7575 | 111 Charles R. Jonas Federal Bldg.<br>401 W. Trade St.<br>Charlotte, NC 28202 |
| Carl Horn III<br>U.S. Magistrate Judge<br>704-350-7470 | 238 Charles R. Jonas Federal Bldg.<br>401 West Trade Street<br>Charlotte, NC 28202 |
| Dennis L. Howell<br>U.S. Magistrate Judge<br>828-771-7240 | 325 U.S. Courthouse<br>100 Otis Street<br>Asheville, NC 28801 |
| David C. Keesler<br>U.S. Magistrate Judge<br>704-350-7430 | 168 Charles R. Jonas Federal Bldg<br>401 West Trade Street<br>Charlotte, NC 28202 |
| Graham C. Mullen<br>U.S. Senior District Judge<br>704-350-7450 | 230 Charles R. Jonas Federal Bldg.<br>401 West Trade Street<br>Charlotte, NC 28202 |
| Martin Reidinger<br>U.S. District Judge<br>828-771-7260 | 110 U.S. Courthouse Building<br>100 Otis Street<br>Asheville, NC 28801 |
| Lacy H. Thornburg<br>U.S. District Judge<br>828-771-7250 | 200 U.S. Courthouse<br>100 Otis Street<br>Asheville, NC 28801 |

| | |
|---|---|
| **Richard L. Voorhees**<br>U.S. District Judge<br>704-350-7440 | 250 Charles R. Jonas Federal Bldg.<br>401 West Trade Street<br>Charlotte, NC 28202 |
| **Craig Whitley**<br>U.S. Chief Bankruptcy Judge<br>704-350-7575 | 111 Charles R. Jonas Bldg.<br>401 W. Trade Street<br>Charlotte, NC 28202 |
| **Frank D. Whitney**<br>U.S. District Judge<br>704-350-7480 | 195 Charles R. Jonas Building<br>401 W. Trade Street<br>Charlotte, NC 28202 |

Home | Contact Us | ECF Login | Employment | Mediators | Fees | Online Forms